United States District Court
District of Connecticut
FILED AT HARTFORD
10|14|03
Kevin F. Rowe, Clerk
By BPD
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JULIE DILLON RIPLEY MILLER,

        Plaintiff and Counterclaim
        Defendant,

- against -

MERRILL LYNCH CREDIT CORPORATION,

        Defendant and Counterclaimant.

NO. 3:03-CV-1016 (RNC)(DFM)

October 14, 2003

## DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE RESPONSES TO ITS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rule 37 of the Local Civil Rules of District of Connecticut, Defendant and Counterclaimant Merrill Lynch Credit Corporation ("MLCC") submits this motion to compel Plaintiff and Counterclaim Defendant Julie Dillon Ripley Miller to provide responses to MLCC's First Requests for Production of Documents and First Set of Interrogatories.

On July 23, 2003, MLCC served its First Requests for Production of Documents. On August 12, 2003, MLCC served its First Set of Interrogatories. Plaintiff served her Responses and Objections to the First Request for Production of Documents on August 25, 2003, and her Responses and Objections to the First Set of Interrogatories on September 12, 2003.

Plaintiff's responses are deficient in many respects. In particular, Plaintiff objects to and improperly refuses to produce various categories of discoverable documents. Plaintiff likewise failed to provide complete responses to certain of the interrogatories.

**ORAL ARGUMENT REQUESTED**

On September 19, 2003, Thomas P. Friedman, on behalf of MLCC, participated in an extended teleconference with Plaintiff's counsel, Patrick W. Begos, detailing the inadequacies in Plaintiff's discovery responses, and discussing mutually acceptable resolutions to the outstanding discovery issues. Plaintiff did not supplement her answers to interrogatories, produce additional documents following this teleconference or follow-up with regard to any of the proposed resolutions.

On October 6, 2003, Attorney Friedman sent a follow-up letter to Attorney Begos, requesting that Plaintiff supplement her discovery responses and/or follow through with the proposed resolutions discussed during the teleconference of September 19. MLCC has not received a response to this letter, written or otherwise. Accordingly, to date, and despite diligent effort, the parties have not achieved a satisfactory resolution. Consequently, MLCC now submits the instant motion to compel. The Affidavit of Thomas P. Friedman, attesting to the parties' efforts to narrow the areas in dispute, is attached as Exhibit A to the accompanying memorandum of law.

Dated: October 14, 2003
Stamford, Connecticut                    PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____

Douglas C. Conroy, ct11555
Thomas P. Friedman, ct24947
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: douglasconroy@paulhastings.com
        thomasfriedman@paulhastings.com

Counsel for Defendant and Counterclaimant
MERRILL LYNCH CREDIT CORPORATION

2

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of October, 2003, a copy of the foregoing DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE RESPONSES TO ITS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES was delivered via U.S. first class mail to:

Patrick W. Begos, Esq.
BEGOS & HORGAN, LLP
327 Riverside Avenue
Westport, CT 06880

Thomas P. Friedman

STM/260844.1
11413.00021

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER, | NO. 3:03-CV-1016 (RNC)(DFM) |
| Plaintiff and Counterclaim Defendant, | |
| - against - | |
| MERRILL LYNCH CREDIT CORPORATION, | October 14, 2003 |
| Defendant and Counterclaimant. | |

**AFFIDAVIT OF THOMAS P. FRIEDMAN
IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

In accordance with Rule 37 of the Local Civil Rules of the District of

Connecticut, Thomas P. Friedman hereby certifies as follows:

1.      I am an associate with the law firm of Paul, Hastings, Janofsky & Walker, LLP,

counsel of record for Defendant and Counterclaimant Merrill Lynch Credit Corporation

("MLCC") in the above-captioned action.

2.      I have worked on discovery matters for Defendant and am personally familiar

with the efforts made to obtain information and documents from Plaintiff responsive to

Defendant's First Set of Interrogatories and First Requests for Production of Documents.

3.      On July 23, 2003, MLCC served its First Requests for Production of Documents.

(Attached hereto as Tab 1.)  On August 12, 2003, MLCC served its First Set of Interrogatories.

(Attached hereto as Tab 2.)  Plaintiff served her Responses to the First Request for Production of

Documents on August 25, 2003, and her Responses to the First Set of Interrogatories on

September 12, 2003.  (Attached hereto as Tabs 3 and 4 respectively.)

4.     Plaintiff's responses are deficient in many respects.  In particular, Plaintiff objects to and improperly refuses to produce various categories of discoverable documents.  Plaintiff likewise failed to provide complete responses to certain of the interrogatories.

5.     On September 19, 2003, I participated in an extended teleconference with Plaintiff's counsel, Patrick W. Begos, to detail the inadequacies in Plaintiff's discovery responses, and discuss mutually acceptable resolutions to the outstanding discovery issues. With respect to a number of document requests, Plaintiff's counsel communicated that Plaintiff "likely" had produced all non-privileged responsive documents, but that counsel would verify same *and* amend Plaintiff's Objections and Responses or provide a written representation that all non-privileged responsive documents had been produced.

6.     During the September 19, 2003 teleconference, counsel agreed on a number of basic premises regarding the proper scope of discovery in this matter.  Specifically, counsel agreed that (i) Plaintiff had placed her finances at issue by making allegations in this litigation that MLCC's alleged wrongdoing has impacted her finances and credit; (ii) Plaintiff had placed her mental state at issue by making allegations in this litigation that MLCC's alleged wrongdoing caused her emotional distress; and (iii) discovery regarding Plaintiff's mitigation efforts and causation were generally proper given the allegations in the lawsuit and her discovery responses to date.

9.     Plaintiff did not supplement her answers to interrogatories, produce additional documents following this teleconference or follow-up with regard to any of the proposed resolutions.  Thus, on October 6, 2003, I wrote to Attorney Begos, requesting that Plaintiff supplement her discovery responses and/or follow through with the proposed resolutions discussed during the teleconference of September 19 in accordance with the agreed-upon

premises. (The letter is attached hereto as Tab 5.) As a last resort, on October 10, I sent an electronic message to Attorney Begos seeking a response as to whether Plaintiff was going to supplement her document production.

10.     Plaintiff did not supplement her answers to interrogatories or produce additional documents in response to the teleconference of September 19, the correspondence of October 6 or October 10. Since the September 19 teleconference, MLCC has not received any communication from Plaintiff's counsel regarding the outstanding discovery issues, written or otherwise.

11.     Despite MLCC's good faith efforts, it has been unsuccessful in resolving the issues addressed in the instant motion.

12.     Plaintiff has elected to bring a Motion for Prejudgment Remedy in an attempt to attach MLCC's assets. In her Affidavit of Applicant, Plaintiff claims that "MLCC's actions have caused me such sever anxiety that I have not slept in a long time. Every minute of every day I worry that my creditors will take everything I own and that my family and I will be put out on the street." (Attached hereto as Tab 6.)

3

13.    A True and Correct copy of Plaintiff's Responses to MLCC's First Set of Interrogatories is attached hereto as Tab 7.

DATED: October 14, 2003.

