

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------x

JULIE DILLON RIPLEY MILLER,     :

                 Plaintiff,    :    Case No.03-CV-1016 (RNC)(DFM)

                 :

         – against –    :    August 25, 2003

                 :

MERRILL LYNCH CREDIT CORPORATION,   :

                 :

          Defendant.    :

-------------------------------------------------------------------x

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS

Plaintiff, Julie Dillon Ripley Miller, by her attorneys, Begos & Horgan, LLP, for her response to Defendant's First Request for Production of Documents ("Request") responds as follows

### GENERAL OBJECTIONS

1.    Plaintiff objects to the Requests in their entirety as over-broad and unduly burdensome. By propounding sixty separate document requests, defendant has demonstrated that it is attempting to harass plaintiff rather than seeking relevant documents and information.

2.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent that it imposes, attempts to impose, or purports to impose obligations different from or beyond those imposed by the Federal Rules of Civil Procedure; the Local Rules of the District of Connecticut; and/or the Rule 26(f) Report of Planning Conference in this action.

3.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent that it seeks the production of documents or information without time limitations, or for time periods that are irrelevant to the claim at issue in this action. Specifically, and without limitation, plaintiff

objects to the extent the Requests seek documents and/or information "to and including the date of Plaintiff's response."

4.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent that the information sought is not in the possession, custody or control of Plaintiff, and/or cannot be located after a good faith search of those sources and locations likely to have responsive documents or information.

5.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent it seeks documents or information which is in Defendant's possession or which Defendant may obtain from a source other than Plaintiff, and the requested production by such other source would be less burdensome and/or costly to such other sources than the requested production would be to Plaintiff.

6.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent it seeks information or documents subject to the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, that constitute or reflect communication subject to such privilege, or that are encompassed within any other privilege. Inadvertent production or disclosure of any such information shall not constitute a waiver of any such privilege or immunity, and Plaintiff reserves the right to demand the return of any such document from, or destruction of any information by, the party to whom it was inadvertently produced.

7.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent it does not seek the discovery of facts relevant to the claim or defense of any party and is not material to and/or necessary to the prosecution of this action, or is not reasonably calculated to lead to the

discovery of relevant evidence, and to the extent that it is overly broad, ambiguous and/or would impose unreasonable and undue burden and expense on Plaintiff.

8.    These general objections are hereby incorporated into each specific answer and objection as if fully set forth therein. Citation to a particular general objection in the specific objections below is not a waiver of any general objection not cited therein

9.    Plaintiff reserves the right to correct, amend, modify or supplement these responses from time to time at any time in the future, as warranted by the circumstances. Plaintiff will supplement its responses to the extent required by the Federal Rules of Civil Procedure and/or the Local Rules of the District of Connecticut.

## DOCUMENTS REQUESTED

1.    Please produce all correspondence, or any records, reports or notes of any conversations or meetings, with any representative of MLCC and/or Merrill, Lynch, Pierce, Fenner & Smith ("MLPFS").

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

2.    Please produce all correspondence, or any records, reports or notes of any conversations or meetings, with any representative of Cendant Mortgage ("Cendant").

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

3.    Please produce all documents concerning or relating to your communications with Jay Falini, including but not limited to all correspondence with, or notes of any conversations or meetings between you and Jay Falini.

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

3

4.    Please produce all documents concerning or containing your communications with any individual or entity whom you have used and/or employed as a financial advisor, tax planner, financial consultant or any similar profession, including all notes, drafts, and analyses created by, and communications with, Omni Solo, Inc. and/or its agents and employees.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome, not reasonably calculated

to lead to the discovery of admissible evidence, and improperly seeking information protected by

attorney work-product and/or attorney-client privileges.

5.    Please produce all documents concerning or reflecting communications with your siblings or other family members, other than your husband or children, regarding your financial situation since January, 2000 and/or access to funds or accounts, whether held in trust or otherwise.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence

6.    Please produce all documents concerning any disputes or proceedings relating to trust fund or similar assets in which you claim or claimed a right or interest.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence

7.    Please produce all of your bank statements, brokerage account statements (whether received from MLPFS or any other brokerage firm), trust fund statements, and all such similar documents, for any account, trust or fund, in which you have any financial interest, whether present, future, contingent, sole, joint or otherwise.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce bank and brokerage account statements for accounts owned by plaintiff.

8.    Please produce all documents concerning or reflecting any source of your income or distributions to you of money or property of any kind.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9.    Please produce all financial statements prepared by you or on your behalf.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Please produce all documents reflecting or describing all of your personal assets and/or belongings, including but not limited to any real estate in which you have an interest, whether in Connecticut or elsewhere.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

11.    Please produce all documents concerning the disposition of your father's estate, including but not limited to documents concerning your entitlement to assets, income or any form of property interest or inheritance.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

12.    Please produce all documents concerning the disposition of your mother's estate, including but not limited to documents concerning your entitlement to assets, income or any form of property interest or inheritance.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

13.    Please produce all documents concerning the disposition of any estate in which you have claimed or currently claim any interest.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

14.    Please produce all requests for financial aid or scholarships based on financial need, to any colleges, universities or any other entity made by you and/or your offspring.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

15.    Please produce all documents concerning any sale or purchase by you of any stock, commodity, bond, investment and/or any interest in any asset, tangible or intangible, whether consummated, contemplated or suggested by any individual or entity.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce bank and brokerage account statements for accounts owned by plaintiff.

16.    Please produce all documents reflecting any pledging or transfer of assets to any entities other than MLCC or MLPFS, including but not limited to any documents reflecting any dispute regarding any such pledging or transfer.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

17.    Please produce all documents, including but not limited to diaries, notes, memoranda, journal entries, or other writings, whether maintained on a computer or otherwise, made by you concerning any sale or purchase by you of any stock, commodity, bond, investment, and/or any interest in any asset, tangible or intangible, whether consummated, contemplated or suggested by any individual or entity.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

18.    Please produce all documents, including but not limited to diaries, notes, memoranda, journal entries, or other writings, whether maintained on a computer or otherwise, made by you concerning your personal finances and/or financial difficulties.

**Response**

Plaintiff objects to this request as vague, ambiguous, over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

19.    Please produce all documents concerning the 1997 Loan, including but not limited to any applications, mortgages, notes, pledge agreements, closing documents, modification agreements

and/or any communication or correspondence between you and MLCC, MLPFS, Cendant and/or any other entity or individual relating thereto.

