UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER, | CIVIL NO. 3:03-CV-1016 (RNC) |
| Plaintiff and Counterclaim Defendant, | |
| - against - | |
| MERRILL LYNCH CREDIT CORPORATION | October 29, 2003 |
| Defendant and Counterclaimant. | |

## JOINT STATUS REPORT

Pursuant to the Court's Order Regarding Case Management Plan dated August 4, 2003, the parties hereby submit the following Joint Status Report addressing the matters listed in Fed. R. Civ. P. 16(c).

I.   **BRIEF DESCRIPTION OF CASE**

A.   **Claims of Plaintiff**

Relying on an invalid pledge agreement, Defendant converted Plaintiff's securities account to its own use and incurred tax liabilities for Plaintiff. Defendant also acted negligently, fraudulently, and deceptively in connection with its purported construction loan to Plaintiff.

B.   **Defenses and Claims of Defendant**

Defendant denies Plaintiff's substantive allegations as to invalidity, asserts numerous affirmative defenses including laches, waiver, estoppel and ratification and counterclaims for foreclosure. Defendant further denies that it acted negligently, fraudulently or deceptively in connection with the loan to Plaintiff.

## II.    **RULE 16(C) ISSUES**

Pursuant to the Superseding Scheduling Order of Magistrate Judge Donna F. Martinez, dated September 29, 2003, the parties have been directed to confer in an attempt to arrive at stipulations of fact, and to submit such stipulations prior to November 13, 2003, in furtherance of the disposition of Plaintiff's request for a prejudgment remedy. The prejudgment remedy hearing is scheduled for November 20 and 21, 2003.

1.    **Rule 16(c)1:** The parties will attempt to simplify the issues as part of the above-referenced conference.

2.    **Rule 16(c)2:** The parties have submitted a Joint Motion Regarding Pre-Trial Issues dated October 29, 2003, filed, in part, to permit Plaintiff to add an additional defense to Defendant's counterclaim. The parties are also discussing the possibility of Plaintiff withdrawing her claims for emotional distress to narrow the issues for discovery and trial.

3.    **Rule 16(c)3:** The parties will attempt to stipulate to facts and to the admissibility of evidence as part of the above-referenced conference.

4.    **Rule 16(c)4:** The parties will confer regarding the avoidance of unnecessary and cumulative evidence as part of the above-referenced conference.

5.    **Rule 16(c)5:** Plaintiff anticipates seeking summary judgment on her conversion claim. Defendant will seek summary judgment for its counterclaim of foreclosure and on all of Plaintiff's claims following the hearing for Plaintiff's motion for prejudgment remedy.

6.    **Rule 16(c)6:** Currently pending is Defendant's Motion to Compel Plaintiff to Provide Responses to its First Request For Production of Documents and First Set of

Interrogatories. Plaintiff's opposition is due November 7, 2003. The parties are further conferring in an effort to narrow the issues posed by this motion.

       7.    **Rule 16(c)7:** The parties anticipate that Plaintiff Julie Dillon Ripley Miller and former Merrill Lynch, Pierce, Fenner & Smith employee, Jay K. Falini, will be witnesses and are in discussion regarding further witnesses and evidence.

       8.    **Rule 16(c)8:** The parties are not presently seeking additional referral to the Magistrate Judge.

       9.    **Rule 16(c)9:** The parties have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

      10.    **Rule 16(c)10:** The parties respectfully defer at this time regarding the form and substance of the pretrial order.

      11.    **Rule 16(c)11:** Two motions are currently pending: (i) Defendant's Motion to Compel Plaintiff to Provide Responses to Its First Request For Production of Documents and First Set of Interrogatories (Plaintiff's opposition is due November 7, 2003); and (ii) Joint Motion Regarding Pre-Trial Issues. The Joint Motion seeks to reschedule expert disclosure dates *without* impacting the close of discovery, and acknowledges Defendant's consent to Plaintiff adding an affirmative defense.

      12.    **Rule 16(c)12:** Not applicable.

      13.    **Rule 16(c)13:** Neither party is currently contemplating seeking a bifurcated trial, although either may seek such relief well in advance of trial.

      14.    **Rule 16(c)14:** Not applicable.

15.    **Rule 16(c)15**: The parties agree that it is premature at this time to determine

the amount of time required for presenting evidence at trial.

As officers of the Court, undersigned counsel agree to cooperate with each other and

the Court to promote the just, speedy and inexpensive determination of this action.


By: _____ Date: Oct. 29, 2003        By: _____ Date: Oct. 29, 2003
Patrick W. Begos, ct19090                        Thomas P. Friedman, ct24947
Begos and Horgan LLP                             Paul, Hastings, Janofsky & Walker LLP
327 Riverside Avenue                             1055 Washington Boulevard
Westport, CT 06880                               Stamford, CT  06901-2217
Telephone:  (203) 226-9990                       Telephone:  (203) 961-7400
Facsimile:  (203) 222-4833                       Facsimile:   (203) 359-3031
Email: pwb@begoshorgan.com                       Email: thomasfriedman@paulhastings.com

Counsel for Plaintiff JULIE DILLON               Counsel for Defendant MERRILL LYNCH
RIPLEY MILLER                                    CREDIT CORPORATION


-4-

CERTIFICATE OF SERVICE

This is to certify that on this 29 day of October, 2003, a copy of the foregoing Joint Status Report

was sent via first class U.S. Mail to:

>   Patrick W. Begos, Esq.
>   BEGOS & HORGAN, LLP
>   327 Riverside Avenue
>   Westport, CT 06880

_Thomas P. Fried_

Thomas P. Friedman

STM/261973.1
11413.00021

-5-