UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>Plaintiff and Counterclaim Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>Defendant and Counterclaimant. | NO. 3:03FCV1016(RNC)(DFM)<br><br><br><br>November 25, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LATE-FILED JURY DEMAND

Defendant and Counterclaimant Merrill Lynch Credit Corporation ("MLCC") respectfully submits this Memorandum of Law in Support of Defendant's Motion to Strike Plaintiff's Late-Filed Jury Demand. The demand was served using as a pretext the stipulated filing of a Second Amended Complaint, which merely dropped two causes of action, and contained no mention of a jury demand. After failing to file and serve a jury demand within the time prescribed for removed cases, the Rules of Civil Procedure offered Plaintiff three alternatives:

(i) try her legal and equitable claims to the Court;

(ii) seek leave of Court pursuant to Federal Rule 6(b) or Local Civil Rule 7(b) (enlarging time limits); or

(iii) file a motion pursuant to Rule 39(b) of the Federal Rules of Civil Procedure (discretion of Court to order trial by jury "upon motion" by party).

In a transparent attempt to evade the legal and evidentiary burdens presented by making a motion under alternatives (ii) or (iii), Plaintiff ignored the applicable Rules of Civil Procedure and unilaterally opted to file a belated jury demand. By proceeding in this manner,

**ORAL ARGUMENT REQUESTED**

Plaintiff improperly circumvented the application of the Federal Rules pertaining to jury demands.

Moreover, the circumstances surrounding the filing of the jury demand favor a ruling to strike the demand. In rare instances, the filing of an amended pleading alleging genuinely new claims revives a party's limited right to a jury trial. This is not such a case. Rather, Plaintiff served a separate one page jury demand after the execution of a Stipulation with respect to a Second Amended Complaint which <u>dismissed</u> Plaintiff's emotional distress claims in their entirety, and which was filed to narrow a discovery dispute related to those claims, and which contained no jury demand. The Second Amended Complaint was contemplated by a stipulation entered into **"solely to narrow issues and expedite the prosecution of this action."** Stipulation of 11/5/03 at 2. The Stipulation would not have been agreed to by defense counsel had the Second Amended Complaint contained a jury demand. No new claims or allegations were added. Under any reasonable interpretation, filing a belated jury demand does not fall within the scope of narrowing the issues and expediting the prosecution of this action.

While Plaintiff has temporarily, through this ploy, shifted the burden of raising this issue with the Court, Plaintiff cannot satisfy the burden of establishing that her late-filed jury demand should be permitted. Rule 1 of the Federal Rules of Civil Procedure states that the Rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action." MLCC submits that it is not "just," nor would it result in a "speedy" determination of this action, to condone Plaintiff's deceptive conduct and disregard for applicable rules of court. Accordingly, MLCC respectfully requests that the Court strike Plaintiff's jury demand.

## FACTUAL BACKGROUND

The facts relevant to this Motion to Strike are limited and straight-forward. On April 23, 2003, Plaintiff initiated this lawsuit against MLCC in Connecticut state court. Affidavit of Thomas P. Friedman in Support of Defendant's Motion to Strike Plaintiff's Late-Filed Jury Demand ("Friedman Aff.") at ¶2. At no time did Plaintiff demand a jury in the Connecticut action. Id. On June 6, 2003, MLCC removed the action to this Court. Id.

On July 11, 2003, Plaintiff filed an eleven count Amended Complaint alleging, *inter alia*, negligent infliction of emotional distress and intentional infliction of emotional distress. Id. at ¶3 & Amended Complaint attached as Ex. 1 to Friedman Aff. at 7-8. Plaintiff filed an Answer and Counterclaim for Foreclosure on July 25, 2003. Id. Defendant also propounded discovery reasonably calculated to lead to the discovery of admissible evidence with respect to Plaintiff's claims, including her emotional distress claims. Friedman Aff. at ¶3. Plaintiff responded to some items of discovery, but objected to the majority of the discovery directed to the allegations of emotional distress. Id. at ¶4. Plaintiff eventually proposed that she voluntarily dismiss the emotional distress claims without prejudice to "narrow the issues and expedite the prosecution of this action." See Letter from P. Begos to T. Friedman of 10/15/03, attached as Ex. 2 to Friedman Aff. at 2.

