UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 26  A  9: 32

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER, | NO. 3:03-CV-1016 (RNC)(DFM) |
| Plaintiff and Counterclaim Defendant, | |
| - against - | |
| MERRILL LYNCH CREDIT CORPORATION, | November 25, 2003 |
| Defendant and Counterclaimant. | |

**AFFIDAVIT OF THOMAS P. FRIEDMAN IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S LATE-FILED JURY DEMAND**

Thomas P. Friedman hereby certifies as follows:

1.      I am an associate with the law firm of Paul, Hastings, Janofsky & Walker, LLP,

counsel of record for Defendant and Counterclaimant Merrill Lynch Credit Corporation

("MLCC") in the above-captioned action.  I file this Affidavit in support of Defendant's Motion

to Strike Plaintiff's Late-Filed Jury Demand.

2.      On April 23, 2003, Plaintiff initiated this lawsuit against MLCC in Connecticut

state court.  At no time did Plaintiff demand a jury in the Connecticut action.  On June 6, 2003,

MLCC removed the action to this Court.  On July 11, 2003, Plaintiff filed an eleven count

Amended Complaint alleging, *inter alia*, negligent infliction of emotional distress and intentional

infliction of emotional distress.  The Amended Complaint is attached hereto as Exhibit 1.

3.      Plaintiff filed an Answer and Counterclaim for Foreclosure on July 25, 2003.

Defendant propounded discovery reasonably calculated to lead to the discovery of admissible

evidence with respect to Plaintiff's claims, including her emotional distress claims.

4.      Plaintiff responded to some items of discovery, but objected to the majority of the discovery directed to the allegations of emotional distress.  Plaintiff eventually proposed that she voluntarily dismiss the emotional distress claims without prejudice to "narrow the issues and expedite the prosecution of this action."  <u>See</u> Letter from Patrick Begos to Thomas Friedman of October 15, 2003 attached hereto as Exhibit 2.

5.      With this negotiation history in mind, the stipulation dated November 5, 2003 (the "Stipulation") was executed and included the following preamble: "WHEREAS the parties desire to narrow the issues in this action for discovery and trial."  The Stipulation also included the following term: "[t]he parties agree that this Stipulation is entered into solely to narrow issues and expedite the prosecution of this action."  <u>See</u> Stipulation attached hereto as Exhibit 3.

6.      Based on the October 15 letter, and the terms of the Stipulation, Defendant consented to the voluntary dismissal of Plaintiff's emotional distress claims and agreed to withdraw discovery related to those claims.  The Stipulation would not have been agreed to by defense counsel had the Second Amended Complaint contained a jury demand.  On November 10, Plaintiff served both a Second Amended Complaint and, for the first time, a separate purported jury demand "for all issues in this action."  The Second Amended Complaint is attached hereto as Exhibit 4 and the purported jury demand is attached hereto as Exhibit 5.

DATED: November 25, 2003.

_____
Thomas P. Friedman

2

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of November, 2003, a copy of the foregoing
AFFIDAVIT OF THOMAS P. FRIEDMAN IN SUPPORT OF DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S LATE-FILED JURY DEMAND was delivered via U.S. first class mail
to:

> Patrick W. Begos, Esq.
> BEGOS & HORGAN, LLP
> 327 Riverside Avenue
> Westport, CT 06880

Thomas P. Friedman

STM/263842.1
11413.00021

3