UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD

FILED

-------------------------------------------------------x

JULIE DILLON RIPLEY MILLER,

       Plaintiff,

      – against –

MERRILL LYNCH CREDIT CORPORATION,

       Defendant.

-------------------------------------------------------x

2003 DEC 24  A 11: 3?

Case No. 3:03CV1016(RNC)(DFM)
HARTFORD, CT.

December 15, 2003

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY DEMAND AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR EXTENSION OF TIME TO FILE A JURY DEMAND

Plaintiff, Julie Dillon Ripley Miller, by her attorneys, Begos & Horgan, LLP, submits this brief in opposition to defendant's motion to strike plaintiff's jury demand, and in support of her cross-motion for extension of time to file a jury demand.

### PRELIMINARY STATEMENT

This action was commenced by Ms. Miller in state court, and removed by defendant, Merrill Lynch Credit Corp. ("MLCC"). Accordingly, Fed. R. Civ. P. 81(c) governs the filing of a jury demand, not Rule 38. Because Rule 81(c) does not specifically address a procedure for a case that was removed with the unique procedural posture of this case, the Court should conclude that no jury demand was required unless and until ordered by the Court. Accordingly, Ms. Miller's jury demand was timely (*see* Point I, *infra*).

Even if the Court interprets Rule 81(c) in a different manner, the Court can, and should, extend the time to file a jury demand, because, *inter alia*, Ms. Miller's claims are traditionally tried to a jury, and MLCC has alleged no prejudice from a late demand (*see* Point II, *infra*).

## STATEMENT OF FACTS

There is no dispute that this action was commenced in state court, and removed by MLCC (Declaration of Patrick W. Begos, ¶ 2). At the time of removal, the only paper that had been filed in state court was Ms. Miller's application for prejudgment remedy (*id.*). Specifically, MLCC's counsel affirmed in the Notice of Removal that only a "proposed Complaint" -- consistent with Connecticut state practice – had been filed (*id.* Ex. A, ¶ 8).

Both Patrick Begos and Christopher Brown, the two partners in Begos & Horgan with responsibility for this action, believed that the removal papers served and filed by MLCC contained an indication that MLCC demanded a jury trial (Begos Dec., ¶ 3). In or about November 2003, however, Mr. Begos had occasion to check the Court's online docket, and saw that the Court did not have a record of a jury demand by MLCC. A subsequent review of the firm's file did not reveal the jury demand that both Messrs. Begos and Brown had believed to be present (*id.*). Shortly thereafter, the jury demand at issue was filed (*id.* ¶ 4). Discovery in this action has not concluded; the existing discovery deadline is January 12, 2004, but both parties have recently submitted a joint motion to extend the discovery cutoff (*id.*, ¶ 5).

Moreover, both parties have been liberal and cooperative, to date, in granting each other extensions of time to take actions required by the Federal Rules, or the Court's orders. For example, Ms. Miller agreed to extend MLCC's time to submit a non-rebuttal expert report that MLCC's counsel represented could not be completed by the Court's deadline (*id.* ¶ 6). Under the circumstances, especially when there is no prejudice to MLCC, it is highly inequitable for MLCC to object to the timeliness of Ms. Miller's jury demand.

## ARGUMENT

## I.    RULE 81(C) DID NOT REQUIRE THE FILING OF A JURY DEMAND

"Because this was a removed cause the question of jury trial demand was governed not by Rule 38 but by Rule 81(c)." *Higgins v. The Boeing Co.*, 526 F.2d 1004, 1006 (2d Cir. 1975). *See also Diaz v. Byrum*, 1999 U.S. Dist. Lexis 8850 (S.D.N.Y. June 14, 1999).

As MLCC points out in its brief (at pp. 4-5), there is no provision in Rule 81(c) governing the requirement to file a jury demand when an action is removed before any pleading is filed. Specifically, Rule 81(c) covers three situations:

- ▸ "If at the time of removal all necessary pleadings have been served[.]" In that situation, a jury demand must be served within ten days after the action is removed, or the notice of removal served.

- ▸ "A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal."

- ▸ "If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time[.]"

