UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN -6 A 11: ͨ

U.S. DISTRICT COURT

----------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,       :
                                  :   Case No. 3:03CV1016 (RNC) (DFM)
        Plaintiff,                :
                                  :   January 5, 2004
        – against –               :
                                  :   **DECLARATION OF PATRICK W.**
MERRILL LYNCH CREDIT CORPORATION, :   **BEGOS IN OPPOSITION TO**
                                  :   **MOTION TO COMPEL**
        Defendant.                :
----------------------------------------------------------------x

PATRICK W. BEGOS declares the following to be true under penalty of perjury:

1.   I am a member of the firm of Begos & Horgan, LLP, attorneys for plaintiff, Julie Dillon Ripley Miller, in this action. I submit this declaration in opposition to the motion to compel of defendant, Merrill Lynch Credit Corporation ("MLCC").

2.   Annexed hereto as Exhibit A is a true copy of the original power of attorney dated December 2, 1999, as recorded in the Norwalk Town Land Records.

3.   Annexed hereto as Exhibit B is a true copy of a December 2, 1999, 11:11 a.m. fax from Jay Falini to Kevin Huben. Mr. Huben worked for Commonwealth Land Title Insurance Company ("Commonwealth"), which acted as closing agent for the loan at issue in this case. This document was produced to us by Commonwealth.

4.   Annexed hereto as Exhibit C is a true copy of a December 2, 1999, 12:10 p.m. fax from Jay Falini to Kevin Huben. This document was also produced to us by Commonwealth.

5.   As reported by plaintiff's expert, Marc Seifer, Ph.D, Exhbits A, B and C reflect different versions of the same document, and the writing added to the original was not added by Ms. Miller.

6. Annexed hereto as Exhibit D is a true copy of an "Approval Summary" produced by MLCC, with Bates No. MLCC 000417. This document shows that MLCC concluded that the "Actual Market Value" of the house (for which MLCC was approving a $7,500,000 construction loan) would be only $3,800,000. This document also shows that MLCC calculated Ms. Miller's "Disposable Income" (*i.e.*, total monthly income, less total monthly liabilities, less anticipated loan payment), was **negative** $250 a month. Thus, MLCC approved the loan with the knowledge that Ms. Miller's income was insufficient to make the payments.

7. Neither Joseph Tesoriere nor any representative of Omni Solo, Inc. is expected to testify at the trial of this action, as an expert or otherwise. Further, Ms. Miller will not be seeking to use, for any purpose, the affidavit submitted by Mr. Tesoriere to the Superior Court in connection with Ms. Miller's application for a prejudgment remedy. Ms. Miller has retained Ralph DePanfilis, CPA, to calculate precisely that liability and to testify as an expert on this subject at the trial of this action. Mr. DePanfilis has provided an expert report, and MLCC has had an opportunity to depose him, but chose not to.

8. Annexed hereto as Exhibit E is a copy of a July 3, 2001 "Statement of Credit Denial" produced by MLCC, in which MLCC refused to refinance the Loan at a lesser balance of $5,000,000 because Ms. Miller's "income is insufficient to sustain payments of the amount of credit requested."

Dated:   Westport, Connecticut
         January 5, 2004

_____
Patrick W. Begos (ct19090)
BEGOS & HORGAN, LLP
Attorneys for Plaintiff
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990