UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>   Plaintiff and Counterclaim<br>   Defendant,<br><br>   - against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>   Defendant and Counterclaimant. | NO. 3:03-CV-1016 (RNC)(DFM)<br><br><br><br>January 6, 2004 |

## SUPPLEMENTAL AFFIDAVIT OF THOMAS P. FRIEDMAN IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LATE-FILED JURY DEMAND AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE JURY DEMAND

Thomas P. Friedman hereby certifies as follows:

1.    I am an associate with the law firm of Paul, Hastings, Janofsky & Walker, LLP, counsel of record for Defendant and Counterclaimant Merrill Lynch Credit Corporation ("MLCC") in the above-captioned action.

2.    I have worked on pre-trial matters for Defendant and am personally familiar with the issues regarding Plaintiff's late-filed jury demand.

3.    In a telephone conversation subsequent to the filing of Plaintiff's purported jury demand, I asked counsel for Plaintiff, Attorney Begos, to withdraw the jury demand because it is in violation of the parties' Stipulation dated November 5, 2003. Attorney Begos refused and stated that he believed the jury demand was not a violation of the Stipulation because a jury trial would likely be more expedient than a bench trial.

4.    Defendant has proceeded in discovery as if the action would be tried to a Court and would suffer prejudice if Plaintiff's Cross-Motion were granted.  For example, Defendant's counsel chose not to videotape depositions of Plaintiff and her purported loan expert, but would have done so if Defendant's counsel knew that any part of this action would be tried to a jury. This is based on the fact that the reaction of these particular deponents to questioning would be especially important to capture if a jury would be determining factual issues.  While not concluded, the bulk of those depositions have been completed.

5.    Attached hereto as Exhibit 1 is Plaintiff's "Brief in Support of Motion to Compel."

6.    Attached hereto as Exhibits 2 through 6 are MLCC's removal papers, which contain no demand for a jury.  Attached hereto as Exhibit 7 is the federal civil cover sheet which expressly states that no jury is demanded.  At no time did MLCC request a jury or implying that it sought a jury in this action, nor did it ever acquiesce or agree to a jury in this action.

7.    Attached hereto as Exhibit 8 are the papers required to be served on Plaintiff upon removal pursuant to the local rules.  These papers were served and do not contain a jury demand.

DATED: January 6, 2004.

_____
Thomas P. Friedman

2

## CERTIFICATE OF SERVICE

This is to certify that on this 6th day of January, 2004, a copy of the foregoing
SUPPLEMENTAL AFFIDAVIT OF THOMAS P. FRIEDMAN IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S LATE-FILED JURY DEMAND AND
IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE JURY
DEMAND was delivered via first class mail to:

> Patrick W. Begos, Esq.
> BEGOS & HORGAN, LLP
> 327 Riverside Avenue
> Westport, CT 06880

_____
Thomas P. Friedman

STM/266058.1
11413.00021