UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

---------------------------------------------------------------x

JULIE DILLON RIPLEY MILLER,            :

          Plaintiff,         :

       – against –        :

MERRILL LYNCH CREDIT CORPORATION,   :

          Defendant.        :

2004 JAN 16  A 10: 46
Case No. 3:03CV1016 (RNC) (DFM)
U.S. DISTRICT COURT
HARTFORD. CT.

January 15, 2004

---------------------------------------------------------------x

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF CROSS-MOTION FOR EXTENSION OF TIME TO FILE A JURY DEMAND

Plaintiff, Julie Dillon Ripley Miller, by her attorneys, Begos & Horgan, LLP, submits this reply brief in further support of her cross-motion for extension of time to file a jury demand.

### PRELIMINARY STATEMENT

MLCC does not dispute that, because MLCC removed this case from state court, the Court should approach Ms. Miller's Rule 39(b) motion "with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied."(Plaintiff's Moving Brief ("Plaintiff Br.") at 4-5; MLCC Opposing Brief ("MLCC Br.") at 4-5). The reasons advanced by MLCC for denying granting the cross-motion are flawed, ane the cross-motion should be granted (*see* Point I, *infra*).

MLCC also does not dispute that Rule 6(b)(2) provides an independent basis for granting the cross-motion (Plaintiff Br. at 7-8; MLCC Br. at 10). Again, MLCC does not provide a valid basis to deny the cross-motion (*see* Point II, *infra*).

Finally, and perhaps most importantly, MLCC does not dispute that the "the federal policy favoring jury trials is of historic and continuing strength" (Plaintiff Br. at 4). For this reason, the Court should "indulge every reasonable presumption against waiver" of plaintiff's right to a jury trial. *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S. Ct. 809, 811, 81 L. Ed. 1177 (1937).

For all these reasons, if the Court concludes that plaintiff's jury demand is untimely, the Court should grant plaintiff's cross-motion, rather than striking that demand.

## ARGUMENT

## I.    RULE 39(B) SUPPORTS GRANTING THE CROSS-MOTION

The parties agree that, in evaluating a Rule 39(b) motion in a removed action, the Court should utilize the analysis set forth in *Higgins v. Boeing Co.*, 526 F.2d 1004, 1006 (2d Cir. 1975) (Plaintiff Br. at 4-5; MLCC Br. at 4-5). The parties also agree that *Higgins* expressly set forth three factors to analyze (*id.*), which we will discuss before turning to the additional factors that MLCC asks the Court to consider.

MLCC cannot legitimately dispute that consumer claims for conversion, fraud, negligence, recklessness and CUTPA violations are traditionally tried by a jury (Plaintiff Br. at 5). Indeed, it is virtually axiomatic that any consumer claim for substantial money damages is traditionally tried by a jury. Though MLCC argues that we have not cited any cases for that proposition, MLCC has not cited any asserting that such cases are traditionally tried by the Court. And MLCC has not disputed that claims for negligence, recklessness, and the like are certainly similar to the personal injury claims that *Higgins* held were traditionally tried by a jury. In any event, we submit that the Court is well-qualified to determine, based on its own experience, that claims such as this are traditionally tried by a jury.

MLCC then sets up straw men to argue against – the notions that some issues within plaintiff's case, and MLCC's counterclaim, may be up to the Court to determine. *Corinthian Media v. Putnam*, 845 F. Supp. 143, 146 (S.D.N.Y. 1994), expressly rejected that precise argument: "A legal claim for breach of contract, a claim traditionally tried to a jury, is included with plaintiff's equitable claims. As long as any legal cause is involved the jury rights it creates control. ... Thus, the case presents issues traditionally triable by jury [citations and internal quotes omitted]." And even if, as MLCC claims, the Court is ultimately called upon to interpret one or more statutes, there can be no dispute that the finding of facts, and application of those facts to the law as the Court determines it, are traditionally reserved to a jury. Therefore, the first *Higgins* factor clearly favors plaintiff.

MLCC provides a very thin foundation for its assertion that it proceeded on the assumption that this action would be tried to the Court. Its sole argument is that it would have videotaped the depositions of Ms. Miller and her loan expert, Richard Homberger, had it believed the case would have been tried to a jury (MLCC Br. at 6).[1] However, MLCC concedes that Ms. Miller's deposition has not been concluded, and it cannot dispute that Mr. Homberger's deposition began on December 17, 2003; that date is: over a month after Ms. Miller served her jury demand; after Ms. Miller refused

---

[1] As MLCC has argued that evidentiary rules should be strictly adhered to on this motion (claiming that one member of plaintiff's counsel's firm cannot state what his partner believed), it is noteworthy that it was Thomas Friedman, an associate with Paul Hastings, who declared that the depositions of Ms. Miller and Mr. Homberger would have been videotaped had MLCC expected a jury trial. However, both of those depositions were taken by Douglas Conroy, not Mr. Friedman (Reply Declaration of Patrick W. Begos ¶ 4). Mr. Friedman does not claim that the decision about the method of recording the testimony at these depositions was his; indeed, it is clear from numerous conversations with Mr. Friedman that the significant decisions in this case are made by Mr. Conroy (*id.*). Mr. Friedman cannot know what Mr. Conroy thought, and cannot competently testify about the basis for any decisions Mr. Conroy may have made.

