UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>           Plaintiff and Counterclaim<br>           Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION<br><br>           Defendant and<br>           Counterclaimant. | CIVIL NO. 3:03-CV-1016 (RNC)<br><br><br><br><br><br>January 30, 2004 |

**JOINT STATUS REPORT**

Pursuant to the Court's Order Regarding Case Management Plan dated August 4, 2003, the parties hereby submit the following Joint Status Report addressing the matters listed in Fed. R. Civ. P. 16(c).

I. **BRIEF DESCRIPTION OF CASE**

    A. **Claims of Plaintiff**

Relying on an invalid pledge agreement, Defendant converted Plaintiff's securities account to its own use and incurred tax liabilities for Plaintiff. Plaintiff further alleges that Defendant acted negligently, fraudulently, and deceptively in connection with its purported construction loan to Plaintiff.

    B. **Defenses and Claims of Defendant**

Defendant denies Plaintiff's substantive allegations as to invalidity, asserts numerous affirmative defenses including laches, waiver, estoppel and ratification and

counterclaims for foreclosure. Defendant denies that it acted negligently, fraudulently or deceptively in connection with the loan to Plaintiff.

## II.   RULE 16(C) ISSUES

1. **Rule 16(c)1:** The issues have been simplified to date by Plaintiff's voluntary withdrawal of her emotional distress claims. Both parties contemplate filing summary judgment motions and/or motions for summary adjudication. The parties are currently conducting substantial discovery and will be in a superior position to formulate and further simplify issues following completion of discovery and/or rulings on those motions.

2. **Rule 16(c)2:** The parties do not wish to amend the pleadings at this time.

3. **Rule 16(c)3:** The parties are currently conducting substantial discovery and will be in a superior position to address admissibility issues upon the close of discovery.

4. **Rule 16(c)4:** The parties will confer regarding the avoidance of unnecessary and cumulative evidence upon the close of discovery.

5. **Rule 16(c)5:** Plaintiff anticipates seeking summary adjudication on her conversion claim. Defendant will seek summary judgment for its counterclaim of foreclosure and on all of Plaintiff's claims following the close of discovery.

6. **Rule 16(c)6:** Pursuant to the Court's Order of December 22, 2003, discovery shall be completed by March 15, 2004. Plaintiff notes that there are presently two motions outstanding that are sub judice. The date on which those motions are decided may affect the parties' ability to complete discovery by March 15, 2004.

7. **Rule 16(c)7:** The parties anticipate that Plaintiff Julie Dillon Ripley Miller and former Merrill Lynch, Pierce, Fenner & Smith employee, Jay K. Falini, will be witnesses. The

parties have each designated expert witnesses. The parties will confer regarding further witnesses and evidence.

        8.     **Rule 16(c)8**: The parties are not seeking additional referral to the Magistrate Judge at this time.

        9.     **Rule 16(c)9**: The parties have conducted informal settlement negotiations. Settlement appears unlikely at this juncture.

        10.     **Rule 16(c)10**: The parties respectfully defer at this time regarding the form and substance of the pretrial order.

        11.     **Rule 16(c)11**: Currently pending is Defendant's Motion to Compel Plaintiff to Provide Responses to its First Request For Production of Documents and First Set of Interrogatories and Plaintiff's Motion to Compel regarding discovery. Magistrate Judge Martinez has taken these motions under submission. Also pending are Defendant's Motion to Strike Plaintiff's Jury Demand, and Plaintiff's Cross-Motion for Extension of Time to File Jury Demand.

        12.     **Rule 16(c)12**: Not applicable at this time.

        13.     **Rule 16(c)13**: Neither party is currently contemplating seeking a bifurcated trial, although they may seek such relief well in advance of trial.

        14.     **Rule 16(c)14**: Not applicable at this time.

        15.     **Rule 16(c)15**: The parties agree that it is premature at this time to determine the amount of time required for presenting evidence at trial.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

By: *[signature]* Date: Jan. 30, 2004
Patrick W. Begos, ct19090
Begos and Horgan LLP
327 Riverside Avenue
Westport, CT 06880
Telephone: (203) 226-9990
Facsimile: (203) 222-4833
Email: pwb@begoshorgan.com

Counsel for Plaintiff JULIE DILLON
RIPLEY MILLER

By: *[signature]* Date: Jan. 30, 2004
Thomas P. Friedman, ct24947
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: thomasfriedman@paulhastings.com

Counsel for Defendant MERRILL LYNCH
CREDIT CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of January, 2004, a copy of the foregoing Joint Status Report was sent via first class U.S. Mail to:

> Patrick W. Begos, Esq.
> BEGOS & HORGAN, LLP
> 327 Riverside Avenue
> Westport, CT 06880

_____
Thomas P. Friedman

STM/267668.1
11413.00021