UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>Plaintiff,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>Defendant and Counterclaimant. | CIVIL ACTION NO. 3:03-CV-1016 (RNC)<br><br>APPLICATION FOR<br>PREJUDGMENT REMEDY<br><br>March 19, 2004 |

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

The undersigned represents:

1. That Defendant and Counterclaimant Merrill Lynch Credit Corporation ("MLCC"), located at 4802 Deer Lake Drive East, Jacksonville, Florida, has asserted a counterclaim in this action against Plaintiff Julie Dillon Ripley Miller ("Miller"), 21 Point Road, Norwalk, Connecticut, pursuant to the attached proposed unsigned Writ, Answer to Second Amended Complaint and Counterclaim and Affidavits.

2. That there is probable cause that a judgment will be rendered in such matter in favor of MLCC and, to secure such judgment, MLCC seeks an order from this Court directing that the following prejudgment remedy be issued to secure the $8,680,233.57 which is the amount due to MLCC as of February 28, 2004 and which continues to accrue interest and other expenses:

(a) An attachment of that certain real property of Miller known as and located at 21 Point Road, Norwalk, Connecticut together with the improvements thereon (the "Premises");

(b) An attachment of all funds in that certain account numbered 5AX-12860 for "MS. JULIE D.R. MILLER F/B/O MLCC AN/OR ASSIGNS" maintained by Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("MLPF&S") (the "Funds"); and

(c) An attachment of such other property of Miller sufficient to secure the amount due to MLCC.

3. MLCC also seeks an order enjoining and restraining Miller, her agents, representatives, attorneys, successors, assigns and all other persons or entities acting on behalf of or in concert with Miller or in possession, custody or control of Miller's property from transferring, disposing or encumbering the Premises or the Funds pending a hearing on this application. The basis for such temporary restraining order is that there is probable cause that a judgment will be rendered in such matter in favor of MLCC in the sum of at least $8,680,233.57, and in order to prevent a third party from obtaining a priority over the Premises or the Funds, it is necessary to issue a temporary restraining prohibiting Miller or any person or entity in possession, custody or control of the Premises or the Funds from attempting to dispose of,

transfer or encumber such property while MLCC's application for an order of attachment is pending.

 

PAUL, HASTINGS, JANOFSKY &
WALKER, LLP

By: _/s/ Thomas P. Friedman_
Douglas C. Conroy, ct11555
Thomas P. Friedman, ct24947
1055 Washington Boulevard
Stamford, CT 06901-2217
(203) 961-7400

BRYAN CAVE LLP

By: _/s/ Dennis C. Fleischmann_
Dennis C. Fleischmann, ct11013
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

*Attorneys for Defendant*

## NOTICE AND CLAIM FORM

YOU HAVE RIGHTS SPECIFIED IN THE CONNECTICUT GENERAL STATUTES, INCLUDING CHAPTER 903a, THAT YOU MAY WISH TO EXERCISE CONCERNING THIS APPLICATION FOR A PREJUDGMENT REMEDY. THESE RIGHTS INCLUDE THE RIGHT TO A HEARING: (1) TO OBJECT TO THE PROPOSED PREJUDGMENT REMEDY BECAUSE YOU HAVE A DEFENSE TO OR SET-OFF AGAINST THE COUNTERCLAIMS OR A CLAIM AGAINST THE DEFENDANT OR BECAUSE THE AMOUNT SOUGHT IN THE APPLICATION FOR THE PREJUDGMENT REMEDY IS UNREASONABLY HIGH OR BECAUSE PAYMENT OF ANY JUDGMENT THAT MAY BE RENDERED AGAINST YOU IS COVERED BY ANY INSURANCE THAT MAY BE AVAILABLE TO YOU; (2) TO REQUEST THAT THE DEFENDANT POST A BOND IN ACCORDANCE WITH SECTION 52-278d OF THE GENERAL STATUTES TO SECURE YOU AGAINST ANY DAMAGES THAT MAY RESULT FROM THE PREJUDGMENT REMEDY; (3) TO REQUEST THAT YOU BE ALLOWED TO SUBSTITUTE A BOND FOR THE PREJUDGMENT REMEDY SOUGHT; AND (4) TO SHOW THAT THE PROPERTY SOUGHT TO BE SUBJECTED TO THE PREJUDGMENT REMEDY IS EXEMPT FROM SUCH A PREJUDGMENT REMEDY.

PLAINTIFF MAY REQUEST A HEARING TO CONTEST THE APPLICATION FOR A PREJUDGMENT REMEDY, ASSERT ANY EXEMPTION OR MAKE A REQUEST CONCERNING THE POSTING OR SUBSTITUTION OF A BOND. THE HEARING MAY BE REQUESTED BY ANY PROPER MOTION OR BY RETURN TO THIS COURT OF A SIGNED CLAIM FORM THAT INDICATES, BY THE CHECKING OF THE APPROPRIATE BOX ON THE CLAIM FORM, WHETHER THE CLAIM IS AN ASSERTION OF A CLAIM, SET-OFF OR EXEMPTION, AN ASSERTION THAT ANY JUDGMENT THAT MAY BE

RENDERED IS ADEQUATELY SECURED BY INSURANCE, AN ASSERTION THAT THE AMOUNT SOUGHT IN THE APPLICATION FOR THE PREJUDGMENT REMEDY IS UNREASONABLY HIGH, A REQUEST THAT THE DEFENDANT BE REQUIRED TO POST A BOND TO SECURE THE PLAINTIFF AGAINST ANY DAMAGES THAT MAY RESULT FROM THE PREJUDGMENT REMEDY OR A REQUEST THAT THE PLAINTIFF BE ALLOWED TO SUBSTITUTE A BOND FOR THE PREJUDGMENT REMEDY.

C048519/0175359/1133697.2

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of March, 2004, a copy of the foregoing APPLICATION FOR PREJUDGMENT REMEDY was delivered via U.S. first class mail to:

>Patrick W. Begos, Esq.
>BEGOS & HORGAN, LLP
>327 Riverside Avenue
>Westport, CT 06880

_____
Thomas P. Friedman