UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 13 A 8:53
U.S. DISTRICT COURT
HARTFORD, CT.

JULIE DILLON RIPLEY MILLER,

    Plaintiff,

V.

    CASE NO. 3:03CV01016(RNC)

MERRILL LYNCH CREDIT CORP.,

    Defendant.

## RULING AND ORDER

Plaintiff filed this action in Superior Court asserting numerous claims under Connecticut law, including conversion, fraudulent misrepresentation, recklessness, negligence, and violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. Defendant removed the action based on diversity of citizenship. Plaintiff, having failed to make a timely jury demand, attempted to correct that oversight by including a jury demand in a second amended complaint. Defendant has moved to strike the jury demand as untimely. Plaintiff has asked for an extension of time to file the jury demand, which, if granted, would moot the motion to strike. For the reasons that follow, the motion for an extension of time is granted and the motion to strike is denied.

I. Facts

Defendant removed this action in June of last year. Plaintiff filed an amended complaint in July. In October, the parties stipulated that plaintiff would file a second amended complaint dropping two emotional distress claims and defendant,

in turn, would not pursue discovery requests relevant only to those claims. In November, plaintiff filed the second amended complaint, which included the first jury demand made in this action.

II. Discussion

In federal court, if a party wants a jury to decide an issue, it must demand a jury trial "not later than 10 days after the service of the last pleading directed to such issue." Fed. R. Civ. Pro. 38(b).[1] The second amended complaint adds no new issues, so it cannot serve as the basis for the filing of a timely jury demand. Lanza v. Drexel & Co., 479 F.2d 1277, 1310 (2d Cir. 1973). Since the last pleading directed to the previous complaint was filed in July, the November jury demand is untimely.

A court's discretion to permit a late jury demand is somewhat broader in removed cases than original actions. See Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 392-93 (2d Cir. 1983).[2] The pertinent factors in any case are: (1) whether the action is traditionally tried by a jury, (2) whether the parties have proceeded on the assumption that there would be a

---

[1] Other rules govern the timeliness of jury demands in some removed cases. Fed. R. Civ. Pro. 81(c). Those rules do not apply to this action because at the time of the removal all necessary pleadings had not been served, plaintiff had not at that time made a jury demand, and applicable state law requires express jury demands. Id.; Conn. Gen. Stat. § 52-215; Wysowski v. Sitmar Cruises, 127 F.R.D. 446, 447-48 (D. Conn. 1989).

[2] In original actions, the moving party must show cause "beyond mere inadvertance." Id. at 392-93.

2

jury trial, and (3) whether granting the late demand would cause undue prejudice to the defendant. See Higgins v. Boeing Co., 526 F.2d 1004, 1007 (2d Cir. 1975).

The first factor weighs in favor of the plaintiff. She complains about allegedly tortious conduct and seeks an award of money damages. The second factor does not tip either way. Defendant's counsel claim to have proceeded on the assumption that the action would be tried without a jury, while plaintiff's counsel claim to have proceeded on the opposite assumption. Crediting both representations, this factor is neutral. The third factor tips in favor of the defendant but only slightly. Defendant claims that had it known the case would be tried by a jury, it would have videotaped two depositions. According to plaintiff's counsel, however, one of the depositions was not started until after defendant was aware of plaintiff's late jury demand, and the other remains to be completed. Weighing the first and third factors, I find that the balance tips in favor of plaintiff.

Also to be considered is whether plaintiff has acted in good faith. Defendant asserts that plaintiff acted in bad faith by filing her jury demand along with the second amended complaint without giving prior notice to opposing counsel. Plaintiff's counsel claim that they did not discover their need to make a jury demand until just before the second amended complaint was filed. On this record, I cannot conclude that the demand was made in bad faith, though it clearly would have been better if

3

counsel had moved for leave to file a late jury demand, rather than filing the jury demand along with the second amended complaint as if it were timely.

III. Conclusion

Accordingly, plaintiff's motion for an extension of time [Doc. # 44] is hereby granted, and defendant's motion to strike [Doc. # 35] is hereby denied as moot.

So ordered.

Dated at Hartford, Connecticut this 12th day of April 2004.

                                        Robert N. Chatigny
                                  United States District Judge