UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD

------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,

        Plaintiff,

    – against –

MERRILL LYNCH CREDIT CORPORATION,

        Defendant.
------------------------------------------------------------x

2004 APR 23 A 10: 53

Case No. 3:03CV1016 (RNC) (DFM)

April 22, 2004

## PLAINTIFF'S DISCLOSURE OF WITNESSES FOR PJR HEARING

Pursuant to the Court's Scheduling Order, plaintiff, Julie Dillon Ripley Miller, discloses that she may call some or all of the following witnesses at the hearing on this matter:

1. Julie Dillon Ripley Miller – She is expected to testify about the circumstances surrounding and leading up to the 1999 loan, including her lack of knowledge of the terms of that loan.

2. Tara Stewart (by deposition) – Ms. Stewart is an officer of MLCC. Her testimony pertains to MLCC's underwriting of the 1999 loan, including the conclusion that Ms. Miller's actual income was insufficient to make the payments on that loan, and that MLCC's calculation of income was inaccurate.

3. Donald McEnerny (by deposition) – Mr. McEnerny is an officer of MLCC. His testimony pertains to MLCC's policy of not making loans when borrower's do not have sufficient income to make the payments; that the information available to MLCC from 1999 through 2002 showed that there was no reasonable prospect of Ms. Miller repaying the loan; and that MLCC improperly liquidated Ms. Miller's securities in 2002, which liquidation was never disclosed by MLCC or MLPFS.

4. Andrew Jones (by deposition) – Mr. Jones is a former employee of MLCC. His testimony pertains to MLCC's underwriting of the 1999 loan., including errors made in calculating Ms. Miller's income, the fact that the income figure MLCC used was "made up," and the fact that he underwrote only a $6.2 million loan, not the $7.5 million loan that was ultimately made.

5. Robert Smith (by deposition) – Mr. Smith is a former officer of MLCC. His testimony pertains to MLCC's desire to create *stickiness* between a customer and MLPFS

6. Harvey Rosenblum (by deposition) – Mr. Rosenblum is a former employee of MLCC. His testimony pertains to MLCC's lack of communication with Ms. Miller, his conclusion that the power of attorney actually signed by Ms. Miller was inadequate for the 1999 loan to close, and the fact that Mr. Falini "took care of" the problem with the power of attorney.

7. Barry Newman – Mr. Newman will testify about the events surrounding the alleged "closing" of the 1999 loan.

Ms. Miller reserves the right to call additional witnesses based on the evidence introduced by MLCC

BEGOS & HORGAN, LLP

By: /s/ Patrick W. Begos (ct19090)
Attorneys for Plaintiff
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990
(203) 222-4833 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on April 22, 2004 to:

Thomas P. Friedman, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

/s/ Patrick W. Begos

2