UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>      Plaintiff and Counter-Claim Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>      Defendant and Counterclaimant. | CIVIL ACTION NO.<br>3:03-CV-1016 (RNC)<br><br><br><br>April 23, 2004 |

## ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant and Counterclaimant Merrill Lynch Credit Corporation ("MLCC"), by and through its attorneys, Paul, Hastings, Janofsky & Walker LLP, responds to the Second Amended Complaint as follows:

1. Admits the allegations of Paragraph 1 of the Second Amended Complaint.

2. Admits that MLCC is a corporation organized under and by virtue of the laws of the State of Delaware, and that, at all relevant times, it was authorized to transact business in Connecticut including the provision of loans for the purchase and/or construction of residential real estate, and denies the remaining allegations of Paragraph 2 of the Second Amended Complaint.

3. To the extent that the allegations in Paragraph 3 do not call for legal conclusions, denies the allegations of Paragraph 3 of the Second Amended Complaint, and specifically alleges that Plaintiff Julie Dillon Ripley Miller ("Miller") granted authority to her attorney-in-fact to execute a pledge agreement ("Pledge Agreement") in favor of MLCC as part of the consideration

for a $7,500,000 construction loan, which was subsequently converted to a permanent loan ("Construction Loan Transaction").

4. Admits that Plaintiff has a brokerage account and sub-accounts with Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("MLPFS"), and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Second Amended Complaint.

5. On information and belief, admits that Jay Falini ("Falini") was Miller's registered representative for certain brokerage accounts and sub-accounts for a period of time while employed by MLPFS and acquired information concerning the nature of securities held in those accounts based on his conversations with Miller, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegation in Paragraph 5 of the Second Amended Complaint.

6. Admits that Plaintiff at some point in time, in or about 1997, acquired a piece of improved property in Norwalk, Connecticut for which MLCC was later provided a mortgage in or about December 7, 1999 in connection with the provision to Miller of financing in the sum of $7,500,000 to fund renovations and improvements made, or to be made, on that property and to pay and discharge an earlier mortgage obligation in the sum of approximately $1,350,000, and denies the remaining allegations of Paragraph 6 of the Second Amended Complaint.

7. Admits that Miller was advised by either Falini or MLCC of the proposed closing date of December 7, 1999, specifically alleges that the date could have been extended at Miller's request to accommodate her schedule, and denies the remaining allegations of Paragraph 7 of the Second Amended Complaint.

for a $7,500,000 construction loan, which was subsequently converted to a permanent loan ("Construction Loan Transaction").

    4. Admits that Plaintiff has a brokerage account and sub-accounts with Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("MLPFS"), and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Second Amended Complaint.

    5. On information and belief, admits that Jay Falini ("Falini") was Miller's registered representative for certain brokerage accounts and sub-accounts for a period of time while employed by MLPFS and acquired information concerning the nature of securities held in those accounts based on his conversations with Miller, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegation in Paragraph 5 of the Second Amended Complaint.

    6. Admits that Plaintiff at some point in time, in or about 1997, acquired a piece of improved property in Norwalk, Connecticut for which MLCC was later provided a mortgage in or about December 7, 1999 in connection with the provision to Miller of financing in the sum of $7,500,000 to fund renovations and improvements made, or to be made, on that property and to pay and discharge an earlier mortgage obligation in the sum of approximately $1,350,000, and denies the remaining allegations of Paragraph 6 of the Second Amended Complaint.

    7. Admits that Miller was advised by either Falini or MLCC of the proposed closing date of December 7, 1999, specifically alleges that the date could have been extended at Miller's request to accommodate her schedule, and denies the remaining allegations of Paragraph 7 of the Second Amended Complaint.

8.  Denies the allegations of Paragraph 8 of the Second Amended Complaint.

9.  Admits that Barry Newman was identified as Miller's attorney-in-fact on the power of attorney ("POA") at issue, denies that Falini provided her the POA form, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Second Amended Complaint.

10. To the extent that the allegations in Paragraph 10 do not call for legal conclusions, denies the allegations of Paragraph 10 of the Second Amended Complaint.

11. To the extent that the allegations in Paragraph 11 do not call for legal conclusions, denies the allegations of Paragraph 11 of the Second Amended Complaint.

12. To the extent that the allegations in Paragraph 12 do not call for legal conclusions, denies the allegations of Paragraph 12 of the Second Amended Complaint, and respectfully directs the Court to the POA for its contents.

