UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER, | CIVIL ACTION NO. 3:03-CV-1016 (RNC) |
| Plaintiff, | |
| - against - | |
| MERRILL LYNCH CREDIT CORPORATION, | |
| Defendant and Counterclaimant. | April 23, 2003 |

**AFFIDAVIT OF DONALD J. McENERNEY IN SUPPORT OF OPPOSITION BY MERRILL LYNCH CREDIT CORPORATION TO PLAINTIFF'S MOTION TO COMPEL**

**STATE OF FLORIDA**    )
                        ) ss:
**COUNTY OF DUVAL**     )

      1.     My name is Donald J. McEnerney.  I am currently a Vice President of Merrill Lynch Credit Corporation [hereinafter "MLCC" or "Company"].

      2.     I am familiar with Docket No. 3:03-CV-1016 (RNC) in the United States District Court for the District of Connecticut.  I understand that the plaintiff seeks access to any and all e-mails referring or relating to her, as well as confidential business information of the Company, including MLCC's underwriting manual, OPS Guide, and guidelines relating to Powers of Attorney.

      3.     MLCC has responded in good faith to the plaintiff's requests for e-mails pertaining to her.  Specifically, MLCC identified those employees at the Company who had involvement with respect to the plaintiff and/or her various

applications.  MLCC then requested the production of all relevant documents in the possession of these individuals, including e-mails and produced those documents it received to the plaintiff in the course of discovery.

4.    Due to the burdensomeness of the task, MLCC did not check its back-up files and archives for e-mails referring or relating to "Miller" over the last seven years.  MLCC has approximately 4680 files that refer or relate to the name "Miller" and cannot reasonably be expected to cull through all of the e-mails from all senders that these files would generate.  Moreover, I am not aware of any manner by which MLCC can determine which of these e-mails refer or relate specifically to Julie Miller without reviewing each and every e-mail.  The time and effort for such a review would be immense and would not necessarily yield additional pertinent documents (as many of the e-mails will only refer generically to a "Miller" loan or application).  Furthermore, dozens of relevant e-mails that were in the possession of employees known to have relevant e-mails have been produced, and the loan files, containing additional relevant e-mails were also produced.

5.    The plaintiff's document requests also call for proprietary information of MLCC, specifically MLCC's underwriting manual, OPS Guide and guidelines relating to Powers of Attorney.  The information contained in these documents provide internal guidelines for MLCC employees and is not available to the general public.

6.    If disclosed, this information would undoubtedly benefit MLCC's competitors.  Specifically, such information would be of significant value to MLCC's

actual and potential competitors in determining their own business plans and strategies and could be used by those competitors to undermine significantly MLCC's ability to compete effectively in the marketplace.

7.    Further, MLCC has been scrupulous in its efforts to maintain the confidentiality of the information.  MLCC employees are expected to keep this information confidential, and MLCC makes every reasonable effort to protect this information from unauthorized third-parties seeking to infiltrate MLCC's computer systems.

Dated April 23, 2004

DONALD J. McENERNEY
Vice President
Merrill Lynch Credit Corporation


Sworn and subscribed before me
on this 23rd day of April, 2004.


Notary Public

Holly H. Mruz
MY COMMISSION # DD158423  EXPIRES
November 21, 2006
BONDED THRU TROY FAIN INSURANCE, INC.