UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 SEP 29 P 12: 56

JULIE DILLON RIPLEY MILLER,         :
    Plaintiff,                      :
                                    :
    v.                              :   CASE NO.  3:03CV1016(RNC)
                                    :
MERRILL LYNCH CREDIT                :
CORPORATION,                        :
                                    :
    Defendant.                      :

RULING ON PENDING DISCOVERY MOTIONS

Pending before the court are the plaintiff's motion to compel (doc. #38) and the defendant's motion to compel (doc. #42). The motions are GRANTED in part and DENIED in part as follows:

A.   Plaintiff's Motion to Compel

1.   The defendant shall "identify" the materials requested in Interrogatory 8.

2.   The plaintiff's motion to compel the defendant to produce its corporate representatives for deposition in Connecticut is DENIED. The Fed. R. Civ. P. 30(b)(6) depositions shall be conducted in Florida.

B.   Defendant's Motion to Compel

As a preliminary matter, the court addresses the plaintiff's objection, made both in her discovery responses and during oral argument, that compliance with the defendant's discovery requests would be unduly burdensome. Under well-settled law, the party resisting production bears the responsibility of establishing undue

burden.  Shannon v. New York City Transit Authority, No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *1 (S.D.N.Y. Mar. 22, 2001).  "If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence."  Fletcher v. Atex, Inc., 156 F.R.D. 45, 54 (S.D.N.Y. 1994).  See Mead Corp. v. Riverwood Natural Resources Corp., 145 F.R.D. 512, 516 (D. Minn. 1992) (party asserting burdensomeness must allege "facts which demonstrate the extent and nature of the burden imposed by preparation of a proper response").  A "conclusory assertion of burdensomeness is entitled to no weight whatsoever."  Jackson v. Edwards, No. 99 CIV.0982, 2000 WL 782947, at *2 (S.D.N.Y. June 16, 2000).  See Johnson v. McTigue, 122 F.R.D. 9, 11 (S.D.N.Y. 1986) ("mere allegations of burdensomeness cannot defeat a motion to compel production").  The plaintiff has not substantiated her burdensomeness objection in any way.  She has not submitted affidavits or other material of evidentiary weight describing the time, resources and costs that would be incurred in order to comply with the defendant's requests.  Accordingly, her objection based on undue burden is overruled.

1.  With regard to Request for Production 4, the plaintiff shall produce communications with financial advisors and consultants from 1999 to the present.

The defendant also seeks documents "created by" and "communications with" Joseph Tesoriere ("Tesoriere").  The

plaintiff contends that Tesoriere is a nontestifying expert and that, as a result, these documents are protected work product. See also United States v. Nobles, 422 U.S. 225, 238-39 (1975) (work product doctrine protects not only materials that are prepared by attorneys themselves but also by their agents); Chiquita Int'l Ltd. v. M/V Bolero Reefer, No. 93 Civ. 0167, 1994 WL 177785, at *1 (S.D.N.Y. May 6, 1994) ("a consulting expert who will not testify at trial is generally immune from discovery"); Fed. R. Civ. P. 26(b)(4)(B) (facts known or opinions held by a nontestifying expert are protected from discovery except "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means").

The defendant argues that the plaintiff waived any work product protection accorded to Tesoriere's materials because she submitted Tesoriere's affidavit in support of her motion for a prejudgment remedy. Tesoriere opined in his affidavit as to the plaintiff's capital gains liability she allegedly incurred as a result of the defendant's conduct. See Tesoriere Aff. dated April 23, 2003.

Work product protection may be waived where a party has voluntarily disclosed the work product to the adversary. Bowne, Inc. v. AmBase Corp., 150 F.R.D. 465, 479 (S.D.N.Y. 1993). The plaintiff, having made a voluntary disclosure of Tesoriere's

capital gains tax liability calculations, waived the work product privilege as to all non-opinion work product concerning the "particular matters addressed in the disclosed communications" -- that is, calculation of capital gains tax liability. Id. at 484. See In Re Martin Marietta Corp., 856 F.2d 619, 622-25 (4th Cir. 1988) (production of documents covered by work product rule triggered subject matter waiver); In re Sealed Cases, 676 F.2d 976, 809 (D.C. Cir. 1989) (disclosure of privileged communication waives privilege for "all other communications relating to the same subject matter.")

2. Request for Production 5 is GRANTED.

3. Request for Production 6, limited to significant sources of income of $5,000 or more and a cutoff date of January 21, 2004, is GRANTED.

4. Request for Production 8, limited to significant sources of income of $5,000 or more, is GRANTED. If the plaintiff has already produced all documents responsive to this request, she shall make a sworn statement to that effect.

5. In response to Request for Production 10, the plaintiff shall provide a list identifying her assets exceeding $5000 in value, including any real estate.

6. Requests for Production 11, 12 and 13 are GRANTED.

7. Request for Production 18 is GRANTED. If the plaintiff has already produced all documents responsive to this request, she

shall make a sworn statement to that effect.

8. Request for Production 22, limited to balances of $5,000 or more, is GRANTED.

9. Request for Production 23, limited to improvements or renovations exceeding $5000, is GRANTED.

10. Requests for Production 24 and 25, limited to payments exceeding $5000, are GRANTED.

11. Request for Production 26 is GRANTED.

12. Request for Production 27, limited to authorizations for payments of more than $5,000, is GRANTED.

13. Request for Production 28 is GRANTED. If the plaintiff has already produced all documents responsive to this request, she shall make a sworn statement to that effect.

14. Request for Production 29 is GRANTED.

15. Request for Production 30, limited to costs, improvements or upgrades exceeding $5,000, is GRANTED.

16. Request for Production 39, limited to the instant litigation and litigation regarding the trusts and estates, is GRANTED. If the plaintiff has already produced all documents responsive to this request, she shall make a sworn statement to that effect.

17. Requests for Production 40 and 41 are overbroad and is DENIED without prejudice to the defendant's reformulating the requests.

18. Request for Production 44, limited to debts exceeding $5000, is GRANTED.

19. Request for Production 45, limited to financial information for trips exceeding $5,000, is GRANTED.

20. Interrogatory 6, limited to significant sources of income of $5,000 or more, is GRANTED. If the plaintiff has already produced all documents responsive to this request, she shall make a sworn statement to that effect.

21. Interrogatory 7(a) is GRANTED. The plaintiff shall identify the portion(s), if any, of the Power of Attorney form that were "whited-out." The defendant's motion to compel a response to Interrogatory 7(b), (c) and (d) is DENIED because the plaintiff has responded to these requests.

The parties are reminded of their meet and confer obligations under both the federal and local rules of procedure to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority.

SO ORDERED at Hartford, Connecticut this 29th day of September, 2004.

Donna F. Martinez
United States Magistrate Judge