_Thomas P. Friedman_
Thomas P. Friedman

Subscribed and sworn to before
me this _14th_ day of October, 2003

_Debra A. Johnstone_
Notary Public

My Commission Expires:            **DEBRA A. JOHNSTONE**
                                  **NOTARY PUBLIC**
                          **Commission Expires April 30, 20_05_**

4



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JULIE DILLON RIPLEY MILLER,

              Plaintiff,

    - against -

MERRILL LYNCH CREDIT CORPORATION,

              Defendant.

CIVIL NO. 3:03-CV-1016 (RNC)

July 23, 2003

## DEFENDANT'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Merrill Lynch Credit Corporation ("MLCC"), hereby requests that Plaintiff Julie Dillon Ripley Miller ("Miller") produce for inspection and copying within thirty days of service of these requests, copies of the documents requested herein at the offices of the undersigned counsel.

        In answering these document requests, please furnish all documents available to you, including documents in your possession, custody, or control or in the possession, custody, or control of any person acting on your behalf.

## DEFINITIONS AND RULES OF CONSTRUCTION

        Pursuant to Rule 26(a) of the Local Civil Rules of the District of Connecticut, the following definitions and rules of construction apply to these requests:

1.    Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3.    Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, agents, partners, corporate parent, subsidiaries or affiliates.

4.    Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5.    All/Each. The terms "all" and "each" shall be construed as all and each.

6.    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    Number. The use of the singular form of any word includes the plural and vice versa.

In addition to the foregoing definitions and rules of construction found in Local Civil Rule 26(a), the following specific definitions and rules of construction also apply to these requests:

8.    The terms "you" and "your" shall mean Miller, any individual or entity acting on behalf of Miller, and any representatives, agents or assigns of Miller.

-2-

9.    If you object to any request for production or any part thereof on the basis of any privilege, identify the privilege claimed, each statement or communication for which such privilege is claimed and the basis on which the privilege is claimed, together with the following information with respect to each such statement or communication: (a) the date; (b) the names of persons present; (c) subject matter; (d) location and/or custodian; (e) the circumstances of its origin; (f) the circumstances of the document's disposition, including the identity of all persons whom you believe have or may have seen it or become acquainted with its contents; and (g) the basis on which the privilege is claimed.

10.    When used herein the "1997 Loan" shall mean the mortgage loan provided by MLCC to Miller in November of 1997.

11.    When used herein the "1999 Loan" shall mean the loan described in Paragraph 3 of the Amended Complaint.

12.    When used herein the "Land" shall mean the following:

All those certain tracts or parcels of land together with the buildings and improvements thereon, situated in the Town of Norwalk, County of Fairfield and State of Connecticut known and designated as lots 520, 521, 522 and 523 on a certain map entitled, "Wilson's Point Situated At Norwalk Fairfield County Connecticut Harris-Vought & Co. Inc. Agents 6 East 46th St. New York City, Map of Section 5 May 1922 Scale 1"-60' the Samuel W. Hoyt, Jr. Co. Inc. Civil Engineers," which map is on file in the office of the Town Clerk of said Norwalk as Map No. 496;

Together with the right to use "The Common" so-called at Wilson's Point in accordance with the terms and subject to the conditions and provisions of that certain trust deed from The Wilson Point Company, Incorporated, to Duncan G. Harris, Franklin D. Vought and Reed G. Haviland, Trustees, dated June 29, 1920 and recorded in volume 163 at page 491 of the Norwalk Land Records, as such terms and conditions and provisions may have been amended or extended by a deed from said Trustees to Wilson Point Beach, Incorporated, dated September 25, 1933 and recorded in volume 248 at page 292 of said Owner's Association, Incorporated, the said Trustees, and the Wilson Point Company, Incorporated, and recorded in volume 342 at page 7 of the Norwalk Land Records.

-3-

13.    When used herein the "Residence" shall mean any building or structure, and any improvements therein or thereon, located on the Premises.

14.    When used herein the "Premises" shall mean the Land and the Residence.

15.    When used herein the "Pledge Agreement" shall mean the document referred to in Paragraph 13 of the Amended Complaint.

16.    When used herein the term "interest" refers to present and/or future rights, whether actual or alleged.

17.    Unless otherwise specified, the time period covered by these document requests is from January 1, 1997 and extends through and including the date of Plaintiff's response.

18.    Where Plaintiff opts to authorize Paul, Hastings, Janofsky & Walker LLP to obtain medical or tax records, in lieu of providing same, execute a duly authorized original of such authorization for *each* entity from which records are to be released.

19.    The requests should be deemed continuing so as to require further and supplemental response, up to the time of trial, if Plaintiff obtains or receives additional responsive documents after the date of original response.

20.    Except when express reference is made to another paragraph, each paragraph herein shall be construed independently and not by reference to any other paragraph herein for purposes of limitation.

## DOCUMENTS REQUESTED

1.      Please produce all correspondence, or any records, reports or notes of any conversations or meetings, with any representative of MLCC and/or Merrill, Lynch, Pierce, Fenner & Smith ("MLPFS").

2.      Please produce all correspondence, or any records, reports or notes of any conversations or meetings, with any representative of Cendant Mortgage ("Cendant").

3.      Please produce all documents concerning or relating to your communications with Jay Falini, including but not limited to all correspondence with, or notes of any conversations or meetings between you and Jay Falini.

4.      Please produce all documents concerning or containing your communications with any individual or entity whom you have used and/or employed as a financial advisor, tax planner, financial consultant or any similar profession, including all notes, drafts, and analyses created by, and communications with, Omni Solo, Inc. and/or its agents and employees.

5.      Please produce all documents concerning or reflecting communications with your siblings or other family members, other than your husband or children, regarding your financial situation since January, 2000 and/or access to funds or accounts, whether held in trust or otherwise.

6.      Please produce all documents concerning any disputes or proceedings relating to trust fund or similar assets in which you claim or claimed a right or interest.

7.      Please produce all of your bank statements, brokerage account statements (whether received from MLPFS or any other brokerage firm), trust fund statements, and all such similar documents, for any account, trust or fund, in which you have any financial interest, whether present, future, contingent, sole, joint or otherwise.

8.      Please produce all documents concerning or reflecting any source of your income or distributions to you of money or property of any kind.

9.      Please produce all financial statements prepared by you or on your behalf.

10.    Please produce all documents reflecting or describing all of your personal assets and/or belongings, including but not limited to any real estate in which you have an interest, whether in Connecticut or elsewhere.

11.    Please produce all documents concerning the disposition of your father's estate, including but not limited to documents concerning your entitlement to assets, income or any form of property interest or inheritance.

12.    Please produce all documents concerning the disposition of your mother's estate, including but not limited to documents concerning your entitlement to assets, income or any form of property interest or inheritance.

13.    Please produce all documents concerning the disposition of any estate in which you have claimed or currently claim any interest.

14.    Please produce all requests for financial aid or scholarships based on financial need, to any colleges, universities or any other entity made by you and/or your offspring.

15.    Please produce all documents concerning any sale or purchase by you of any stock, commodity, bond, investment and/or any interest in any asset, tangible or intangible, whether consummated, contemplated or suggested by any individual or entity.

16.    Please produce all documents reflecting any pledging or transfer of assets to any entities other than MLCC or MLPFS, including but not limited to any documents reflecting any dispute regarding any such pledging or transfer.