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

20.    Please produce all documents concerning the 1999 Loan, including but not limited to any applications, mortgages, notes, pledge agreements, closing documents, modification agreements and/or any communication or correspondence between you and MLCC, MLPFS, Cendant and/or any other entity or individual relating thereto.

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

21.    Please produce all documents concerning any loan by any entity related to or secured by the Land, the Residence and/or the Premises provided to you by an entity other than MLCC.

**Response**

Plaintiff objects to this request as vague and ambiguous to the extent it seeks documents concerning loans "related to ... the Land, the Residence and/or the Premises." Subject to her objections, plaintiff will produce documents concerning any outstanding loans secured by the Land, the Residence and/or the Premises provided by an entity other than MLCC.

22.    Please produce all documents concerning any loan, credit or cash advance (whether secured or unsecured) from any entity for which you owe any balance.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

23.    Please produce all documents concerning any improvements or renovation to the Land, the Residence and/or the Premises, including but not limited to any communications between you and MLCC, MLPFS and/or any other entity or individual relating thereto.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce documents concerning improvements up to the time the alleged "1999 Loan" was allegedly converted from "construction" to "permanent."

24.   Please produce all documents reflecting payments made by you for any renovation, improvement or upgrade to the Land, the Residence and/or Premises, to any building contractor, subcontractor, designer, architect, decorator or other entity involved in any renovation, improvement or upgrade to the Land, Residence and/or Premises, including but not limited to the following:

ABS Environment Asbestos Removal, AF Contracting-roofing material, American Toilet Rentals, American Wood Column Corp., Arcamone Land Surveyors, Automated Salvage, AVA Painting, B&S Carting Co., CL&P, Canaan Distributors Corp., Casey's Sheetmetal Service, Castro Convertible, Centre Mills Antique Floors & Beams, Chestnut Specialists, City of Norwalk, Colonial Carting, Connecticut Stone Supplies, Cotta Tree Experts, Condon-Brown Builders, Inc., Creative Waterscapes, Dale O'Duncan, Inc., Darien Electrical Contracting, Darien Rental Service, Devine Bros. Inc., The DiSalvo Ericson Group, Dovetail Millworks, E&A Foundations, Eastern Precase Company, Ely's Tree Service, EPPCO drainage pipe, FAF Contracting, Fairfield Insulation, Feda Drywall, Federal Express, Foundation Sealers, Grasso Construction, Greg Right-Tree Removal, Hamilton Woodworking, Hammersmith, Harvey Industries, Hatch & Bailey Company, Hilti, Hocon Gas, Home Depot, Homer C. Godfrey Co., Installations in Wood, International Tile, K. Brown, Kingsland Company, Klaff's Inc., Knobel Bros., L&L Evergreen, M. Rondano Inc., Magna Steel Sales Inc., Mark Baldyga Marble & Tile, Martany Tile Corp, Mercede, N. Scott Orlando, Inc., New England Elevator, New England Stair Company, New England Window & Doors, North East Elevator, O&G Industries, Outwater Hardware Corp, Pool House, Premiere Flooring Inc, Protective Products, Quality Building, R. Riith Plumbing & Heating, R. Slossar, R.   P.O. Construction Co., Ray Coutermash Excavating, Renaissance Studio, Inc., REO Appliance, Reprographics Plus, Ring's End Inc., Rings End Lumber, Robert Riith Plumbing & Heating, Rod Klucik, Rondano, Rowayton Fuel, Stamford Iron & Steel, Steve Appliance Repair, Sutherland Excavating Contractors, T&R Stone Company, Terzian Trucking Co., Inc., Town & Country Door & Operator Co., Town & Country Garage Doors, Turner & Harrison, United Rentals, V&S Contracting, Vermont Soapstone Co., Vincent Gentile & Son, Waterworks, Woods Lightning Protection Co., Yellow Freight.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce documents concerning improvements up to the time the alleged "1999 Loan" was allegedly converted from "construction" to "permanent."

25.    Please produce all documents reflecting payments made by you for any renovation, improvement or upgrade to the Land, the Residence and/or Premises, to any building contractor, subcontractor, designer, architect, decorator or other entity involved in any renovation, improvement or upgrade to the furnishings and/or interior of the Residence, including but not limited to furniture purchases, wall and window treatments, carpeting, major appliance purchases and/or any remodeling projects.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request seeks relevant documents, it is duplicative of request 24, and defendant is referred to plaintiff's response to that request.

26.    Please produce all documents reflecting any communications between you and any contractor, subcontractor or other entity involved in any renovation, improvement or upgrade to the Land, Residence and/or Premises, including but not limited to the entities listed in Request No. 24.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce documents concerning improvements up to the time the alleged "1999 Loan" was allegedly converted from "construction" to "permanent."

10

27. Please produce all documents reflecting any authorizations by you for payment (directly or indirectly) to any contractor, subcontractor or other entity involved in the renovation, improvement or upgrade to the Land, Residence and/or Premises.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce documents concerning improvements up to the time the alleged "1999 Loan" was allegedly converted from "construction" to "permanent."

28. Please produce all documents reflecting any communications by you exhibiting a lack of approval or withholding of authority for payment to, or for work to be performed by, any contractor, subcontractor or other entity involved in the renovation, improvement or upgrade to the Land, Residence and/or Premises.

**Response**

Plaintiff objects to this request as vague, ambiguous and impossible to understand. If and when the request is clarified, Plaintiff will respond.

29. Please produce all documents reflecting any communications between you and MLCC, MLPFS or any representative thereof concerning work to be performed by any contractor, subcontractor or other entity involved in the renovation, improvement or upgrade to the Land, Residence and/or Premises.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce documents concerning improvements up to the time the alleged "1999 Loan" was allegedly converted from "construction" to "permanent."

30. Please produce all documents concerning the costs of any renovation, improvement or upgrade to the Land, Residence and/or Premises, including but not limited to those reflecting your knowledge, or lack thereof, regarding such costs.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce documents concerning improvements up to the time the alleged "1999 Loan" was allegedly converted from "construction" to "permanent."