With this negotiation history in mind, the stipulation dated November 5, 2003 (the "Stipulation") was executed and included the following preamble: "WHEREAS the parties desire to narrow the issues in this action for discovery and trial." The Stipulation also included the following term: "[t]he parties agree that this Stipulation is entered into solely to narrow issues and expedite the prosecution of this action." See Friedman Aff. at ¶5 & Ex. 3 at 1, 2. Based on the October 15 letter, and the terms of the Stipulation, Defendant consented to the

3

voluntary dismissal of Plaintiff's emotional distress claims and agreed to withdraw discovery related to those claims. See Id. & Ex. 3 at 2. The Stipulation would not have been agreed to by defense counsel had the Second Amended Complaint contained a jury demand. Friedman Aff. at ¶6. On November 10, Plaintiff formally served both a Second Amended Complaint and included a purported separate demand for a jury trial "for all issues in this action." See Ex.'s 4 & 5 to Friedman Aff. (emphasis added).

## ARGUMENT

### I. AS A MATTER OF LAW, PLAINTIFF'S FAILURE TO FILE A TIMELY JURY DEMAND CONSTITUTES A WAIVER OF TRIAL BY JURY

#### A. Plaintiff Waived Any Right to a Jury Trial by Failing to Comply with the Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure proceed on the basic premise that a jury trial is waived unless a timely demand is filed. See Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967); Gallela v. Onassis, 487 F.2d 986, 996-97 (2d Cir. 1973); Fed. R. Civ. P. 38. Rule 38(b) requires that demand for a jury trial on an issue must be filed "not later than 10 days after the service of the last pleading directed to such issue." Plaintiff failed to comply with Rule 38 for the reasons stated in Section I.B. In a case removed from state court, special provisions regarding jury demand requirements may apply pursuant to Rule 81(c), which provides in relevant part:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefore is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service of the party of the notice of filing of the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury,

4

> they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. . . . <u>The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury</u>.

Fed. R. Civ. P. 81(c) (emphasis added).

Because all the pleadings in this action had not been served prior to removal, the first prong of Rule 81(c) is inapplicable. Further, the second prong is inapplicable because Plaintiff had not made a jury demand in state court prior to removal. Friedman Aff. at ¶2. But, under Connecticut General Statute Section 52-215, there is a fixed time limit in which a jury demand must be made: either "within thirty days after the return day" or "within ten days after [an] issue of fact is joined." See <u>Home Oil Co. v. Todd</u>, 195 Conn. 333, 487 A.2d 1095 (1985). There is no provision for relieving a party of the effect of a failure to comply where there is no prejudice to the other party; rather, "all cases not entered in the docket as jury cases under the foregoing provisions . . . *shall* be entered on the docket as court cases, and *shall* . . . be disposed of as court cases." <u>Id.</u> (citing Conn. Gen. Stat. §52-215) (emphases in original). Therefore, Plaintiff must have claimed trial by jury pursuant to Rule 38 to avoid a waiver under Rule 81(c).

**B.  <u>Because Plaintiff's Second Amended Complaint Does Not Raise Any New Issues, It Cannot Revive a Right to Jury Trial</u>**

Plaintiff may file a jury demand "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed at such issue[.]" Fed. R. Civ. P. 38(a). Defendant filed its Answer and Counterclaim on July 25, 2003. Friedman Aff. at ¶3. Plaintiff did not file a jury demand until November 10, 2003. The jury demand was therefore untimely under Rule 38.