Though state law, C.G.S.A. § 52-215, does specify that the filing of a jury demand is one way for a case to be tried by a jury, it also provides that, even where no jury demand is filed, "such case may at *any time* be entered in the docket as a jury case by the clerk, *upon written consent of all parties or by order of court* [emphasis supplied]." *See, e.g., Falk v. Schuster*, 171 Conn. 5, 8, 368 A.2d 40 (1976) ("the plaintiff's claim for a jury could have been granted only if the court, in the exercise of its discretion, so ordered."). The Second Circuit, in addressing a similar provision in New York law, observed: "Unfortunately the law of New York as to the necessity of demanding jury trial is not clear, or at least is not fixed[.]" *Higgins v. Boeing*, 526 F.2d at 1006-07.

3

Because Rule 81(c) does not specify a time for filing a demand in this circumstance, we submit that neither party was required to demand a jury trial in this case "unless the court directs that they do so within a specified time."

Even if it were possible to interpret Rule 81(c) differently, the Court should err in favor of preserving Ms. Miller's right to a trial by jury. The Seventh Amendment guarantees litigants the right to a trial by jury and "the federal policy favoring jury trials is of historic and continuing strength." *Simler v. Conner*, 372 U.S. 221, 222, 9 L. Ed. 2d 691, 83 S. Ct. 609 (1963).The right to a jury trial is "perhaps the principal contribution of the Common Law to the fact-finding process ... It is a right not to be trifled with[.] ... It is one of the few procedural rights in civil cases that is enshrined in the Constitution." *Tray-Wrap, Inc. v. Six L's Packing Co., Inc.*, 984 F.2d 65, 66 (2d Cir. 1993).

It is for this reason that "courts [should] indulge every reasonable presumption against waiver" of the right to a jury trial. *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S. Ct. 809, 811, 81 L. Ed. 1177 (1937).

Thus, the Court should find, under Rule 81(c), that no jury demand was required absent a Court order requiring such a demand.

## II.    IF THE COURT CONCLUDES THAT THE JURY DEMAND WAS UNTIMELY, THE TIME FOR FILING SHOULD BE EXTENDED

### A.    The Test Applicable in Removed Cases Supports An Extension

The Second Circuit has observed that, in removed cases – *i.e.*, where the plaintiff did not choose the forum – the Court should be flexible in granting leave to serve a late jury demand:

> In the removed case, the interpretation of Rule 39(b) espoused by Professors Wright and Miller has substantial appeal. "The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion

4

that applications of this kind are usually to be denied." 9 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2334 at 116 (1971); *see also Cox v. C.H. Masland & Sons, Inc., 607 F.2d 138, 144 (5th Cir. 1979)* (court should grant jury trial in absence of strong and compelling reasons to the contrary); Case Comment, *47 IOWA L.REV. 759, 765 (1962).*

*Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392 (2d Cir. 1983). Thus, the relatively stricter rule applied in the Second Circuit to Rule 39(b) motions does not apply when the action has been removed from state court. *Id. See also Wysowski v. Sitmar Cruises*, 127 F.R.D. 446, 449 (D. Ct. 1989) (applying *Cascone* standard in removed case).

Courts in the Second Circuit have typically used the factors identified by *Higgins* and its progeny in evaluating late jury demands in removed cases. As *Diaz v. Byrum*, 1999 U.S. Dist. Lexis 8850 at *3-4, listed those factors:

> The *Higgins* court set forth three relevant factors to guide the district court's determination of when a late jury request should be granted. ... The factors are: (1) whether the action is traditionally tried by jury, (2) whether the parties have proceeded upon the assumption that there would be a jury trial and (3) whether there would be any prejudice to the defendants in allowing the tardy motion to succeed.

It is not necessary for all three factors to be established, *Corinthian Media v. Putnam*, 845 F. Supp. 143, 146 (S.D.N.Y. 1994). Nonetheless, in this case, each of these three factors supports excusing a late demand.

First, Ms. Miller's action is a consumer action, and asserts claims for conversion, fraud, negligence, recklessness, and violations of the Connecticut Unfair Trade Practices Act (*see* Declaration of Thomas Friedman in Support of MLCC's motion, Ex. 4). All of these claims are "traditionally tried by jury." *See Higgins, supra* (personal injury action traditionally tried by jury); *Diaz, supra* (same); *Corinthian Media, supra* (breach of contract action traditionally tried by jury).