MLCC's request that we withdraw the jury demand (Supplemental Affidavit of Thomas Friedman, ¶ 3); and after Ms. Miller served the instant cross-motion (Begos Reply Dec., ¶ 3).

The fact that MLCC chose not to videotape Mr. Homberger's deposition, despite being on notice that Ms. Miller sought a jury trial, demonstrates that MLCC's assertion is fictitious. In *Liriano v. Hobart Corp.*, 162 F.R.D. 453, 456 (S.D.N.Y. 1995), the court granted a Rule 39(b) motion after finding, *inter alia*: "the depositions of the two fact witnesses Hobart claims to have conducted in a cost-effective manner took place after I granted Liriano permission to make a Rule 39(b) motion[.]"

Even if were true that MLCC would have videotaped any part of any deposition had the demand been served earlier, MLCC still has not demonstrated how it will be prejudiced by that decision if the case is tried by a jury. *Corinthian Media v. Putnam*, 845 F. Supp. at 146, rejected precisely the same argument:

> [D]efendant contends that he would have conducted discovery differently if he had known he was preparing for a jury trial; specifically, he would have videotaped the second day of the deposition of plaintiff's principal. ... Defendant contends that the deposed's demeanor would have been illuminating to a jury at the time of trial. But defendant does not explain on what basis such a videotape would be admissible at trial, or why, if it were admissible, the videotape would not be equally illuminating to a judge.

Other cases reached similar conclusions. *Liriano v. Hobart Corp.*, 162 F.R.D. at 455-456 ("Even if Hobart used a 'less cost-intensive approach' at Liriano's deposition ... Liriano will testify at trial and Hobart will have the opportunity to cross examine him at that time"); *Sichel v. Natl. R. Passenger Corp.*, 1993 U.S. Dist. Lexis 238, *8-9 (S.D.N.Y. 1993) ("defendant contends that it would have deposed additional witnesses ... but declined to do so because the case involved only a bench trial. Defendant's mere recital of prejudice, however, without any real proof as to how this additional discovery would effect its case, is not sufficient to prevent the Court from granting a jury trial.").

Therefore, we submit that each of the *Higgins* factors supports accepting Ms. Miller's jury demand.

MLCC then argues that "equitable factors also weigh against granting the Cross-Motion" (MLCC Opp Br. at 7). But these "factors" are either specious or irrelevant. There is no credible argument that Ms. Miller or her counsel acted in bad faith. For example, MLCC does not, and cannot, claim that Ms. Miller intentionally delayed the service of a jury demand in order to gain some advantage. Rather, the "facts" that MLCC recites merely show that plaintiff's counsel filed a jury demand upon learning that a demand had not previously been made. The fact that the filing took place after the complaint was amended cannot possibly support a finding of bad faith.

As for the other alleged "equitable factors," MLCC merely states that the jury demand in this case was served late, and that MLCC did not consent to the late filing. These factors explain why plaintiff's cross-motion is necessary; they do not provide a basis to deny it.

At bottom, there are several months of discovery left in the case, plaintiff's deposition has not yet been completed, and no trial date has been fixed. Under these circumstances, there is ample basis to grant plaintiff's motion. As the Second Circuit stated: a "court should grant [a] jury trial in [the] absence of strong and compelling reasons to the contrary[.]" *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392 (2d Cir. 1983) (*citing Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 144 (5th Cir. 1979)).

## II.     RULE 6(B) SUPPORTS GRANTING THE CROSS-MOTION

MLCC agrees that the Court's inquiry in a Rule 6(b) motion is "an equitable one" (MLCC Opp. Br. at 10). And MLCC does not dispute that "mere inadvertence, without more, *can* in some

circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." (Plaintiff Br. at 7).

Most of MLCC's arguments on this point are merely re-statements of the arguments discussed in Point I, *supra*. We will not repeat that discussion here. However, to prevent MLCC from asserting that plaintiff has not sufficiently established that both her counsel believed MLCC had demanded a jury, we submit with this reply the Declaration of Christopher Brown attesting to precisely that point.

## CONCLUSION

For the reasons set forth above, if MLCC's motion to strike Ms. Miller's jury demand is not denied (which it should be for the reasons set forth in our opposition to that motion), then Ms. Miller's cross-motion to extend the time for filing that demand should be granted; and the Court should rule that all claims properly triable by jury shall be tried by jury.

Dated:    Westport, Connecticut
          January 15, 2004

                                        BEGOS & HORGAN, LLP

                                        By: _____
                                            Patrick W. Begos (ct19090)
                                        Attorneys for Plaintiff
                                        327 Riverside Avenue
                                        Westport, CT 06880
                                        (203) 226-9990
                                        (203) 222-4833 (fax)

6

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on January 15, 2004 to:

Thomas P. Friedman, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

Patrick W. Begos