13. To the extent that the allegations in Paragraph 13 do not call for legal conclusions, denies the allegations of Paragraph 13 of the Second Amended Complaint, except admits that the Construction Loan Transaction closed in or about December 7, 1999, that Mr. Falini, Mr. Newman and others were present, and that MLCC accepted the POA as evidence of Barry Newman's authority to enter into the Construction Loan Transaction including the execution of the Pledge Agreement and other documents necessary to allow the Construction Loan Transaction to proceed on the terms provided.

14. Admits the allegations of Paragraph 14 of the Second Amended Complaint, and specifically alleges that Plaintiff, under the terms of the loan documentation, could direct that certain payments of principal be made with these funds and has declined to do so.

15. Denies the allegations of Paragraph 15 of the Second Amended Complaint.

## COUNT I – CONVERSION

16. Responds to Paragraph 16 of the Second Amended Complaint by referring to and incorporating by reference herein Paragraphs 1 through 15 above.

17. Denies the allegations of Paragraph 17 of the Second Amended Complaint.

18. Denies the allegations of Paragraph 18 of the Second Amended Complaint.

## COUNT II – FRAUDULENT NONDISCLOSURE

19. Responds to Paragraph 19 of the Second Amended Complaint by referring to and incorporating by reference herein Paragraphs 1 through 18.

20. Denies the allegations of Paragraph 20 of the Second Amended Complaint.

21. Denies the allegations of Paragraph 21 of the Second Amended Complaint.

22. To the extent that the allegations in Paragraph 22 do not call for legal conclusions, denies the allegations of Paragraph 22 of the Second Amended Complaint.

23. Denies the allegations of Paragraph 23 of the Second Amended Complaint.

24. To the extent that the allegations in Paragraph 24 do not call for legal conclusions, denies the allegations of Paragraph 24 of the Second Amended Complaint.

25. To the extent that the allegations in Paragraph 25 do not call for legal conclusions, denies the allegations of Paragraph 25 of the Second Amended Complaint.

26. To the extent that the allegations in Paragraph 26 do not call for legal conclusions, denies the allegations of Paragraph 26 of the Second Amended Complaint, and further alleges that Miller did not object to, and in fact, ratified the terms of the Construction Loan Transaction.

## COUNT III - RECKLESSNESS

27.     Responds to Paragraph 27 of the Second Amended Complaint by referring to and incorporating by reference herein Paragraphs 1 through 26 above.

28.     Denies the allegations of Paragraph 28 of the Second Amended Complaint.

29.     Denies the allegations of Paragraph 29 of the Second Amended Complaint.

30.     Denies the allegations of Paragraph 30 of the Second Amended Complaint.

## COUNT IV – CONNECTICUT UNFAIR TRADE PRACTICES ACT
### (Deceptive Acts or Practices)

31.     Responds to Paragraph 31 of the Second Amended Complaint by referring to and incorporating by reference herein Paragraphs 1 through 30 above.

32.     Denies the allegations of Paragraph 32 of the Second Amended Complaint.

33.     Denies the allegations of Paragraph 33 of the Second Amended Complaint.

## COUNT V – CONNECTICUT UNFAIR TRADE PRACTICES ACT
### (Exacerbating Circumstances, Deceptive Acts or Practices)

34.     Responds to Paragraph 34 of the Second Amended Complaint by referring to and incorporating by reference herein Paragraphs 1 through 33 above.

35.     Denies the allegations of Paragraph 35 of the Second Amended Complaint.

## COUNT VI – CONNECTICUT UNFAIR TRADE PRACTICES ACT
### (Unfair Acts or Practices)

36.     Responds to Paragraph 36 of the Second Amended Complaint by referring to and incorporating by reference herein Paragraphs 1 through 35 above.

37.     Denies the allegations of Paragraph 37 of the Second Amended Complaint.

38.     Denies the allegations of Paragraph 38 of the Second Amended Complaint.

## COUNT VII – CONNECTICUT UNFAIR TRADE PRACTICES ACT
### (Exacerbating Circumstances, Unfair Acts or Practices)

39. Responds to Paragraph 39 of the Second Amended Complaint by referring to and incorporating by reference herein Paragraphs 1 through 38 above.

40. Denies the allegations of Paragraph 40 of the Second Amended Complaint.

## COUNT VIII – NEGLIGENCE

41. Responds to Paragraph 41 of the Second Amended Complaint by referring to and incorporating by reference herein Paragraphs 1 through 40 above.