17.    Please produce all documents, including but not limited to diaries, notes, memoranda, journal entries, or other writings, whether maintained on a computer or otherwise, made by you concerning any sale or purchase by you of any stock, commodity, bond, investment, and/or any interest in any asset, tangible or intangible, whether consummated, contemplated or suggested by any individual or entity.

18.    Please produce all documents, including but not limited to diaries, notes, memoranda, journal entries, or other writings, whether maintained on a computer or otherwise, made by you concerning your personal finances and/or financial difficulties.

19.    Please produce all documents concerning the 1997 Loan, including but not limited to any applications, mortgages, notes, pledge agreements, closing documents, modification agreements and/or any communication or correspondence between you and MLCC, MLPFS, Cendant and/or any other entity or individual relating thereto.

20.    Please produce all documents concerning the 1997 Loan, including but not limited to any applications, mortgages, notes, pledge agreements, closing documents, modification agreements and/or any communication or correspondence between you and MLCC, MLPFS, Cendant and/or any other entity or individual relating thereto.

21.    Please produce all documents concerning any loan by any entity related to or secured by the Land, the Residence and/or the Premises provided to you by an entity other than MLCC.

22.    Please produce all documents concerning any loan, credit or cash advance (whether secured or unsecured) from any entity for which you owe any balance.

23.    Please produce all documents concerning any improvements or renovation to the Land, the Residence and/or the Premises, including but not limited to any communications between you and MLCC, MLPFS and/or any other entity or individual relating thereto.

24.    Please produce all documents reflecting payments made by you for any renovation, improvement or upgrade to the Land, the Residence and/or Premises, to any building contractor, subcontractor, designer, architect, decorator or other entity involved in any renovation, improvement or upgrade to the Land, Residence and/or Premises, including but not limited to the following:

ABS Environment Asbestos Removal, AF Contracting-roofing material, American Toilet Rentals, American Wood Column Corp., Arcamone Land Surveyors, Automated Salvage, AVA Painting, B&S Carting Co., CL&P, Canaan Distributors Corp., Casey's Sheetmetal Service, Castro Convertible, Centre Mills Antique Floors & Beams, Chestnut Specialists, City of Norwalk, Colonial Carting, Connecticut Stone Supplies, Cotta Tree Experts, Condon-Brown Builders, Inc., Creative Waterscapes, Dale O'Duncan, Inc., Darien Electrical Contracting, Darien Rental Service, Devine Bros. Inc., The DiSalvo Ericson Group, Dovetail Millworks, E&A Foundations, Eastern Precase Company, Ely's Tree Service, EPPCO drainage pipe, FAF Contracting, Fairfield Insulation, Feda Drywall, Federal Express, Foundation Sealers, Grasso Construction, Greg Right-Tree Removal, Hamilton Woodworking, Hammersmith, Harvey Industries, Hatch & Bailey Company, Hilti, Hocon Gas, Home Depot, Homer C. Godfrey Co., Installations in Wood, International Tile, K. Brown, Kingsland Company, Klaff's Inc., Knobel Bros., L&L Evergreen, M. Rondano Inc., Magna Steel Sales Inc., Mark Baldyga Marble & Tile, Martany Tile Corp, Mercede, N. Scott Orlando, Inc., New England Elevator, New England Stair Company, New England Window & Doors, North East Elevator, O&G

Industries, Outwater Hardware Corp, Pool House, Premiere Flooring Inc, Protective Products, Quality Building, R. Riith Plumbing & Heating, R. Slossar, R.P.O. Construction Co., Ray Coutermash Excavating, Renaissance Studio, Inc., REO Appliance, Reprographics Plus, Ring's End Inc., Rings End Lumber, Robert Riith Plumbing & Heating, Rod Klucik, Rondano, Rowayton Fuel, Stamford Iron & Steel, Steve Appliance Repair, Sutherland Excavating Contractors, T&R Stone Company, Terzian Trucking Co., Inc., Town & Country Door & Operator Co., Town & Country Garage Doors, Turner & Harrison, United Rentals, V&S Contracting, Vermont Soapstone Co., Vincent Gentile & Son, Waterworks, Woods Lightning Protection Co., Yellow Freight.

     25.    Please produce all documents reflecting payments made by you for any renovation, improvement or upgrade to the Land, the Residence and/or Premises, to any building contractor, subcontractor, designer, architect, decorator or other entity involved in any renovation, improvement or upgrade to the furnishings and/or interior of the Residence, including but not limited to furniture purchases, wall and window treatments, carpeting, major appliance purchases and/or any remodeling projects.

     26.    Please produce all documents reflecting any communications between you and any contractor, subcontractor or other entity involved in any renovation, improvement or upgrade to the Land, Residence and/or Premises, including but not limited to the entities listed in Request No. 24.

     27.    Please produce all documents reflecting any authorizations by you for payment (directly or indirectly) to any contractor, subcontractor or other entity involved in the renovation, improvement or upgrade to the Land, Residence and/or Premises.

     28.    Please produce all documents reflecting any communications by you exhibiting a lack of approval or withholding of authority for payment to, or for work to be performed by, any contractor, subcontractor or other entity involved in the renovation, improvement or upgrade to the Land, Residence and/or Premises.

     29.    Please produce all documents reflecting any communications between you and MLCC, MLPFS or any representative thereof concerning work to be performed by any contractor, subcontractor or other entity involved in the renovation, improvement or upgrade to the Land, Residence and/or Premises.

     30.    Please produce all documents concerning the costs of any renovation, improvement or upgrade to the Land, Residence and/or Premises, including but not limited to those reflecting your knowledge, or lack thereof, regarding such costs.

31.    Please produce all documents concerning or reflecting any conversations, dealings, or meetings with, any real estate broker or others for listing of the Land, the Residence and/or the Premises, including but not limited to all documents provided to you by any such broker or entity concerning an appropriate listing price.

32.    Please produce all documents concerning or reflecting plans or blueprints for any improvements, renovations or upgrades for the Land, the Residence and/or the Premises.

33.    Please produce all documents concerning or reflecting any appraisals of the Land, the Residence and/or the Property.

34.    Please produce all documents concerning how and when you learned of the existence of the Pledge Agreement.

35.    Please produce all documents concerning all notes or conversations regarding the 1999 Loan, including but not limited to whether all or any of the documents involved with the 1999 Loan were valid, invalid, or executed with or without your authority.

36.    Please produce all correspondence, or notes of any conversations or meetings, with Barry Newman or any representative or employee of Schwartz & Hofflich LLP.

37.    Please produce all documents concerning the actions or responses, if any, you took after learning that the Pledge Agreement referred to in Paragraph 13 of the Amended Complaint had been executed by Barry Newman.

38.    Please produce all pleadings, discovery requests and responses thereto, deposition transcripts, and all other litigation materials served or filed by any party in the matter of *Julie Dillon Ripley Miller v. Barry R. Newman and Schwartz & Hofflich LLP*, CV 03:0194261 (Stamford Superior Ct.).

39.    Please produce all pleadings, discovery requests and responses thereto, deposition transcripts, and all other litigation materials served or filed by any party, in any suit filed by or against you *at any time*.

40.    Please produce all documents concerning or relating to any dispute or disagreement between you and any advisor, accountant, attorney or other professional of any kind.

41.    Please produce all correspondence between you and any accounting firm or representative thereof.

42.    Please produce all documents concerning or reflecting any communications regarding collateral calls on any MLPFS account, including but not limited to any written or oral notifications of any collateral calls.