31.    Please produce all documents concerning or reflecting any conversations, dealings, or meetings with, any real estate broker or others for listing of the Land, the Residence and/or the Premises, including but not limited to all documents provided to you by any such broker or entity concerning an appropriate listing price.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

32.    Please produce all documents concerning or reflecting plans or blueprints for any improvements, renovations or upgrades for the Land, the Residence and/or the Premises.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

33.    Please produce all documents concerning or reflecting any appraisals of the Land, the Residence and/or the Property.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

34.    Please produce all documents concerning how and when you learned of the existence of the Pledge Agreement.

12

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

35.    Please produce all documents concerning all notes or conversations regarding the 1999 Loan, including but not limited to whether all or any of the documents involved with the 1999 Loan were valid, invalid, or executed with or without your authority.

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

36.    Please produce all correspondence, or notes of any conversations or meetings, with Barry Newman or any representative or employee of Schwartz & Hofflich LLP.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, Plaintiff will produce responsive documents concerning the alleged 1999 Loan or the alleged power of attorney.

37.    Please produce all documents concerning the actions or responses, if any, you took after learning that the Pledge Agreement referred to in Paragraph 13 of the Amended Complaint had been executed by Barry Newman.

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

38.    Please produce all pleadings, discovery requests and responses thereto, deposition transcripts, and all other litigation materials served or filed by any party in the matter of Julie Dillon Ripley Miller v. Barry R. Newman and Schwartz & Hofflich LLP, CV 03:0194261 (Stamford Superior Ct.).

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

39.    Please produce all pleadings, discovery requests and responses thereto, deposition transcripts, and all other litigation materials served or filed by any party, in any suit filed by or against you at any time.

13

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

40.    Please produce all documents concerning or relating to any dispute or disagreement between you and any advisor, accountant, attorney or other professional of any kind.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

41.    Please produce all correspondence between you and any accounting firm or representative thereof.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

42.    Please produce all documents concerning or reflecting any communications regarding collateral calls on any MLPFS account, including but not limited to any written or oral notifications of any collateral calls.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce responsive documents concerning any MLPFS account owned by Plaintiff.

43.    Please produce all documents concerning or reflecting any communications regarding collateral calls on any non-MLPFS account, including but not limited to any written or oral notifications of any collateral calls.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

44.     Please produce all documents reflecting any attempt by any alleged creditor, whether written or oral, to collect a debt from you, whether liquidated or otherwise.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

45.     Please produce all documents concerning any trips or vacations you have taken.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

46.     Please produce all documents concerning your allegation in Paragraph 5 of the Amended Complaint that Jay Falini knew that the MLPFS account was your "primary source of income."

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff will produce responsive documents.

47.     Please produce all documents concerning your allegation in Paragraph 5 of the Amended Complaint that Jay Falini knew that liquidating the stocks in the MLPFS account "would expose [you] to substantial capital gains tax liability."

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

48.   Please produce all documents concerning your allegation in Paragraph 6 of the Amended Complaint that Jay Falini had "at all relevant times, actual, implied, or apparent authority to act as MLCC's agent."

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

49.   Please produce the document referred to in Paragraph 7 of the Amended Complaint.

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

50.   Please produce all documents concerning your allegations in Paragraph 28 of the Amended Complaint that "MLCC knew there was a substantial likelihood that liquidating the Account and withholding the liquidation proceeds from Plaintiff would leave her unable to pay her creditors, damage her credit and incur for her substantial capital gains tax liability which she would be unable to pay."

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

51.   Please produce all documents, including but not limited to diaries, notes, memoranda, journal entries, or other writings, whether maintained on a computer or otherwise, made by you at any time concerning emotional distress, depression, anxiety, nervous disorder or any similar malady suffered by you, whether due to the purported acts of MLCC or otherwise.

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

52.   Please produce all documents, including but not limited to diaries, notes, memoranda, journal entries, or other writings, whether maintained on a computer or otherwise, made by you concerning any subject matter in this lawsuit.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, Plaintiff will produce responsive documents.

53.    Please produce all documents relating to any medical reports, psychiatric reports, psychologists' reports and hospital records, referring and/or relating to any medical condition, including illness or injury, whether physical, emotional or mental, which you claim resulted from MLCC's conduct. (A Medical Records Release is attached hereto as Exhibit A.)

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

54.    Please produce all documents relating to any medical condition, including illness or injury, whether physical, emotional or mental from which you suffered or with which you were diagnosed, at any time, including any and all medical records, notes, reports, bills or other documents which in any way relate to such medical, counseling, psychiatric or psychological treatment, or, if not available, executed authorizations for MLCC to obtain the requested documents at its expense. (A Medical Records Release is attached hereto as Exhibit A.)

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

55.    Please produce copies of your federal and state tax returns, including statements and schedules, for 1996 through the date of trial, or, if not available, executed authorizations for MLCC to obtain copies of such returns at its expense from the relevant tax authorities. (Tax Records Releases are attached hereto as Exhibit B.)

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

56.    Please produce all documents which support your contention that any of the conduct alleged in your Amended Complaint is "substantially injurious to consumers."

17

Plaintiff objects to this request as suggesting that plaintiff should have in her possession documents relating to the fact that MLCC's conduct is substantially injurious to consumers other than plaintiff. Subject to her objections, plaintiff will produce responsive documents.

57. Please provide all documents concerning your non-payment of property taxes to the City of Norwalk, including but not limited to all requests for payment by the City of Norwalk.

**Response**

Plaintiff objects to this request as impossible to understand to the extent it seeks documents concerning something that did not occur (*i.e.*, a non-payment of taxes). Subject to her objections, Plaintiff will produce tax bills and/or requests for payment by the City of Norwalk.

58. Please produce all documents concerning or reflecting any financial injury allegedly incurred by you as a result of any alleged wrongful act of MLCC.

**Response**

Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, Plaintiff will produce responsive documents.

59. Please produce all documents concerning all efforts by you to mitigate any alleged damages incurred by you as a result of any alleged wrongful act of MLCC.

**Response**

Subject to her objections, Plaintiff will produce responsive documents.

60. Please produce all documents not otherwise requested herein upon which you intend to rely in establishing the truth of any claim, allegation or fact set forth in your Amended Complaint.