Under settled Second Circuit law, "[a]n amended Complaint will only give rise to a new period within which to demand a jury if new issues are presented in the amendment, and then the demand may only pertain to trial of those issues." Saluddhin v. Harris, 684 F.Supp. 1224, 1228 (S.D.N.Y. 1988); Berisford Capital Corp. v. Syncom Corp., 650 F.Supp. 999, 1001 (S.D.N.Y. 1987) ("The law of this Circuit is that '[i]f the original complaint is subsequently amended, the right to demand a jury trial is revived . . . only if the amendment changes the issues.") (citing Lanza v. Drexel Co., 479 F.2d 1277, 1310 (2d Cir. 1973) (en banc) (ellipsis in original); see also Dobson v. Chicago and Northeast Illinois Dist, United Brotherhood of Carpenters, 716 F.Supp. 1096, 1101 (N.D. ILL. 1989 ("the [belated] jury demand is appropriate only with respect to [] new issues – it cannot operate retroactively to excuse a pre-existing Rule 38(b) failure.") (citing Saluddhin).

Courts typically cite to the rule in Saluddhin, Berisford, Lanza and Dobson, prior to determining if a pleading has raised "new issues" sufficient to warrant a renewed, but limited, right to a jury trial -- such an analysis is unnecessary here. Plaintiff's Second Amended Complaint only dismisses her emotional distress claims. Thus, there are no "new issues" to analyze, and no possibility of reviving a right to jury trial. Because Plaintiff did not demand a jury in accordance with Rules 38 or 81(c), Plaintiff has waived any right she may have had to demand a trial by jury.

## II. THE COURT SHOULD STRIKE PLAINTIFF'S JURY DEMAND DUE TO PLAINTIFF'S NEGLIGENT AND MISLEADING CONDUCT

### A. Plaintiff Neglected Multiple Opportunities to Properly Demand a Jury Trial

Without breaching any rules of court, Plaintiff had multiple opportunities to demand a jury trial and failed to do so. Plaintiff could have demanded a jury at the time she filed her initial Complaint in Connecticut state court. See Conn. Gen. Stat. §52-215. Once in federal court, Plaintiff could have demanded a jury trial "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed at such issue[.]" Fed. R. Civ. Proc. 38(a) (emphasis added). Finally, Defendant filed its Answer and Counterclaim on July 25, 2003, the last pleading directed to an issue with a legal claim.[1] Plaintiff did not file and serve a jury demand within 10 days of this pleading. Thus, Plaintiff failed to demand a jury trial on at least two specific occasions and on an ongoing basis since this action was removed on June 6, 2003. Moreover, as discussed in Section II.B and II.C below, her failure in this regard is compounded by the fact that she opted to unilaterally "remedy" the failure by filing a jury demand in contravention of the parties' Stipulation of November 5.

### B. Plaintiff Improperly Failed to Seek Leave of Court To File Out of Time

The Local Civil Rules of the District of Connecticut and the Federal Rules of Civil Procedure offered Plaintiff two options to seek leave of Court to file a belated jury demand. Plaintiff could have sought leave to file a jury demand out of time pursuant to Rule 39:

---

[1] Plaintiff's demand purports to seek a jury trial for *all* issues. See Ex. 5 to Friedman Aff. at 1. This is spurious. As an initial matter, it is black letter law that a claim for foreclosure is an equitable claim to which no jury right attaches. See, e.g., Hartford Fed. Sav. and Loan Assoc. v. Lenczyk, 153 Conn. 457, 463 217 A.2d 694, 697 (1966) ("foreclosure is peculiarly an equitable action"). As for Plaintiff's claims and defenses and MLCC's defenses, they are all either equitable, or the right to a jury has been waived.

7

> Issues not demanded for trial by jury as provided by Rule 38 shall be tried by the court; but notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the Court in its discretion upon motion may order a trial by a jury of any or all issues.

Fed. R. Civ. P. 39(b) (emphasis added).

Rule 39 specifically contemplates a manner by which Plaintiff could have sought relief from her failure to file a jury demand without ignoring the rights of the Defendant and the discretion of this Court. By raising Rule 39, Defendant does not seek to argue the merits of a Rule 39(b) motion, as Plaintiff has not made any such motion. Similarly, Plaintiff could have sought relief pursuant to Rule 6 of the Federal Rules (enlarging time) or Rule 7(b) of the Local Rules (same). Defendant submits that, in the interests of a "just" and "speedy" resolution, see Rule 1, this Motion to Strike should be dispositive of any jury trial issue in this matter. Plaintiff not only failed to comply with Rules 38 and 81(c), but compounded that failure by her blatant disregard for the procedures mandated for this Court. The only conceivable explanation for this conduct is that Plaintiff knew such a motion was not warranted on the facts set forth above.