Second, Ms. Miller's counsel proceeded on the assumption that there would be a jury trial –

until they learned, shortly before the demand was served, that the Court's docket did not reflect the

jury demand they thought MLCC had made (Begos Dec., ¶ 3). Even if MLCC's counsel were to

assert that they anticipated a non-jury trial, "it is not always necessary for both parties to express a

belief that the trial is to be held by jury." *Diaz*, 1999 U.S. Dist. Lexis 8850 at *5. Moreover, as

*Cascone*, 702 F.2d at 393, observed, "[a]lthough the defendant did not take any positive steps

indicating that it expected the case to be a jury trial, neither did it take a position to the contrary. It

seems fair to characterize the defendant's position as being noncommittal[.]"

Third, MLCC has asserted no prejudice that would result from allowing Ms. Miller's jury

demand. "To defeat the exercise of discretion to grant an untimely jury demand, prejudice must arise

from the untimeliness of the demand, not simply from the possibility of a jury trial." *Corinthian

Media v. Putnam*, 845 F. Supp. 143, 146 (S.D.N.Y. 1994). Even if MLCC could establish prejudice,

"[a]ny arguable prejudice to defendant from granting plaintiffs a trial by jury can be mitigated by

allowing defendant to conduct whatever additional discovery it thinks appropriate." *Wysowski v.

Sitmar Cruises*, 127 F.R.D. at 449. In this case, where discovery has not yet closed, MLCC cannot

possibly point to any prejudice from allowing Ms. Miller's jury demand.

Therefore, each of the *Higgins* factors supports accepting Ms. Miller's jury demand.

Accordingly, if the Court concludes Ms. Miller's jury demand was untimely, it should extend the

time to serve and file that demand, and accept Ms. Miller's demand as timely. *See Czenszak v.

Director, Church Wardens & Vesrymen of the Trinity Church*, 871 F. Supp. 201, 204 (S.D.N.Y.

1994) ("I find that due to the involvement of issues traditionally triable by jury, the lack of prejudice

to the defendants, and the fact that the parties were not proceeding under the assumption that the case would be non-jury, the plaintiffs motion [for a jury trial] should be granted.").

**B.      Any Neglect in Filing is Excusable, So Rule 6(b) Supports An Extension**

Fed. R. Civ. P. 6(b)(2) provides: "When ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]"

Rule 6(b)(2) is applicable to the deadline to demand a jury trial. *Raymond v. IBM*, 148 F.3d 63, 66 (2d Cir. 1998) *citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 389 n. 4, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993) (Rule 6(b) is "generally applicable to any time requirement found elsewhere in the rules unless expressly excepted").

"Excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Raymond*, 148 F.3d at 66 (*citing Pioneer, supra*; internal quotes omitted). Therefore, "mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." *Id.* (emphasis in original). The Court continued: "the inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Id.* (*quoting Pioneer*, 507 U.S. at 395).

As discussed above, MLCC has introduced no evidence of prejudice from a late demand, nor can it. Moreover, because the timing for filing a jury demand falls within a "gray area" of Rule 81(c); because plaintiff's counsel believed that MLCC had filed a jury demand; and because plaintiff filed a demand promptly after learning that the Court's docket did not reflect a demand by MLCC; any delay was certainly the result of excusable neglect. The delay was not substantial, as the jury demand was filed well before the close of discovery, and six months before the action presently is to be ready for trial. And there is, and can be, no claim that Ms. Miller acted in bad faith.

For these reasons, if the Court concludes that Ms. Miller's jury demand was untimely, it should nonetheless extend the time for that demand.

## CONCLUSION

For the reasons set forth above, MLCC's motion to strike Ms. Miller's jury demand should be denied, and/or Ms. Miller's cross-motion to extend the time for filing that demand should be granted; and the Court should rule that all claims properly triable by jury shall be tried by jury.

Dated:      Westport, Connecticut
            December 15, 2003

                                        BEGOS & HORGAN, LLP

                                        By: _____
                                            Patrick W. Begos (ct19090)
                                        Attorneys for Plaintiff
                                        327 Riverside Avenue
                                        Westport, CT 06880
                                        (203) 226-9990
                                        (203) 222-4833 (fax)

8

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on December 15, 2003 to:

Thomas P. Friedman, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

Patrick W. Begos