42. To the extent that the allegations in Paragraph 42 do not call for legal conclusions, denies the allegations of Paragraph 42 of the Second Amended Complaint.

43. Denies the allegations of Paragraph 43 of the Second Amended Complaint.

## COUNT IX – RESPONDEAT SUPERIOR

44. Responds to Paragraph 44 of the Second Amended Complaint by referring to and incorporating by reference herein Paragraphs 1 through 43 above.

45. Admits that Mr. Falini was the registered representative at MLPFS responsible for the accounts, but ceased having that responsibility in or about January, 2001, and denies the remaining allegations of Paragraph 45 of the Second Amended Complaint.

46. To the extent that the allegations in Paragraph 46 do not call for legal conclusions, denies the allegations of Paragraph 46 of the Second Amended Complaint, except to the extent that MLCC has denied sufficient knowledge or information to form a belief as to the truth of a particular allegation contained in Counts II through IX.

47. Denies the allegations of Paragraph 47 of the Second Amended Complaint.

48.     To the extent that the allegations in Paragraph 48 do not call for legal conclusions, denies the allegations of Paragraph 48 of the Second Amended Complaint, except to the extent that MLCC has denied sufficient knowledge or information to form a belief as to the truth of a particular allegation contained in Counts II through IX.

49.     To the extent that the allegations in Paragraph 49 do not call for legal conclusions, denies the allegations of Paragraph 49 of the Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims fail to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Any injuries to Plaintiff resulted, in whole or in part, from acts, omissions or the comparative fault of the Plaintiff, her agents or entities other than MLCC.

### FIFTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff suffered any damages as a result of any purported wrongful act of Defendant, Plaintiff failed to minimize or mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, in that MLCC's actions or omissions with respect to Plaintiff have been in good faith and without the intent to deceive or harm. The alleged conduct was neither intolerable nor outrageous, but instead, was privileged, proper and/or taken in accordance with rights and privileges afforded by law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the acts complained of were consented to by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for relief, to the extent it seeks punitive damages, violates Defendant's rights to protection from excessive fines and to due process under the United States Constitution.

**WHEREFORE,** MLCC respectfully demands judgment dismissing with prejudice all counts alleged in Plaintiff's Second Amended Complaint, and awarding MLCC reasonable attorneys' fees, costs and disbursements incurred in the defense of Plaintiff's action, along with such other and further relief as the Court may deem just and proper.

## **COUNTERCLAIMS**

Defendant and Counterclaimant Merrill Lynch Credit Corporation ("MLCC"), by and through its attorneys, Paul, Hastings, Janofsky & Walker LLP, brings these counterclaims against Plaintiff and Counterdefendant Julie Dillon Ripley Miller ("Miller") pursuant to Conn. Gen. Stat. §§ 49-1, et seq. for strict foreclosure on a mortgage encumbering property, together with improvements thereon, located at 21 Point Road, Norwalk, Connecticut, 06854, and more fully described in Exhibit A attached hereto (the "Premises"), as well as an action on the note securing Miller's debt to MLCC, based upon Miller's continuing default under the mortgage, the note and related documents, in favor of MLCC.

### **The Parties**

1. MLCC is a Delaware Corporation with its principal place of business at 4802 Deer Lake Drive East, Jacksonville, Florida.

2. Miller is an individual who resides at 21 Point Road, Norwalk, Connecticut.

### **Jurisdiction and Venue**

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity between the Counterclaimant and Miller, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this action occurred within this District.

**Factual Background**

5.     On or about December 7, 1999, Miller, by her attorney-in-fact, executed and delivered to MLCC an Adjustable Rate Note in the principal sum of $7,500,000 (the "Note"), all of which MLCC has forwarded to or for the benefit of Miller. A copy of the Note is attached hereto as Exhibit B.

6.     On or about December 7, 1999, Miller, by her attorney-in-fact, executed and delivered a mortgage in favor of MLCC encumbering the Premises (the "Mortgage"). The Mortgage is recorded in the Norwalk Land Records in Volume 3836 at page 232. A copy of the Mortgage is attached hereto as Exhibit C.