43.    Please produce all documents concerning or reflecting any communications regarding collateral calls on any non-MLPFS account, including but not limited to any written or oral notifications of any collateral calls.

44.    Please produce all documents reflecting any attempt by any alleged creditor, whether written or oral, to collect a debt from you, whether liquidated or otherwise.

45.    Please produce all documents concerning any trips or vacations you have taken.

46.    Please produce all documents concerning your allegation in Paragraph 5 of the Amended Complaint that Jay Falini knew that the MLPFS account was your "primary source of income."

47.    Please produce all documents concerning your allegation in Paragraph 5 of the Amended Complaint that Jay Falini knew that liquidating the stocks in the MLPFS account "would expose [you] to substantial capital gains tax liability."

48.    Please produce all documents concerning your allegation in Paragraph 6 of the Amended Complaint that Jay Falini had "at all relevant times, actual, implied, or apparent authority to act as MLCC's agent."

49.    Please produce the document referred to in Paragraph 7 of the Amended Complaint.

50.    Please produce all documents concerning your allegations in Paragraph 28 of the Amended Complaint that "MLCC knew there was a substantial likelihood that liquidating the Account and withholding the liquidation proceeds from Plaintiff would leave her unable to pay her creditors, damage her credit and incur for her substantial capital gains tax liability which she would be unable to pay."

51.     Please produce all documents, including but not limited to diaries, notes, memoranda, journal entries, or other writings, whether maintained on a computer or otherwise, made by you *at any time* concerning emotional distress, depression, anxiety, nervous disorder or any similar malady suffered by you, whether due to the purported acts of MLCC or otherwise.

52.     Please produce all documents, including but not limited to diaries, notes, memoranda, journal entries, or other writings, whether maintained on a computer or otherwise, made by you concerning any subject matter in this lawsuit.

53.     Please produce all documents relating to any medical reports, psychiatric reports, psychologists' reports and hospital records, referring and/or relating to any medical condition, including illness or injury, whether physical, emotional or mental, which you claim resulted from MLCC's conduct.  (A Medical Records Release is attached hereto as Exhibit A.)

54.     Please produce all documents relating to any medical condition, including illness or injury, whether physical, emotional or mental from which you suffered or with which you were diagnosed, *at any time*, including any and all medical records, notes, reports, bills or other documents which in any way relate to such medical, counseling, psychiatric or psychological treatment, or, if not available, executed authorizations for MLCC to obtain the requested documents at its expense.  (A Medical Records Release is attached hereto as Exhibit A.)

55.     Please produce copies of your federal and state tax returns, including statements and schedules, for 1996 through the date of trial, or, if not available, executed authorizations for MLCC to obtain copies of such returns at its expense from the relevant tax authorities.  (Tax Records Releases are attached hereto as Exhibit B.)

56.     Please produce all documents which support your contention that any of the conduct alleged in your Amended Complaint is "substantially injurious to consumers."

57.     Please provide all documents concerning your non-payment of property taxes to the City of Norwalk, including but not limited to all requests for payment by the City of Norwalk.

58.     Please produce all documents concerning or reflecting any financial injury allegedly incurred by you as a result of any alleged wrongful act of MLCC.

59.     Please produce all documents concerning all efforts by you to mitigate any alleged damages incurred by you as a result of any alleged wrongful act of MLCC.

-11-

60.    Please produce all documents not otherwise requested herein upon which you intend to rely in establishing the truth of any claim, allegation or fact set forth in your Amended Complaint.

Dated: July 23, 2003                    PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____
Douglas C. Conroy, ct11555
Thomas P. Friedman ct24947
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone:  (203) 961-7400
Facsimile:   (203) 359-3031
Email:   douglasconroy@paulhastings.com
         thomasfriedman@paulhastings.com

Counsel for Defendant and Counterclaimant
MERRILL LYNCH CREDIT CORPORATION

**EXHIBIT A**

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS

RE:    **JULIE DILLON RIPLEY MILLER**
       **SOCIAL SECURITY NUMBER: 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**


This is to authorize and request any physician, psychiatrist, psychologist, counselor, hospital, medical attendant, pharmacist, administrative offices, or other medical care professional to furnish to the law firm of Paul, Hastings, Janofsky & Walker LLP, or any representative thereof, any and all information or opinions which it may request (including psychiatric and mental health records and drug and alcohol related records) regarding my physical and mental condition, injuries, or disease, past and present, including the nature of any physical or mental impairment, history, contributing factors, complications, and any period of disability, and subjective and objective symptoms, as well as all diagnoses, prognoses, and the treatment rendered therefor, together with any further related information which may be available to you, and to allow said party to see and copy any prescriptions, x-rays, tests and records of any type which you may have regarding said condition and treatment.


_____
JULIE DILLON RIPLEY MILLER

Approved and cosigned by:



_____
Commissioner of the Superior Court/Notary Public


Sworn to and subscribed before me on this            day of            , 2003.

**EXHIBIT B**

## <u>AUTHORIZATION FOR RELEASE OF TAX RECORDS</u>

TO:     _____

        _____

        _____


RE:    **JULIE DILLON RIPLEY MILLER**
       **SOCIAL SECURITY NUMBER: 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**


This is to authorize and request you to furnish the law firm of Paul, Hastings,

Janofsky & Walker, LLP, or any representative thereof, copies or transcripts of tax forms

in accordance with Form 4506 or Form LGL-002 which is attached hereto.


                        _____
                        JULIE DILLON RIPLEY MILLER


Approved and cosigned by:


_____
Commissioner of the Superior Court/Notary Public


            Sworn to and subscribed before me on this          day of          ,
2003.

Form **4506**
(Rev. May 1997)

Department of the Treasury
Internal Revenue Service

## Request for Copy or Transcript of Tax Form

► Read instructions before completing this form.

► Type or print clearly. Request may be rejected if the form is incomplete or illegible.

OMB No. 1545-0429

**Note:** *Do not use this form to get tax account information. Instead, see instructions below.*

| 1a Name shown on tax form. If a joint return, enter the name shown first. | 1b First social security number on tax form or employer identification number (see instructions) |
|---|---|
| 2a If a joint return, spouse's name shown on tax form | 2b Second social security number on tax form |

3 Current name, address (including apt., room, or suite no.), city, state, and ZIP code

4 Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

5 If copy of form or a tax return transcript is to be mailed to someone else, enter the third party's name and address

6 If we cannot find a record of your tax form and you want the payment refunded to the third party, check here . . . . . . ► ☐

7 If name in third party's records differs from line 1a above, enter that name here (see instructions) ►

8 Check only one box to show what you want. There is **no charge** for items 8a, b, and c:

 a ☐ Tax return transcript of Form 1040 series filed during the **current** calendar year and the **3 prior** calendar years (see instructions).

 b ☐ Verification of nonfiling.

 c ☐ Form(s) W-2 information (see instructions).

 d ☐ Copy of tax form and all attachments (including Form(s) W-2, schedules, or other forms). **The charge is $23 for each period requested.**
   *Note: If these copies must be certified for court or administrative proceedings, see instructions and check here* . . . . . ► ☐

9 If this request is to meet a requirement of one of the following, check all boxes that apply.
 ☐ Small Business Administration   ☐ Department of Education   ☐ Department of Veterans Affairs   ☐ Financial institution

| 10 **Tax form number** (Form 1040, 1040A, 941, etc.) | 12 Complete only if **line 8d** is checked. Amount due: | |
|---|---|---|
| | a Cost for each period . . . . . . . | $ 23.00 |
| 11 Tax period(s) (year or period ended date). If more than four, see instructions. | b Number of tax periods requested on line 11 | |
| | c Total cost. Multiply line 12a by line 12b . | $ |
| | *Full payment must accompany your request. Make check or money order payable to "Internal Revenue Service."* | |

**Caution:** *Before signing, make sure all items are complete and the form is dated.*

I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. I am aware that based upon this form, the IRS will release the tax information requested to any party shown on line 5. The IRS has no control over what that party does with the information.