18

**Response**

    Plaintiff objects to this request as over-broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

BEGOS & HORGAN, LLP

By: _____
      Patrick W. Begos (ct19090)
Attorneys for Plaintiff
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990
(203) 222-4833 (fax)

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on August 25, 2003 to:

Thomas P. Friedman, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

_____
Patrick W. Begos



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x

JULIE DILLON RIPLEY MILLER,     :

                                :    Case No.03-CV-1016 (RNC)(DFM)

        Plaintiff,        :

                                :

     – against –       :    September 12, 2003

                                :

MERRILL LYNCH CREDIT CORPORATION,   :

                                :

        Defendant.      :

------------------------------------------------------------x

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Julie Dillon Ripley Miller, by her attorneys, Begos & Horgan, LLP, for her response to Defendant's First Set of Interrogatories ("Interrogatories") responds as follows:

### GENERAL OBJECTIONS

1.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent that it imposes, attempts to impose, or purports to impose obligations different from or beyond those imposed by the Federal Rules of Civil Procedure; the Local Rules of the District of Connecticut; and/or the Rule 26(f) Report of Planning Conference in this action.

2.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent that it seeks the production of information without time limitations, or for time periods that are irrelevant to the claim at issue in this action. Specifically, and without limitation, plaintiff objects to the extent the Requests seek information "through the present."

3.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent that the information sought is not within Plaintiff's personal knowledge, and/or cannot be ascertained after a good faith review of those documents likely to have responsive information.

4.     Plaintiff objects to each instruction, definition, interrogatory and request to the extent it seeks information which is within Defendant's personal knowledge or which Defendant may obtain from a source other than Plaintiff, and the requested production by such other source would be less burdensome and/or costly to such other sources than the requested production would be to Plaintiff.

5.     Plaintiff objects to each instruction, definition, interrogatory and request to the extent it seeks information or documents subject to the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, that constitute or reflect communication subject to such privilege, or that are encompassed within any other privilege.  Inadvertent production or disclosure of any such information shall not constitute a waiver of any such privilege or immunity, and Plaintiff reserves the right to demand the return of any such document from, or destruction of any information by, the party to whom it was inadvertently produced.

6.     Plaintiff objects to each instruction, definition, interrogatory and request to the extent it does not seek the discovery of facts relevant to the claim or defense of any party and is not material to and/or necessary to the prosecution of this action, or is not reasonably calculated to lead to the discovery of relevant evidence, and to the extent that it is overly broad, ambiguous and/or would impose unreasonable and undue burden and expense on Plaintiff.

7.     These general objections are hereby incorporated into each specific answer and objection as if fully set forth therein.  Citation to a particular general objection in the specific objections below is not a waiver of any general objection not cited therein

8.     Plaintiff reserves the right to correct, amend, modify or supplement these responses from time to time at any time in the future, as warranted by the circumstances. Plaintiff will supplement

2

its responses to the extent required by the Federal Rules of Civil Procedure and/or the Local Rules

of the District of Connecticut.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify all health care providers, counselors, advisors and/or any person you consulted regarding your mental condition at any time, including but not limited to physicians, psychologists, psychiatrists, social workers, therapists, hospitals, counselors, advisors, crisis counselors, social workers, mental health workers, holistic health workers, or other professionals, professional organizations, charitable organizations, non-profit organizations from whom or from which you sought treatment or counseling, and, for each person or entity identified, the period of any such counseling or treatment.

**Response**

Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably

calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff states

that she has not consulted any health care providers, counselors, advisors regarding her "mental

condition" at any time relevant to this dispute. Plaintiff, who is a nurse, suffers from ulcerative

colitis, which manifests itself when she is undergoing stress. After being free from episodes from

approximately 1988, she began experiencing attacks beginning in or about January 2001.

**INTERROGATORY NO. 2:**
Please list, and describe in detail, the symptoms of any severe emotional distress allegedly suffered by you from January 1, 1997, whether caused by MLCC or otherwise, and identify the periods when these symptoms were most aggravated.

**Response**

Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably

calculated to lead to the discovery of admissible evidence. Subject to her objections, *see* Response

to Interrogatory 1. Additionally, plaintiff states MLCC's actions caused her such severe anxiety that

she was unable to sleep for a long time. She continually worries that her creditors will take

3

everything she owns and that her family and she will be put out on the street. As set forth above,

plaintiff's episodes of ulcerative colitis, which reappeared in January 2001 after an absence of more

than ten years, are "symptoms of severe emotional distress."

**INTERROGATORY NO. 3:**
Please identify all persons who have witnessed you under severe emotional distress, whether caused by MLCC or otherwise, and identify persons with whom you had any communication regarding your severe emotional distress and the date, time, place and substance of such communication (other than for those persons or entities listed in Response to Interrogatory No. 1).

**Response**

Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff additionally objects on the

ground that plaintiff can only identify people with whom she interacted while under distress; plaintiff

cannot say whether any such people observed behavior they considered indicative of "severe

emotional distress" (to the extent there is behavior that objectively indicates, to a layperson, the

presence of emotional distress). Subject to her objections, plaintiff responds that the following are

some people who witnessed plaintiff under severe emotional distress: Rosalie Chanler, Virginia

Kamsky, Tom Velotti, and Larry Greco.

**INTERROGATORY NO. 4:**
Please identify all events since December 1, 1999 that have caused you significant emotional distress, suffering or grief.

**Response**

Plaintiff objects to this interrogatory as vague and ambiguous. Subject to her objections,

plaintiff states that the only events since December 1, 1999 that caused her significant emotional

distress, suffering or grief were the events at issue in this action, specifically, without limitation:

MLCC's freezing of her Merrill Lynch brokerage account; MLCC's sale of the securities in that

account; MLCC's insistence that plaintiff make payments on its alleged mortgage while prohibiting

her from using the funds in her brokerage account to make such payments; and MLCC's delivery of

letters and notices purporting to warn of, and/or declare, a default on the alleged mortgage. In

addition, the death of plaintiff's father in March 2001, and dealings and disputes with her sisters in

connection with her parents' estates caused significant emotional distress.

**INTERROGATORY NO. 5:**

With respect to the renovation and/or improvement to the Land, Residence and/or Premises, (a) identify the amount of funds you authorized to finance such renovation and/or improvement prior to MLCC's involvement; (b) identify the amount of funds you authorized MLCC to release to finance such renovation and/or improvement; and (c) identify the manner, if any, by which you notified MLCC not to release funds to finance such renovation or improvement.