    **C.**     **Plaintiff's Conduct Fails to Narrow the Issues and Expedite the Prosecution of this Action in Contravention of the Terms of the Parties' Stipulation and Rule 1 of the Federal Rules**

Plaintiff filed an eleven count Amended Complaint on July 11, 2003, alleging, *inter alia*, negligent infliction of emotional distress and intentional infliction of emotional distress. See Ex. 1 to Friedman Aff. at 7-8. In a letter dated October 15, Plaintiff proposed that she voluntarily dismiss the emotional distress claims without prejudice to "narrow the issues and expedite the prosecution of this action." See Ex. 2 to Friedman Aff. at 2. The October 15 letter from states that "[counsel is] prepared to withdraw Ms. Miller's claim for emotional distress, solely: (i) to narrow the issues in the case; (ii) in exchange for MLCC's agreement not to seek

discovery into Ms. Miller's medical/emotional condition, <u>and not to rely on the withdrawal to any advantage</u>." Ex. 2 to Friedman Aff. at 2 (emphasis added). Defendant submits that, given this proposal, Plaintiff cannot reasonably rely on the filing of the Second Amended Complaint to *her* advantage.

The Stipulation was executed on November 5 and included the following preamble: "WHEREAS the parties desire to narrow the issues in this action for discovery and trial." The Stipulation also included the following term: "[t]he parties agree that this Stipulation is entered into solely to narrow issues and expedite the prosecution of this action." See Ex. 3 to Friedman Aff. at 1, 2.

Based on the October 15 letter, and the terms of the Stipulation, Defendant consented to the voluntary dismissal of Plaintiff's claims and agreed to withdraw discovery related to those claims. Id. at ¶2. On November 10, nine weeks prior to the deadline for all discovery, Plaintiff served the Second Amended Complaint, now, suddenly, accompanied by a purported jury demand "for all issues in this action." See Ex.'s 4 & 5 to Friedman Aff. This Court should enforce the terms of the parties' Stipulation and strike Plaintiff's jury demand which contradicts the letter and spirit of the Stipulation.

In the absence of manifest injustice, courts in this Circuit enforce stipulations of the parties. See Sinicropi v. Milone, 915 F.2d 66, 68-69 (2nd Cir. 1990) (error for district court not to enforce stipulation which party entered into knowingly and voluntarily). Stipulations are especially favored that narrow issues for trial. Id. In addition to the reasons cited above, this Court should strike Plaintiff's purported jury demand in light of the terms of the Parties' Stipulation dated November 5, 2003. The Stipulation states that it was entered into solely to narrow the issues and "expedite prosecution of this action," yet Plaintiff has sought to bootstrap

9

an improper jury demand to Defendant's good faith attempt to narrow the issues in dispute, in a manner calculated to do anything but "expedite prosecution."

Further, Rule 1 of the Federal Rules of Civil Procedure states that the Rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action." MLCC submits that it is not "just," nor would it result in a "speedy" determination of this action, to condone Plaintiff's questionable conduct and blatant disregard for the applicable rules of court. Defendant respectfully requests that this Court enforce the plain terms of the parties' Stipulation, as well as the language of Rules 6 and 39 and Local Rule 7(b), to ensure the just and speedy determination of this issue, and, ultimately, this action.

Dated: November 25, 2003
Stamford, Connecticut

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Douglas C. Conroy, ct11555
Thomas P. Friedman, ct24947
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: douglasconroy@paulhastings.com
       thomasfriedman@paulhastings.com

Counsel for Defendant and Counterclaimant
MERRILL LYNCH CREDIT CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of November, 2003, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LATE-FILED JURY DEMAND was delivered via U.S. first class mail to:

>Patrick W. Begos, Esq.
>BEGOS & HORGAN, LLP
>327 Riverside Avenue
>Westport, CT 06880

_____
Thomas P. Friedman

STM/263506.2
11413.00021