7.     On or about January 30, 2001, MLCC and Miller entered into an agreement modifying certain repayment terms of the Note and corresponding portions of the Mortgage (the "Modification Agreement"). Miller personally executed the Modification Agreement which is recorded in the Norwalk Land Records in Volume 4048 at page 83. A copy of the Modification Agreement is attached hereto as Exhibit D.

8.     The Mortgage and Note, as modified, are now owned by MLCC.

9.     Paragraph 3 of the Modification Agreement states that "[Miller] warrants that [she] has no existing right of offset, counterclaim, or other defenses against enforcement of the Note and [the Mortgage] by [MLCC] and that, if any such right or defenses do exist, they are hereby waived and released." See Ex. D, Modification Agreement, p. 3, ¶3.

10.     Pursuant to Paragraph 1(a) of the Modification Agreement, Miller is required to pay interest under the Note on the first day of each month, beginning March, 2001, until February, 2011. Paragraph 4 of the Modification Agreement provides that "[t]he Note and the [Mortgage] shall continue to evidence and secure [Miller's] indebtedness thereunder as modified herein" and, except as modified therein, "neither the Note nor the [Mortgage] is modified by this Agreement and they shall remain in full force and effect until the obligations secured thereunder are paid in full and the [Mortgage] is satisfied of record." Id., p.3, ¶4.

11.     Under its terms, the Mortgage secures: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 (Protection of Lender's Rights in the Property) to protect the security of the Mortgage; and (c) the performance of Miller's covenants and agreements under the Mortgage and the Note. See Ex. B, Mortgage, p. 1. Paragraph 8(b) of the Note states that "If I [Miller] do not pay the full amount of each monthly payment on the date it is due, I will be in default ." As discussed in the following paragraphs, Miller is in default under the Mortgage and Note by (i) failing to make timely payments under the Mortgage and Note; and (ii) failing to pay property taxes for the Premises to the City of Norwalk.

12.     In breach of Miller's obligations under the terms of the Mortgage and Note, as amended, Miller failed to make interest payments due on the first of the month from February 1, 2003 to the present, and now owes to MLCC interest in the aggregate sum of $154,993.02. Pursuant to Paragraph 8 of the Note, if the full amount of any monthly payment is not received

by MLCC at the end of fifteen calendar days after its due date, Miller owes a 6% late fee for each such late payment.

13. Paragraph 4 of the Mortgage further requires Miller to pay all taxes attributable to the Premises. In breach of Miller's obligations under the terms of the Mortgage, Miller failed to remit to the City of Norwalk property taxes on the Premises for the years 2000 and 2001, the amounts of which were $26,533.77 and $39,854.24, respectively.

14. The City of Norwalk filed suit on January 14, 2003 to satisfy its tax lien. Pursuant to Paragraph 7 of the Mortgage, which permits MLCC to make payments to safeguard its interest in the Premises, MLCC paid the City of Norwalk $67,733.96 in costs and fees to satisfy Miller's property tax obligations. MLCC has since paid additional sums as shown below for taxes owed on the Property. Paragraph 7 of the Mortgage further provides that these costs and fees, with interest from the date of demand for reimbursement (February 21, 2003), are to be treated as additional debt secured by the Mortgage.

15. MLCC has satisfied all of its obligations under the Note and Mortgage, as amended. MLCC provided notice to Miller of the aforementioned defaults by letter dated May 16, 2003 via U.S. First Class Mail, U.S. Registered Mail (Return Receipt Requested) and Express Mail Overnight Delivery (the "Notice of Default"). The Notice of Default, attached hereto as Exhibit E, complied with all applicable notice requirements of the Mortgage with regard to MLCC's subsequent right to foreclose upon the Premises and accelerate the debt secured by the Mortgage and Note without further notice. Plaintiff has failed to cure her defaults in accordance with the Notice of Default.

16. Paragraph 20 of the Mortgage, which provides for acceleration of the debt secured by the Mortgage, states that MLCC "shall be entitled to collect all expenses incurred in pursuing the remedies provided for in this paragraph 20 [any remedy permitted by law], including, but not limited to, reasonable attorneys' fees and costs of title evidence." Paragraph 8(E) similarly states that "if the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

17. As of February 29, 2004, there is due and owing to MLCC pursuant to the Mortgage and Note, as modified, the following amounts, including legal fees and costs (which are accruing):

| | |
|---|---|
| Principal: | $7,497,995.94 |
| Interest: | $  312,655.69 |
| Escrow (taxes paid by MLCC) | $    88,109.32 |
| Late Charges | $    14,641.60 |
| Recoverable Balance (legal fees) | $  766,831.02 |
| TOTAL AMOUNT DUE: | $ 8,680,233.57 |

18. There are no encumbrances of record upon the Premises sought to be foreclosed that are affected by this action which are subsequent in right to MLCC's Mortgage. There is one encumbrance of record upon the Premises for Real Estate Taxes on the List of October 1, 2002 by the City of Norwalk, a lien due and payable in semi-annual installments on July 1, 2003 and January 1, 2004.