**Please Sign Here**

| | Telephone number of requester ( ) |
|---|---|
| Signature. See instructions. If other than taxpayer, attach authorization document.   Date | Best time to call |
| Title (if line 1a above is a corporation, partnership, estate, or trust) | **TRY A TAX RETURN TRANSCRIPT** (see line 8a instructions) |
| Spouse's signature   Date | |

## Instructions

*Section references are to the Internal Revenue Code.*

**TIP:** If you had your tax form filled in by a paid preparer, check first to see if you can get a copy from the preparer. This may save you both time and money.

**Purpose of Form.**—Use Form 4506 to get a tax return transcript, verification that you did not file a Federal return, Form W-2 information, or a copy of a tax form. Allow 6 weeks after you file a tax form before you request a copy of it or a transcript. For W-2

information, wait 13 months after the end of the year in which the wages were earned. For example, wait until Feb. 1999 to request W-2 information for wages earned in 1997.

Do not use this form to request Forms 1099 or tax account information. See this page for details on how to get these items.

**Note:** *Form 4506 must be received by the IRS within 60 calendar days after the date you signed and dated the request.*

**How Long Will It Take?**—You can get a tax return transcript or verification of nonfiling within 7 to 10 workdays after the IRS receives your request. It can take up to 60 calendar

days to get a copy of a tax form or W-2 information. To avoid any delay, be sure to furnish all the information asked for on Form 4506.

**Forms 1099.**—If you need a copy of a Form 1099, contact the payer. If the payer cannot help you, call or visit the IRS to get Form 1099 information.

**Tax Account Information.**—If you need a statement of your tax account showing any later changes that you or the IRS made to the original return, request tax account information. Tax account information lists

*(Continued on back)*

For Privacy Act and Paperwork Reduction Act Notice, see back of form.    Cat. No. 41721E    Form **4506** (Rev. 5-97)

certain items from your return, including any later changes.

To request tax account information, write or visit an IRS office or call the IRS at the number listed in your telephone directory.

If you want your tax account information sent to a third party, complete Form 8821, Tax Information Authorization. You may get this form by phone (call 1-800-829-3676) or on the Internet (at http://www.irs.ustreas.gov).

**Line 1b.**—Enter your employer identification number (EIN) **only** if you are requesting a copy of a **business** tax form. Otherwise, enter the first social security number (SSN) shown on the tax form.

**Line 2b.**—If requesting a copy or transcript of a joint tax form, enter the second SSN shown on the tax form.

**Note:** *If you do not complete line 1b and, if applicable, line 2b, there may be a delay in processing your request.*

**Line 5.**—If you want someone else to receive the tax form or tax return transcript (such as a CPA, an enrolled agent, a scholarship board, or a mortgage lender), enter the name and address of the individual. If we cannot find a record of your tax form, we will notify the third party directly that we cannot fill the request.

**Line 7.**—Enter the name of the client, student, or applicant if it is different from the name shown on line 1a. For example, the name on line 1a may be the parent of a student applying for financial aid. In this case, you would enter the student's name on line 7 so the scholarship board can associate the tax form or tax return transcript with their file.

**Line 8a.**—If you want a tax return transcript, check this box. Also, on line 10 enter the tax form number and on line 11 enter the tax period for which you want the transcript.

A tax return transcript is available only for returns in the 1040 series (Form 1040, Form 1040A, 1040EZ, etc.). It shows most line items from the original return, including accompanying forms and schedules. In many cases, a transcript will meet the requirement of any lending institution such as a financial institution, the Department of Education, or the Small Business Administration. It may also be used to verify that you did not claim any itemized deductions for a residence.

**Note:** *A tax return transcript does not reflect any changes you or the IRS made to the original return. If you want a statement of your tax account with the changes, see Tax Account Information on page 1.*

**Line 8b.**—Check this box only if you want proof from the IRS that you did not file a return for the year. Also, on line 11 enter the tax period for which you want verification of nonfiling.

**Line 8c.**—If you want only Form(s) W-2 information, check this box. Also, on line 10 enter "Form(s) W-2 only" and on line 11 enter the tax period for which you want the information.

You may receive a copy of your actual Form W-2 or a transcript of the information, depending on how your employer filed the form. However, state withholding information is not shown on a transcript. If you have filed your tax return for the year the wages were earned, you can get a copy of the actual Form W-2 by requesting a complete copy of your return and paying the required fee.

Contact your employer if you have lost your current year's Form W-2 or have not received it by the time you are ready to prepare your tax return.

**Note:** *If you are requesting information about your spouse's Form W-2, your spouse must sign Form 4506.*

**Line 8d.**—If you want a certified copy of a tax form for court or administrative proceedings, check the box to the right of line 8d. It will take at least 60 days to process your request.

**Line 11.**—Enter the year(s) of the tax form or tax return transcript you want. For fiscal-year filers or requests for quarterly tax forms, enter the date the period ended; for example, 3/31/96, 6/30/96, etc. If you need more than four different tax periods, use additional Forms 4506. Tax forms filed 6 or more years ago may not be available for making copies. However, tax account information is generally still available for these periods.

**Line 12c.**—Write your SSN or EIN and "Form 4506 Request" on your check or money order. If we cannot fill your request, we will refund your payment.

**Signature.**—Requests for copies of tax forms or tax return transcripts to be sent to a third party must be signed by the person whose name is shown on line 1a or by a person authorized to receive the requested information.

Copies of tax forms or tax return transcripts for a jointly filed return may be furnished to either the husband or the wife. Only one signature is required. However, see the line 8c instructions. Sign Form 4506 exactly as your name appeared on the original tax form. If you changed your name, also sign your current name.

For a corporation, the signature of the president of the corporation, or any principal officer and the secretary, or the principal officer and another officer are generally required. For more details on who may obtain tax information on corporations, partnerships, estates, and trusts, see section 6103.

If you are **not** the taxpayer shown on line 1a, you must attach your authorization to receive a copy of the requested tax form or tax return transcript. You may **attach a copy of the authorization document** if the original has already been filed with the IRS. This will generally be a **power of attorney** (Form 2848), or **other authorization**, such as Form 8821, or evidence of entitlement (for Title 11 Bankruptcy or Receivership Proceedings). If the taxpayer is deceased, you must send Letters Testamentary or other evidence to establish that you are authorized to act for the taxpayer's estate.

**Where To File.**—Mail Form 4506 with the correct total payment attached, if required, to the **Internal Revenue Service Center** for the place where you lived when the requested tax form was filed.