**Response**

Plaintiff objects to this interrogatory as vague and ambiguous to the extent it seeks information

about the renovation and/or improvement of the Land, Residence and/or Premises "prior to MLCC's

involvement." MLCC was "involved," through the making of a purchase money mortgage loan, since

the date plaintiff purchased the Property. Subject to her objections, plaintiff states:

In response to subpart (a): Prior to the alleged 1999 Loan, plaintiff paid for the renovation

and/or improvement of the Premises via payments out of Account 881-33218 at Merrill Lynch,

Pierce Fenner & Smith ("21PT Account"). This Account was set up by Jay Falini for the express

purpose of "tracking" the expenses of the renovation. Certain additional payments were made out

of Merrill Lynch Account No. 881-32781 ("CHKG Account"). Plaintiff has produced the brokerage

statements for both Accounts, from which a precise determination of the expenditures can be made.

Plaintiff will also be producing whatever invoices and/or bills she has in her possession relating to

5

the construction. However, from March 1998 through approximately September 2000, approximately $1,775,000 was disbursed from those Accounts to payees associated with the renovation.

In response to subpart (b): Plaintiff is not aware of specifically "authorizing" MLCC to release funds after the alleged 1999 Loan. Rather, it was plaintiff's understanding – from statements by Jay Falini – that MLCC would oversee the disbursement of funds, and would make such payments as it deemed appropriate. MLCC is in a better position than plaintiff to identify the funds it disbursed for the renovation. However, MLCC previously delivered to plaintiff, and plaintiff has produced in this litigation, copies of MLCC documents entitled "Construction Disbursement Budget and Sch. [sic]," which presumably set forth the sums MLCC claims it disbursed.

In response to subpart (c): plaintiff did not notify MLCC not to release funds to finance such renovation or improvement. It was plaintiff's understanding that she was engaging MLCC to oversee the construction, and to determine when disbursements were appropriate.

**INTERROGATORY NO. 6:**
For the period from January 1, 1999 until the date on which you respond to these Interrogatories, please identify all sources of income received by you from any source, including but not limited to allowances, stipends, governmental benefits, disability benefits, salaries and wages, and, with respect to each such source, state the amount of income received from that source and identify the period during which you received income from that source.

**Response**

Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:**
If you claim that any portion(s) of the Power of Attorney form where whited-out (or otherwise manipulated), please describe (a) which portions you claim were whited-out or manipulated; (b) who whited-out or manipulated any such portions; (c) whether you consented to any such whiting-out or

manipulation, and if so, to which portions; and (d) who was present during the whiting-out or manipulation.

**Response**

The Power of Attorney was whited-out, and the portions that were whited-out are obvious on the face of the document (to attempt to describe, in narrative fashion, the location of white-out on a paper would be nonsensical). All of the white-out was applied by Jay Falini. Mr. Falini did not ask for plaintiff's consent to his actions, and therefore plaintiff did not consent. Mr. Falini whited-out the document in plaintiff's house; plaintiff was with Mr. Falini at the time. Various other people, including plaintiff's husband and various contractors, were in the house at the same time. Plaintiff does not presently recall whether anyone else observed Mr. Falini adding the white-out to the power of attorney.

**INTERROGATORY NO. 8:**

8.    Please identify each and every person with personal knowledge of the facts or information relating to any and all of the events set forth in your Amended Complaint. In your response, please provide the particular event(s) of which each identified person has personal knowledge or information.

**Response**

Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff cannot possibly identify "each and every person" who has any personal knowledge about any of the facts or information set forth in the Amended Complaint. Subject to her objections, plaintiff states that the identities of persons with personal knowledge of relevant events, and the events in question, can be ascertained from the documents plaintiff has produced. Additionally, plaintiff has personal information regarding the parties' dealings, including the execution of the Power of Attorney, and dealings with Jay Falini and

7

Merrill Lynch Pierce Fenner & Smith. Jay Falini has personal knowledge concerning, *inter alia*, his representations to plaintiff concerning the alleged 1999 Loan, and the execution of the alleged power of attorney.

BEGOS & HORGAN, LLP

By:_____
       Patrick W. Begos (ct19090)
Attorneys for Plaintiff
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990
(203) 222-4833 (fax)

8

**VERIFICATION**

STATE OF CONNECTICUT          )
                             )      ss.:
COUNTY OF FAIRFIELD          )

JULIE DILLON RIPLEY MILLER, being duly sworn, deposes and says:

I am the plaintiff in this action. I have read the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES; it is true to the best of my knowledge, except as to matters stated to be alleged upon information and belief, and as to those matters I believe it to be true.

_Julie Dillon Ripley Miller_
JULIE DILLON RIPLEY MILLER

Sworn to before me this
12 th day of September, 2003

Notary Public/Commissioner of
Superior Court

9

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on September 12, 2003 to:

Thomas P. Friedman, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

_____
Patrick W. Begos

**Paul, Hastings, Janofsky & Walker LLP**
1055 Washington Boulevard, Stamford, CT 06901-2216
telephone 203-961-7400 / facsimile 203-359-3031 / internet www.paulhastings.com

# Paul*Hastings*

Atlanta
Beijing
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Stamford
Tokyo
Washington, D.C.

(203) 961-7498
thomasfriedman@paulhastings.com

October 6, 2003                                                                11413.00021

V̲i̲a̲ ̲F̲a̲c̲s̲i̲m̲i̲l̲e̲ ̲a̲n̲d̲ ̲U̲.̲S̲.̲ ̲M̲a̲i̲l̲

Patrick W. Begos, Esq.
Begos & Horgan, LLP
327 Riverside Avenue
Westport, Connecticut 06880

Re:    Julie Dillon Ripley Miller v. Merrill Lynch Credit Corporation ("MLCC")

Dear Patrick:

I write to follow-up on our extended "meet and confer" of September 19, 2003, regarding
Plaintiff's Reponses and Objections to (i) MLCC's First Request for Production of
Documents and (ii) MLCC's First Set of Interrogatories. For the reasons discussed on
September 19, we believe that Plaintiff's disclosures to date are insufficient and request that
Plaintiff supplement them prior to October 10, 2003.

As discussed, to the extent that Plaintiff is willing to withdraw certain objections and/or
affirmatively state that all non-privileged documents and information have been produced,
our discovery disputes will surely be narrowed. If Plaintiff believes that the scope of the
parties' discovery disputes can be further reduced by the filing of a Second Amended
Complaint, we note that we have no choice but to seek discovery regarding the facts
currently in dispute, and that Plaintiff can eliminate certain disputes if she files an amended
complaint. If Plaintiff is not inclined to file a Second Amended Complaint absent a
stipulation, we would ask that you promptly forward a proposed stipulation so that we, and
our client, can consider the terms of any such stipulation.