## FIRST CLAIM FOR RELIEF
### (Foreclosure)

19. MLCC repeats and realleges the allegations of Paragraphs 1 through 18, as if fully set forth herein.

20. MLCC and Miller entered into enforceable agreements in the form of the Note and Mortgage, as amended by the Modification Agreement. MLCC has satisfied all of its obligations under the Note and Mortgage, as amended by the Modification Agreement.

21. Miller has breached her obligations under the Note and Mortgage, as amended by the Modification Agreement, by failing and refusing to pay MLCC mortgage payments, reimbursement for taxes and costs due to the City of Norwalk, interest and late charges.

22. MLCC has provided Miller with legally sufficient notice under the Mortgage with respect to MLCC's right to foreclose upon the Premises. Miller has failed to cure her defaults under the Note and Mortgage, as amended, and MLCC is entitled to collect all sums due and owing thereon, and to exercise its option to foreclose upon the mortgaged Premises.

## SECOND CLAIM FOR RELIEF
### (Action on the Note)

23. MLCC repeats and realleges the allegations of Paragraphs 1 through 18, as if fully set forth herein.

24. MLCC and Miller entered into enforceable agreements in the form of the Note, as amended by the Modification Agreement. MLCC has satisfied all of its obligations under the Note, as amended by the Modification Agreement.

25. Miller has breached her obligations under the Note, as amended by the Modification Agreement, by failing and refusing to pay MLCC mortgage payments, reimbursement for taxes and costs due to the City of Norwalk, interest and late charges.

26. MLCC has provided Miller with legally sufficient notice under the Note and Miller has failed to cure her defaults under the Note and Mortgage, as amended. Following legally sufficient notice, the debt was accelerated and MLCC is therefore entitled to collect all sums due and owing on the Note.

**WHEREFORE**, Counterclaimant MLCC prays that the Court enter judgment in its favor and against Miller, as follows:

For Count One:

(1) a strict foreclosure of the Mortgage;
(2) immediate possession of the mortgaged Premises;
(3) a deficiency judgment against Miller;
(4) attorneys' fees, costs of suit, interest, late charges, taxes, reasonable appraisal fees and costs of collection;
(5) damages; and
(6) such other and further relief as the Court deems just and equitable.

For Count Two:

(1) sums owed to MLCC under the Note;
(2) attorneys' fees, costs of suit, interest, late charges, taxes, reasonable appraisal fees and costs of collection;
(3) damages; and
(4) such other and further relief as the Court deems just and equitable.

Dated: April 23, 2004
Stamford, Connecticut

        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: *Thomas P. Friedman*
     Douglas C. Conroy, ct11555
     Thomas P. Friedman, ct24947
     1055 Washington Boulevard
     Stamford, CT 06901-2217
     Telephone: (203) 961-7400
     Facsimile: (203) 359-3031
     Email: douglasconroy@paulhastings.com
            thomasfriedman@paulhastings.com

BRYAN CAVE LLP

    Dennis C. Fleischmann, ct11013
    1290 Avenue of the Americas
    New York, New York 10104
    (212) 541-2000

    Counsel for Defendant and Counterclaimant
    MERRILL LYNCH CREDIT CORPORATION

## **EXHIBITS**

EXHIBIT A   -   Legal Description of Premises

EXHIBIT B   -   Note

EXHIBIT C   -   Mortgage

EXHIBIT D   -   Modification Agreement

EXHIBIT E   -   Notice of Default

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of April, 2004, a copy of the foregoing ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS was delivered via U.S. first class mail to:

>Patrick W. Begos, Esq.
>BEGOS & HORGAN, LLP
>327 Riverside Avenue
>Westport, CT 06880
>
>Dennis C. Fleischmann, Esq.
>Bryan Cave LLP
>1290 Avenue of the Americas
>New York, New York 10104

_____
Thomas P. Friedman

STM/268941.1
11413.00021