**Note:** *You must use a separate form for each service center from which you are requesting a copy of your tax form or tax return transcript.*

| If you lived in: | Use this address: |
|---|---|
| New Jersey, New York (New York City and counties of Nassau, Rockland, Suffolk, and Westchester) | 1040 Waverly Ave. Photocopy Unit Stop 532 Holtsville, NY 11742 |
| New York (all other counties), Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont | 310 Lowell St. Photocopy Unit Stop 679 Andover, MA 01810 |
| Florida, Georgia, South Carolina | 4800 Buford Hwy. Photocopy Unit Stop 91 Doraville, GA 30362 |

| If you lived in: | Use this address: |
|---|---|
| Indiana, Kentucky, Michigan, Ohio, West Virginia | P.O. Box 145500 Photocopy Unit Stop 521 Cincinnati, OH 45250 |
| Kansas, New Mexico, Oklahoma, Texas | 3651 South Interregional Hwy. Photocopy Unit Stop 6716 Austin, TX 73301 |
| Alaska, Arizona, California (counties of Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mendocino, Modoc, Napa, Nevada, Placer, Plumas, Sacramento, San Joaquin, Shasta, Sierra, Siskiyou, Solano, Sonoma, Sutter, Tehama, Trinity, Yolo, and Yuba), Colorado, Idaho, Montana, Nebraska, Nevada, North Dakota, Oregon, South Dakota, Utah, Washington, Wyoming | P.O. Box 9941 Photocopy Unit Stop 6734 Ogden, UT 84409 |
| California (all other counties), Hawaii | 5045 E. Butler Avenue Photocopy Unit Stop 52180 Fresno, CA 93888 |
| Illinois, Iowa, Minnesota, Missouri, Wisconsin | 2306 E. Bannister Road Photocopy Unit Stop 6700, Annex 1 Kansas City, MO 64999 |
| Alabama, Arkansas, Louisiana, Mississippi, North Carolina, Tennessee | P.O. Box 30309 Photocopy Unit Stop 46 Memphis, TN 38130 |
| Delaware, District of Columbia, Maryland, Pennsylvania, Virginia, a foreign country, or A.P.O. or F.P.O address | 11601 Roosevelt Blvd. Photocopy Unit DP 536 Philadelphia, PA 19255 |

**Privacy Act and Paperwork Reduction Act Notice.**—We ask for the information on this form to establish your right to gain access to your tax form or transcript under the Internal Revenue Code, including sections 6103 and 6109. We need it to gain access to your tax form or transcript in our files and properly respond to your request. If you do not furnish the information, we will not be able to fill your request. We may give the information to the Department of Justice or other appropriate law enforcement official, as provided by law.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: **Recordkeeping,** 13 min.; **Learning about the law or the form,** 7 min.; **Preparing the form,** 26 min.; and **Copying, assembling, and sending the form to the IRS,** 17 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Tax Forms Committee, Western Area Distribution Center, Rancho Cordova, CA 95743-0001. DO **NOT** send the form to this address. Instead, see **Where To File** on this page.

\*U.S. Government Printing Office: 2001 — 491-310/40066

Department of Revenue Services
State of Connecticut
25 Sigourney Street
Hartford CT 06106-5032
(Rev. 12/02)

## LGL-002
### Request for Disclosure of
### Tax Return or Tax Return Information

---

### Part 1 — Who Is Entitled to Make This Request?

- The sole proprietor, if the taxpayer is a sole proprietorship;
- A general partner, if the taxpayer is a partnership or a limited partnership;
- The administrator or executor, if the taxpayer is an estate;
- The trustee, if the taxpayer is a trust;
- A member, if the taxpayer is a limited liability company that is not managed by managers; or a manager, if the taxpayer is a limited liability company that is managed by managers;

- A principal officer, if the taxpayer is a corporation (See Part 3 below);
- The successor, receiver, guarantor or assignee of the taxpayer;
- The authorized representative of any of the above; and
- Any individual, if the request pertains to an income tax return, individual use tax return, or W-2 form(s) filed by that individual (or by an individual and his or her spouse if the request is for a joint income tax return (check applicable box in Part 2 and Part 3).

Mail or hand-deliver this request to the address above, Attn: Director, Taxpayer Services Division. Please put the caption **Request for Tax Return or Tax Return Information** on the envelope.

---

### Part 2 — Whose Returns Are You Requesting?

| Taxpayer Name | Social Security Number |
|---|---|
| Business Name | CT Tax Registration Number |
| Street Address    City    State    ZIP Code | Federal Employer ID Number |

Taxpayer is: (Check box)

- [ ] Corporation
- [ ] Partnership
- [ ] Sole Proprietorship
- [ ] Trust (other than a business trust)
- [ ] Estate
- [ ] Individual
- [ ] Limited Liability Company
- [ ] Business Trust
- [ ] Other (specify) _____

---

### Part 3 — Information Requested: (Copy of Return)    For Tax Periods: _____

- [ ] Income Tax
- [ ] Sales and Use Tax
- [ ] Corporation Tax
- [ ] Copy of Audit Workpapers
- [ ] Account Reconciliation
- [ ] Gift Tax
- [ ] W-2 forms
- [ ] Other Return Type _____
- [ ] Other (specify) _____

---

### Part 4 — What Is Your Status?

Check a box

- [ ] Sole Proprietor (check box in Part 2)
- [ ] Partner (check box for partnership in Part 2; attach partnership agreement)
- [ ] Guarantor (attach guaranty)
- [ ] Receiver (attach certificate of appointment)
- [ ] Trustee (check appropriate box for trusts in Part 2; attach trust agreement)
- [ ] Other (specify)
- [ ] Successor (attach agreement)
- [ ] Assignee (attach assignment)
- [ ] Principal Officer (check box for corporation in Part 2; attach last annual report filed with Secretary of the State.)
- [ ] Authorized Representative (attach LGL-001, Power of Attorney)
- [ ] Executor or Administrator (check box for estate in Part 2; attach Certificate of Appointment.)
- [ ] Individual
- [ ] Member of a limited liability company that is not managed by managers Check box for limited liability company in Part 2.
- [ ] Manager of a limited liability company that is managed by managers. Check box for limited liability company in Part 2.)

---

### Part 5 — What Is Your Name and Mailing Address?

| Name of Person Making Request | Telephone Number | Email Address, if available |
|---|---|---|
| Street Address    City | | State    ZIP Code |

---

### Part 6 — Declaration

I hereby declare that if I am not the taxpayer identified above, I have been authorized by that taxpayer to execute this request on behalf of the taxpayer, and I am permitted by the instructions on this form to make this request. (Attach **LGL-001, Power of Attorney**.)

I declare under penalty of law that I have examined this return (including any accompanying schedules and statements) and, to the best of my knowledge and belief, it is true, complete, and correct. I understand that the penalty for willfully delivering a false return to DRS is a fine of not more than $5,000, or imprisonment for not more than five years, or both. The declaration of a paid preparer other than the taxpayer is based on all information of which the preparer has any knowledge.

Signature _____    Title _____    Date _____

# Instructions

Use Form LGL-002, *Request for Disclosure of Tax Return or Tax Return Information*, to request copies of tax returns, tax return information, or certain other documents, such as audit workpapers or W-2 forms, from the Department of Revenue Services (DRS).