Without rehashing each request, suffice it to say that during our meet and confer, we agreed
on a number of basic premises. First, Mrs. Miller has placed her financial state at issue.
Thus, requests and interrogatories which seek information regarding her finances and assets
are relevant and complete responses are required. MLCC is entitled to information
regarding the relevant trusts, correspondence with her siblings, significant sources of income
and Mrs. Miller's tax returns. Second, Mrs. Miller has placed her mental state at issue.
Thus, requests and interrogatories which seek information regarding her mental history,
alleged anxiety and purported injuries are relevant and complete responses are required.
Third, Mrs. Miller's mitigation efforts and causation in general are at issue. Thus, requests
and interrogatories which seek information regarding her expenditures on the renovation
and reconstruction, whether before or after the 1999 loan became permanent, are relevant
and complete responses are required.

Paul*Hastings*

Patrick W. Begos, Esq.
October 6, 2003
Page 2

In turn, we have agreed to withdraw Document Request Nos. 14, 15 and 60. We look
forward to your timely response so that we can avoid unnecessary expense for our
respective clients.

Sincerely yours,

*Thomas P. Friedman*

Thomas P. Friedman
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:     Douglas C. Conroy, Esq.

STM/260417.2
11413.00021

BEGOS & HORGAN, LLP
25 Ford Road ● Westport, Connecticut 06880 ● (203) 226-9990 ● Fax: (203) 222-4833
Juris No. 418336

RETURN DATE:

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER, | : SUPERIOR COURT OF |
| | : CONNECTICUT COURT |
| Plaintiffs, | : |
| | : JUDICIAL DISTRICT OF |
| — against — | : STAMFORD |
| | : |
| MERRILL LYNCH CREDIT CORPORATION, | : |
| | : April 23, 2003 |
| Defendant. | : |

## AFFIDAVIT OF APPLICANT

STATE OF CONNECTICUT)
                                       )ss
COUNTY OF FAIRFIELD   )

JULIE DILLON RIPLEY MILLER, being duly sworn, deposes and says:

1.      I am over the age of eighteen years and believe in the obligations of an oath. I submit this affidavit in support of my application for a prejudgment remedy in this action which I am about to commence. I have not made any previous application for a prejudgment remedy with respect to this matter.

2.      I have (or had) a brokerage account with Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MLPFS") that had a substantial value. According to MLPFS account statement, my account was worth over $5 million as of January 31, 2003 and was generating more than $108,000 in annual income. The account was, and still is, my primary source of income.

3.      The stocks in my MLPFS brokerage account were old blue chip companies (like Coca Cola) that I inherited in 1996. My family acquired the stocks before 1950 and they had been held in trust

for me from 1951 to 1996. Because my family bought the stocks so long ago, selling them would lead to very large capital gains taxes and I have tried to avoid liquidating them.

4.     In May 1998, I began building my house on a piece of property that I own on Wilson Point on the Norwalk waterfront. As construction progressed, I became concerned about the costs. In the Fall of 1999, my MLPFS stock broker, Jay Falini ("Falini") suggested that I could control the costs by taking a construction loan from Merrill Lynch Credit Corporation ("MLCC"). Falini then told me that I needed a $7.5 million loan which seemed like a lot to me and my husband but we trusted Falini — he was going to be the godfather of my twins.

5.     Falini told me that a loan closing had been scheduled for December 7, 1999. As Falini knew, I was going to be in Africa from December 2 through December 22. I asked him if it was a problem that I could not be there for the closing and whether I should have a lawyer there. Falini said it was not a problem and that a lawyer "wasn't necessary" because he would be there to "protect my interests." Falini later asked me to sign a paper waiving my right to have a lawyer there.

6.     Falini told me that I needed to give Barry Newman (the accountant to whom Falini had referred me in 1998) my power of attorney for the closing. Falini sent me a blank power of attorney form and told me that he would come up from his office in Philadelphia to pick it up on December 2, 1999, the day I was leaving for Africa. I thought MLCC was giving the loan money to Mr. Newman and that the power of attorney was necessary to authorize Mr. Newman to use the money to pay my contractors. I went to my local bank on December 2 to have the power of attorney notarized. With the

BEGOS & HORGAN, LLP
25 Ford Road • Westport, Connecticut 06880 • (203) 226-9990 • Fax: (203) 222-4833
Juris No. 418336

BEGOS & HORGAN, LLP

25 Ford Road ● Westport, Connecticut 06880 ● (203) 226-9990 ● Fax: (203) 222-4833

Juris No. 418336

notary watching, I followed the instructions on the form and crossed out and initialed every power except "real estate transactions" and wrote in that I wanted Mr. Newman to be able to pay my contractors.

7.    After I signed the power of attorney in front of two witnesses and a notary public at the bank, I gave it to Falini. He said that Mr. Newman did not need authority to sell my stock but he did need more authority than I had given him. Falini then "whited out" some of my markings. Exhibit A is a copy of the power of attorney as I received it from the Town Clerk.

8.    The loan apparently closed on December 7, 1999 and construction of my house continued until it was completed by early 2001. MLCC then told me that my mortgage would be converted from "construction" to "permanent" and would have a new interest rate. But, they charged me interest at a higher rate than they said they were going to. I notified them of the problem and they told me at the end of May 2001 that they made a mistake: the Note incorrectly specified an interest rate that was higher than what they told me they would charge.

9.    Then, in mid-February 2003, I received "confirmations" from MLPFS showing that it sold all of my stocks for a total of $4,726,500.90. I called my new broker at MLPFS (Falini left in 2001) to find out what happened and she told me to call my lawyer. I did but MLCC has refused to let me use any of my money.

10.    Even if MLCC had a right to sell my stocks and block my use of my account (which it did not), what MLCC did next was truly inexplicable. Though the nearly $5 million that MLCC froze would allow it to make all payments on my mortgage for 16 years, MLCC did not use that money to make mortgage payments. Instead, in March 2003, MLCC sent me a letter threatening to make the entire

BEGOS & HORGAN, LLP
25 Ford Road • Westport, Connecticut 06880 • (203) 226-9990 • Fax: (203) 222-4833
Juris No. 418336

balance of the loan due and payable on April 21, 2003 if I did not reimburse it for real estate taxes. Thus, MLCC was apparently holding my $5 million hostage, while demanding that I raise $7,500,000 from some other source to pay off the mortgage.