## Part 1: Who is Entitled to Make This Request?

- Any individual, if the request pertains to a personal income or individual use tax return filed by that individual (or by an individual and his or her spouse if the request pertains to a joint income tax return);
- A limited liability company (LLC) member, if the taxpayer is an LLC and there is no manager, or a manager, if the taxpayer is an LLC and there are managers;
- The sole proprietor, if the taxpayer is a sole proprietorship;
- A general partner, if the taxpayer is a partnership or a limited partnership;
- The administrator or executor, if the taxpayer is an estate;
- The trustee, if the taxpayer is a trust;
- If the taxpayer is a corporation, a principal officer or corporate officer who has legal authority to bind the corporation; any person who is designated by the board of directors or other governing body of the corporation; any officer or employee of the corporation upon written request signed by a principal officer of the corporation and attested by the secretary or other officer of the corporation; or any other person who is authorized to receive or inspect the corporation's return or return information under I.R.C. §6103(e)(1)(D);
- The successor, receiver, guarantor or any assignee of the taxpayer; **or**
- The authorized representative of any of the above.

## Part 2: Whose Returns Are You Requesting?

Provide the taxpayer's name, dba, address, Social Security Number, and Connecticut Tax Registration Number and Federal Employer Identification Number, if applicable.

Check the box that indicates the type of taxpayer for which a tax return or tax return information is being requested.

## Part 3: Information Requested

Check the tax type and enter the tax periods or tax years for which you are requesting a tax return or tax return information. The terms *years* and *periods* can indicate various time frames. For example, a *tax year* may be a calendar year of 1/1/99 through 12/31/99 or a fiscal year of 7/1/98 through 6/30/99 for corporation tax. A *tax period* may have one or more monthly or quarterly periods. For example, a sales and use tax period of 1/1/97 through 12/31/99 may contain 36 monthly or 12 quarterly periods. Please be specific.

For a copy of W-2 forms, please provide the complete name and address of the employer (s), including the federal employer identification number, if available. Attach a separate sheet with the requested information.

## Part 4: What Is Your Status?

Check the box that indicates your relationship to the taxpayer for whom you are requesting a copy of a tax return or tax return information. You must also attach the requested documentation to support the status that entitles you to make this request.

## Part 5: What Is Your Name and Mailing Address?

Provide the requested information so a DRS representative can contact you if we need additional information.

## Part 6: Declaration

You must sign the declaration section of LGL-002. Only the taxpayer or an authorized representative listed in Part 1 can sign this section. For example, the taxpayer is other than a natural person (an estate), DRS requires the signature of the individual who is the authorized representative of the taxpayer.

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that he has caused to be served via regular first class United States mail a true and correct copy of the foregoing First Request for Production of Documents on this 23 day of July 2003, on the following:

> Patrick W. Begos, Esq.
> Begos & Horgan, LLP
> 327 Riverside Avenue
> Westport, CT 06880

_Thomas P. Friedman_
Thomas P. Friedman

STM/254416.4

-13-



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JULIE DILLON RIPLEY MILLER,

          Plaintiff and Counterclaim
          Defendant,

    - against -

MERRILL LYNCH CREDIT CORPORATION,

          Defendant and Counterclaimant.

CIVIL ACTION NO.
3:03-CV-1016 (RNC)

August 12, 2003

## DEFENDANT MERRILL LYNCH CREDIT CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Merrill Lynch Credit Corporation ("Defendant," or "MLCC") hereby propounds the following set of interrogatories requests ("Interrogatories"), each of which is to be answered separately and fully, in writing and under oath within thirty (30) days of the date of service hereof.

## I. INSTRUCTIONS AND DEFINITIONS

1.    In answering these Interrogatories, please furnish all responsive information and/or documents available to you, including information and documents in your possession, custody or control and information and/or documents in the possession, custody or control of any person acting on your behalf, and not merely such information as is known of your own personal knowledge.

2.     If you cannot answer in full any Interrogatory or any part thereof after exercising due diligence to secure the information requested, so state and answer the Interrogatory as fully as possible, providing whatever information or knowledge you have concerning the Interrogatory.

3.     Under Fed. R. Civ. P. 26(e), you have a continuing obligation to supplement and/or correct your responses to these Interrogatories.

4.     Under Fed. R. Civ. P. 33(b)(4), all grounds for an objection shall be stated with specificity or shall be waived.

5.     If an Interrogatory is objected to on the ground that it is overly broad, specifically state the manner in which it is overly broad and respond to the Interrogatory as narrowed to conform to such objection.

6.     Whenever a date, amount, computation or figure is requested, the exact date, amount, computation or figure is to be given unless it is unknown.  If it is unknown, the approximate or best estimate should be given, and the response should state that such date, amount, computation or figure is an approximation or estimate.

7.     If any portion of your responses is based upon information and belief rather than your personal knowledge, so state and identify with particularity the source or sources of such information and belief.

8.     Except when express reference is made to another paragraph, each paragraph or subparagraph herein shall be construed independently and not by reference to any other paragraph or subparagraph herein for purposes of limitation.

-2-

9.    Unless otherwise specified, the relevant time period for your responses to these Interrogatories is from January 1, 1997 through the present.

10.    If it is claimed that any information or documents responsive to any Interrogatory or any part thereof is privileged, constitutes work product or is otherwise protected from disclosure, please identify such information or document by its subject matter and state the nature and basis for any such claim of privilege, work product or other ground for nondisclosure. As to any such information or document, state: (a) the reason for withholding it; (b) the author and date of the document, if the information is embodied in a document; (c) each individual to whom the original or a copy of the document was sent, if the information is embodied in a document; (d) all persons present at or participating in the oral communication, if the information was embodied in an oral communication; and (e) the general subject matter of the information or document.

11.    All references to the singular include the plural, and all references to the plural include the singular.

12.    The use of any gender shall include all other genders as appropriate in the context in which the gender is used.

13.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the Interrogatory information that might otherwise be construed to be outside its scope.

14.    A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the Interrogatory information that might otherwise be construed to be outside its scope.

-3-

15.    As used herein, "document" means any original (or any carbon or photographic copy if you do not have custody or control of the original) and each non-identical copy (whether different from the original by means of notes made on such copy or otherwise) of any handwritten, typewritten, printed, recorded, transcribed, photocopied, photostated, "telexed", filmed, microfilmed, electronic or otherwise prepared matter, however produced or reproduced, which is in your possession, custody, or control, including but not limited to drafts, letters, correspondence, memoranda, drawings, graphs, charts, photographs, diaries, calendars, telegrams, telexes, cables, electronic mail, memoranda or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, surveys, analyses, studies, ledgers, journals and other formal or informal books of record or account, bulletins, catalogues, brochures, pamphlets, announcements, manuals, books, instructions, agreements, legal documents, recordings, audiotapes, videotapes, notebooks and writings of every description, and including other items of any kind or nature from which information can be obtained or translated into usable form.

16.    As used herein, "information" includes all knowledge that you have on the subject of these Interrogatories and all facts upon which you rely when preparing your responses to these Interrogatories.