11.    I have been forced to hire an independent financial advisor, Omni Solo, Inc., to help me with the financial problems created by MLCC.  I have been working with Omni Solo's Joseph L.A. Tesoriere.  Using MLPFS numbers, Mr. Tesoriere estimates that my federal and state capital gains tax liability from MLCC's sale of my stock is more than $1.1 million

12.    I have also hired lawyers, Begos & Horgan, LLP, to pursue my claims against MLCC. My lawyers advised MLCC and its lawyers of the problems with the power of attorney and asked them to hold off on foreclosing for the time being.  My lawyers also asked that the $128,000 in cash that I had in my brokerage account be returned to me so that I could pay my bills while the lawyers discussed the matter.  MLCC did not return my $128,000 or say that it would hold off on foreclosing.

13.    MLCC's actions have caused me such severe anxiety that I have not slept in a long time. Every minute of every day I worry that my creditors will take everything I own and that my family and I will be put out on the street.  As result of my distress, I have contracted ulcerative colitis.  My doctor prescribed anti-anxiety medication but it does not seem to work.

14.    I am informed that MLCC is obligated to return the $5 million that it wrongfully took from me, pay the $1.1 million capital gains tax it incurred for me, pay for my financial advisor and lawyers, and compensate me for the emotional distress that I have suffered.

- 4 -

15.    Since there is probable cause to believe that I will obtain a judgment for at least $7 million, I request that the Court grant an attachment of MLCC's assets in that amount.

Julie Dillon Ripley Miller
Julie Dillon Ripley Miller

Sworn to before me this
23  day of April, 2003

Commissioner of the Superior Court

BEGOS & HORGAN, LLP
25 Ford Road • Westport, Connecticut 06880 • (203) 226-9990 • Fax: (203) 222-4833
Juris No. 418336

- 5 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------x

JULIE DILLON RIPLEY MILLER,           :

                 :    Case No.03-CV-1016 (RNC)(DFM)

        Plaintiff,         :

                 :

    – against –         :    September 12, 2003

                 :

MERRILL LYNCH CREDIT CORPORATION,   :

                 :

        Defendant.      :

-------------------------------------------------------------------x

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Julie Dillon Ripley Miller, by her attorneys, Begos & Horgan, LLP, for her response to Defendant's First Set of Interrogatories ("Interrogatories") responds as follows:

### GENERAL OBJECTIONS

1.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent that it imposes, attempts to impose, or purports to impose obligations different from or beyond those imposed by the Federal Rules of Civil Procedure; the Local Rules of the District of Connecticut; and/or the Rule 26(f) Report of Planning Conference in this action.

2.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent that it seeks the production of information without time limitations, or for time periods that are irrelevant to the claim at issue in this action. Specifically, and without limitation, plaintiff objects to the extent the Requests seek information "through the present."

3.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent that the information sought is not within Plaintiff's personal knowledge, and/or cannot be ascertained after a good faith review of those documents likely to have responsive information.

4.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent it seeks information which is within Defendant's personal knowledge or which Defendant may obtain from a source other than Plaintiff, and the requested production by such other source would be less burdensome and/or costly to such other sources than the requested production would be to Plaintiff.

5.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent it seeks information or documents subject to the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, that constitute or reflect communication subject to such privilege, or that are encompassed within any other privilege.  Inadvertent production or disclosure of any such information shall not constitute a waiver of any such privilege or immunity, and Plaintiff reserves the right to demand the return of any such document from, or destruction of any information by, the party to whom it was inadvertently produced.

6.    Plaintiff objects to each instruction, definition, interrogatory and request to the extent it does not seek the discovery of facts relevant to the claim or defense of any party and is not material to and/or necessary to the prosecution of this action, or is not reasonably calculated to lead to the discovery of relevant evidence, and to the extent that it is overly broad, ambiguous and/or would impose unreasonable and undue burden and expense on Plaintiff.

7.    These general objections are hereby incorporated into each specific answer and objection as if fully set forth therein.  Citation to a particular general objection in the specific objections below is not a waiver of any general objection not cited therein

8.    Plaintiff reserves the right to correct, amend, modify or supplement these responses from time to time at any time in the future, as warranted by the circumstances. Plaintiff will supplement

2

its responses to the extent required by the Federal Rules of Civil Procedure and/or the Local Rules

of the District of Connecticut.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify all health care providers, counselors, advisors and/or any person you consulted regarding your mental condition at any time, including but not limited to physicians, psychologists, psychiatrists, social workers, therapists, hospitals, counselors, advisors, crisis counselors, social workers, mental health workers, holistic health workers, or other professionals, professional organizations, charitable organizations, non-profit organizations from whom or from which you sought treatment or counseling, and, for each person or entity identified, the period of any such counseling or treatment.

**Response**

Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, plaintiff states that she has not consulted any health care providers, counselors, advisors regarding her "mental condition" at any time relevant to this dispute. Plaintiff, who is a nurse, suffers from ulcerative colitis, which manifests itself when she is undergoing stress. After being free from episodes from approximately 1988, she began experiencing attacks beginning in or about January 2001.

**INTERROGATORY NO. 2:**
Please list, and describe in detail, the symptoms of any severe emotional distress allegedly suffered by you from January 1, 1997, whether caused by MLCC or otherwise, and identify the periods when these symptoms were most aggravated.

**Response**

Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Subject to her objections, *see* Response to Interrogatory 1. Additionally, plaintiff states MLCC's actions caused her such severe anxiety that she was unable to sleep for a long time. She continually worries that her creditors will take

3

everything she owns and that her family and she will be put out on the street. As set forth above,

plaintiff's episodes of ulcerative colitis, which reappeared in January 2001 after an absence of more

than ten years, are "symptoms of severe emotional distress."

**INTERROGATORY NO. 3:**
    Please identify all persons who have witnessed you under severe emotional distress, whether
caused by MLCC or otherwise, and identify persons with whom you had any communication
regarding your severe emotional distress and the date, time, place and substance of such
communication (other than for those persons or entities listed in Response to Interrogatory No. 1).

**Response**

    Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff additionally objects on the

ground that plaintiff can only identify people with whom she interacted while under distress; plaintiff

cannot  say whether any such people observed behavior they considered indicative of "severe

emotional distress" (to the extent there is behavior that objectively indicates, to a layperson, the

presence of emotional distress). Subject to her objections, plaintiff responds that the following are

some people who witnessed plaintiff under severe emotional distress: Rosalie Chanler, Virginia

Kamsky, Tom Velotti, and Larry Greco.