17.    When used in reference to a person, "identify" means to provide, to the extent known, the person's: (a) full name; (b) present or last known business address and telephone number and/or residence address(es) and telephone number(s); (c) present or last known occupation, job title and job duties; (d) present or last known employer(s), complete with the employer's full name and address; (e) relationship to you; and (f) occupation, job title and job duties at the time in question.

18.    When used in reference to a corporation, partnership or any other legal entity other than a natural person, "identify" means to state its full name, form of organization, address or principal place of business as of the date on which you respond to these Interrogatories. When used in reference to a document, "identify" means to state: (a) the type of document (e.g., letter, memorandum, contract, telegram, insurance policy, etc.) or some other means of identifying it; (b) its date, author(s) and addressee(s), if any; (c) its present location and custodian; and (d) the relationship of the custodian to you. If any such document is no longer in your possession or subject to your control, "identify" also means to state what disposition was made of it, the circumstances surrounding the authorization of the document's disposition and the date of its disposition.

19.    When used in reference to an act, occurrence, transaction, decision, statement or communication (hereinafter collectively referred to as "act"), "identify" means to describe in substance the event or events constituting such acts(s), or what transpired, the place and date thereof, and to identify the persons present, the persons involved and any documents referring or relating thereto.

-5-

20.    As used herein, "and" and "or" shall both be construed to mean "and/or" as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope.

21.    As used herein, "relate" and "relating to" shall be construed to include "refer", "summarize", "reflect", "contain", "mention", "show", "discuss", "describe", "undermine", "contradict" and "comment upon"

22.    As used herein, "Amended Complaint" shall mean the Amended Complaint filed by Plaintiff against Defendant in or about July 14, 2003.

23.    As used herein, "Plaintiff" or "Miller" shall mean Julie Dillon Ripley Miller, any individual or entity acting on behalf of Miller, and any representatives, agents or assigns of Miller.  As used herein, "you" and "your" shall mean and refer to Plaintiff, any individual or entity acting, or purporting to act, on behalf of Plaintiff and any representatives, agents or assigns of Plaintiff.

24.    As used herein, "Defendant" or "MLCC" shall mean Merrill Lynch Credit Corporation, and any representatives, agents or assigns of MLCC.

25.    As used herein, "MLPFS" shall mean Merrill Lynch, Pierce, Fenner & Smith, and any representatives, agents or assigns of MLPFS.

26.    As used herein, "1997 Loan" shall mean the mortgage loan provided by Defendant to Plaintiff in or about November of 1997.

27.    As used herein, "1999 Loan" shall mean the construction loan provided by Defendant to Plaintiff in or about December 7,1999.

28.    As used herein, "Land" shall mean the property at 21 Point Road in Norwalk, Connecticut, and any improvements thereto.

29.    As used herein, "Residence" shall mean any building or structure, and any improvements therein or thereon, located on the Premises.

30.    As used herein, "Premises" shall mean the Land and the Residence.

31.    As used herein, "Power of Attorney" shall mean the document entitled Power of Attorney and recorded by the Norwalk Town Clerk in or about December 20, 1999, in Volume 3836, page 230.

32.    As used herein, "communication" shall mean any writing or oral conversation, including but not limited to telephone conversations, meetings, letters, telegraphic, and telex communications, and all documents concerning such writings or such oral conversations.

33.    As used herein, "person" shall mean any natural person, any business entity (whether partnership, association, cooperative or corporation) and any governmental entity or department, agency, bureau or political subdivision thereof.

34.    As used herein, "persons with knowledge of the facts" shall mean any person, including but not limited to persons in your employ, who, at any point in time relevant to these proceedings, had involvement with the subject matter of the Interrogatory, but excluding persons without substantive responsibility.

35.    As used herein, "including" shall mean "including but not limited to".

36.    As used herein, "each" includes the word "every" and "every" includes the word "each".

37.    As used herein, "any" includes the word "all" and "all" includes the word "any".

## II.  INTERROGATORIES

**INTERROGATORY NO. 1:**

1.      Identify all health care providers, counselors, advisors and/or any person you consulted regarding your mental condition *at any time*, including but not limited to physicians, psychologists, psychiatrists, social workers, therapists, hospitals, counselors, advisors, crisis counselors, social workers, mental health workers, holistic health workers, or other professionals, professional organizations, charitable organizations, non-profit organizations from whom or from which you sought treatment or counseling, and, for each person or entity identified, the period of any such counseling or treatment.

RESPONSE:



**INTERROGATORY NO. 2:**

2.      Please list, and describe in detail, the symptoms of any severe emotional distress allegedly suffered by you from January 1, 1997, whether caused by MLCC or otherwise, and identify the periods when these symptoms were most aggravated.

RESPONSE:



**INTERROGATORY NO. 3:**

3.      Please identify all persons who have witnessed you under severe emotional distress, whether caused by MLCC or otherwise, and identify persons with whom you had any

-8-

communication regarding your severe emotional distress and the date, time, place and substance of such communication (other than for those persons or entities listed in Response to Interrogatory No. 1):

RESPONSE:

**INTERROGATORY NO. 4:**

4.      Please identify all events since December 1, 1999 that have caused you significant emotional distress, suffering or grief.

RESPONSE:

**INTERROGATORY NO. 5:**

5.      With respect to the renovation and/or improvement to the Land, Residence and/or Premises, (a) identify the amount of funds you authorized to finance such renovation and/or improvement prior to MLCC's involvement; (b) identify the amount of funds you authorized MLCC to release to finance such renovation and/or improvement; and (c) identify the manner, if any, by which you notified MLCC not to release funds to finance such renovation or improvement.

RESPONSE:

**INTERROGATORY NO. 6:**

6.　For the period from January 1, 1999 until the date on which you respond to these Interrogatories, please identify all sources of income received by you from any source, including but not limited to allowances, stipends, governmental benefits, disability benefits, salaries and wages, and, with respect to each such source, state the amount of income received from that source and identify the period during which you received income from that source.

RESPONSE:

**INTERROGATORY NO. 7:**

7.　If you claim that any portion(s) of the Power of Attorney form where whited-out (or otherwise manipulated), please describe (a) which portions you claim were whited-out or manipulated; (b) who whited-out or manipulated any such portions; (c) whether you consented to any such whiting-out or manipulation, and if so, to which portions; and (d) who was present during the whiting-out or manipulation.

RESPONSE:

-10-

**INTERROGATORY NO. 8:**

8.     Please identify each and every person with personal knowledge of the facts or information relating to any and all of the events set forth in your Amended Complaint.  In your response, please provide the particular event(s) of which each identified person has personal knowledge or information.

RESPONSE:

Dated: August 12, 2003
Stamford, Connecticut

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:     _Thomas P. Friedman_

Douglas C. Conroy, ct11555
Thomas P. Friedman, ct24947
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone:  (203) 961-7400
Facsimile:  (203) 359-3031
Email:   douglasconroy@paulhastings.com
           thomasfriedman@paulhastings.com

Counsel for Defendant and Counterclaimant
MERRILL LYNCH CREDIT CORPORATION

-11-

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 12th day of August, 2003, a copy of the foregoing Defendant Merrill Lynch Credit Corporation's First Set of Interrogatories was delivered via U.S. first class mail to:

> Patrick W. Begos, Esq.
> BEGOS & HORGAN, LLP
> 327 Riverside Avenue
> Westport, CT 06880

Thomas P. Friedman

STM/256045.3

-12-