**INTERROGATORY NO. 4:**
    Please identify all events since December 1, 1999 that have caused you significant emotional
distress, suffering or grief.

**Response**

    Plaintiff objects to this interrogatory as vague and ambiguous. Subject to her objections,

plaintiff states that the only events since December 1, 1999 that caused her significant emotional

distress, suffering or grief were the events at issue in this action, specifically, without limitation:

MLCC's freezing of her Merrill Lynch brokerage account; MLCC's sale of the securities in that

account; MLCC's insistence that plaintiff make payments on its alleged mortgage while prohibiting

her from using the funds in her brokerage account to make such payments; and MLCC's delivery of

letters and notices purporting to warn of, and/or declare, a default on the alleged mortgage. In

addition, the death of plaintiff's father in March 2001, and dealings and disputes with her sisters in

connection with her parents' estates caused significant emotional distress.

**INTERROGATORY NO. 5:**
   With respect to the renovation and/or improvement to the Land, Residence and/or Premises,
(a) identify the amount of funds you authorized to finance such renovation and/or improvement prior
to MLCC's involvement; (b) identify the amount of funds you authorized MLCC to release to
finance such renovation and/or improvement; and (c) identify the manner, if any, by which you
notified MLCC not to release funds to finance such renovation or improvement.

**Response**

   Plaintiff objects to this interrogatory as vague and ambiguous to the extent it seeks information

about the renovation and/or improvement of the Land, Residence and/or Premises "prior to MLCC's

involvement." MLCC was "involved," through the making of a purchase money mortgage loan, since

the date plaintiff purchased the Property. Subject to her objections, plaintiff states:

   In response to subpart (a): Prior to the alleged 1999 Loan, plaintiff paid for the renovation

and/or improvement of the Premises via payments out of Account 881-33218 at Merrill Lynch,

Pierce Fenner & Smith ("21PT Account"). This Account was set up by Jay Falini for the express

purpose of "tracking" the expenses of the renovation. Certain additional payments were made out

of Merrill Lynch Account No. 881-32781 ("CHKG Account"). Plaintiff has produced the brokerage

statements for both Accounts, from which a precise determination of the expenditures can be made.

Plaintiff will also be producing whatever invoices and/or bills she has in her possession relating to

the construction. However, from March 1998 through approximately September 2000, approximately

$1,775,000 was disbursed from those Accounts to payees associated with the renovation.

In response to subpart (b): Plaintiff is not aware of specifically "authorizing" MLCC to release

funds after the alleged 1999 Loan. Rather, it was plaintiff's understanding -- from statements by Jay

Falini -- that MLCC would oversee the disbursement of funds, and would make such payments as

it deemed appropriate. MLCC is in a better position than plaintiff to identify the funds it disbursed

for the renovation. However, MLCC previously delivered to plaintiff, and plaintiff has produced in

this litigation, copies of MLCC documents entitled "Construction Disbursement Budget and Sch

[sic]," which presumably set forth the sums MLCC claims it disbursed.

In response to subpart (c): plaintiff did not notify MLCC not to release funds to finance such

renovation or improvement. It was plaintiff's understanding that she was engaging MLCC to oversee

the construction, and to determine when disbursements were appropriate.

**INTERROGATORY NO. 6:**
For the period from January 1, 1999 until the date on which you respond to these
Interrogatories, please identify all sources of income received by you from any source, including but
not limited to allowances, stipends, governmental benefits, disability benefits, salaries and wages,
and, with respect to each such source, state the amount of income received from that source and
identify the period during which you received income from that source.

**Response**

Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably

calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:**
If you claim that any portion(s) of the Power of Attorney form where whited-out (or otherwise
manipulated), please describe (a) which portions you claim were whited-out or manipulated; (b) who
whited-out or manipulated any such portions; (c) whether you consented to any such whiting-out or

manipulation, and if so, to which portions; and (d) who was present during the whiting-out or manipulation.

**Response**

The Power of Attorney was whited-out, and the portions that were whited-out are obvious on the face of the document (to attempt to describe, in narrative fashion, the location of white-out on a paper would be nonsensical). All of the white-out was applied by Jay Falini. Mr. Falini did not ask for plaintiff's consent to his actions, and therefore plaintiff did not consent. Mr. Falini whited-out the document in plaintiff's house; plaintiff was with Mr. Falini at the time. Various other people, including plaintiff's husband and various contractors, were in the house at the same time. Plaintiff does not presently recall whether anyone else observed Mr. Falini adding the white-out to the power of attorney.

**INTERROGATORY NO. 8:**

8.    Please identify each and every person with personal knowledge of the facts or information relating to any and all of the events set forth in your Amended Complaint. In your response, please provide the particular event(s) of which each identified person has personal knowledge or information.

**Response**

Plaintiff objects to this interrogatory as over-broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff cannot possibly identify "each and every person" who has any personal knowledge about any of the facts or information set forth in the Amended Complaint. Subject to her objections, plaintiff states that the identities of persons with personal knowledge of relevant events, and the events in question, can be ascertained from the documents plaintiff has produced. Additionally, plaintiff has personal information regarding the parties' dealings, including the execution of the Power of Attorney, and dealings with Jay Falini and

Merrill Lynch Pierce Fenner & Smith. Jay Falini has personal knowledge concerning, *inter alia*, his representations to plaintiff concerning the alleged 1999 Loan, and the execution of the alleged power of attorney.

BEGOS & HORGAN, LLP

By: _____

Patrick W. Begos (ct19090)
Attorneys for Plaintiff
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990
(203) 222-4833 (fax)

8

## VERIFICATION

STATE OF CONNECTICUT     )
                                     )    ss.:

COUNTY OF FAIRFIELD       )

     JULIE DILLON RIPLEY MILLER, being duly sworn, deposes and says:

     I am the plaintiff in this action. I have read the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES; it is true to the best of my knowledge, except as to matters stated to be alleged upon information and belief, and as to those matters I believe it to be true.

                                                                  JULIE DILLON RIPLEY MILLER

Sworn to before me this
12 TH day of September, 2003

Notary Public/Commissioner of
Superior Court

9

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on September 12, 2003 to:

Thomas P. Friedman, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

Patrick W. Begos

10