UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JAN -3 A 10: 16
U.S. DISTRICT COURT
HARTFORD, CT.

------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,                 :
                                            :   Case No.03-CV-1016 (RNC)(DFM)
                Plaintiff,                  :
                                            :
        – against –                         :
                                            :   December 30, 2004
MERRILL LYNCH CREDIT CORPORATION,           :
                                            :
                Defendant.                  :
------------------------------------------------------------x

### JOINT MOTION TO AMEND PRE-TRIAL SCHEDULE

Whereas, the parties to this action diligently have conducted discovery in good faith, and had sought to complete discovery by the original deadline of March 15, 2004, since extended to January 7, 2005, including approximately twenty depositions since the inception of this action;

Whereas, the parties have filed six previous motions to amend the pre-trial schedule. The first two motions sought extensions only of certain intermediate pre-trial deadlines, without extending the discovery cut-off date. The third motion, filed December 11, 2003 sought an extension of the discovery cut-off to either February 13, 2004 (as requested by defendant) or thirty days after the Court ruled on plaintiff's December 3, 2003 motion to compel (as requested by plaintiff). By order dated December 22, 2003, the Court extended the discovery cutoff to March 15, 2004. By further order dated March 25, 2004, the Court extended the discovery cutoff to April 30, 2004 based, in part, on the fact that certain discovery motions argued before this Court on January 20, 2004 remained sub judice before this Court. By further order dated May 12, 2004, the Court extended the discovery cutoff to June 30, 2004, based, in part, on the fact that the discovery motions argued on January 20, 2004 remained sub judice before this Court.

By Orders dated September 29, 2004 and November 10, 2004, the Court ruled on the three motions to compel made by the parties, and ordered additional production by both parties. By Superseding Scheduling Order dated November 16, 2004, the Court ordered: "All discovery, including all discovery relating to expert witnesses, will be completed (not propounded), by January 7, 2005."

Both parties have made production pursuant to the Court's rulings on the motions to compel (though, as set forth below, MLCC has not completed production), the parties have scheduled outstanding and/or uncompleted depositions, and are working to complete those depositions before January 7, 2005. It is apparent, however, that not all discovery can be completed by that date, despite the parties' due diligence. Specifically:

a. Counsel for MLCC has advised that, due to the magnitude of the search and backlog of e-mail requests, it will be unable to produce by January 7, 2005 the e-mails it was directed to produce in the Court's November 10, 2004 order. Plaintiff may require additional discovery upon review of those emails.

b. Plaintiff recently completed producing documents that she was directed to produce in the Court's September 29, 2004 order. Defendant needs additional time to evaluate these documents and determine whether they necessitate additional discovery.

c. MLCC produced, on or about December 21, 2004, its underwriting and power-of-attorney guidelines. MLCC's counsel has recently acknowledged that additional production may be forthcoming regarding those guidelines. Plaintiff's expert, Richard Homberger (who previously produced an expert report regarding, *inter alia*, the underwriting of the loan at issue in this case, in which he expressly reserved the right to amend or supplement his conclusions upon review of MLCC's guidelines), is presently reviewing those documents. Given the holidays, it is unlikely that any supplemental or amended report can be completed by January 7, 2005.[1] If Mr. Homberger supplements or amends his report, defendant reserves the right to have its

---

[1] Plaintiff does not concede that a supplemental or amended report would be required in order for Mr. Homberger to testify regarding the MLCC guidelines. Nonetheless, to the extent these documents would materially change plaintiff's expert's testimony or conclusions, plaintiff does not object to producing a supplemental report, provided that her expert is given the time to do so.

expert supplement or amend his report to address the issues of Mr. Homberger's supplement or amendment.

d. At a recent deposition of Kevin Huben, a non-party witness, MLCC's counsel asserted an attorney-client privilege objection to various questions. Plaintiff's counsel disputed the validity of that objection and MLCC's counsel, without waiving any other objections, withdrew the attorney-client objection on December 30, 2004. Plaintiff will need additional time to resume and complete Mr. Huben's deposition.

Accordingly, the parties respectfully request that the Court extend the discovery cut-off date to February 7, 2005, as well as corresponding pre-trial dates as set forth below pursuant to Fed. R. Civ. Proc. 6(b) and Local Civil Rule 9(b).

After reviewing the Joint Motion, and finding good cause, the Court hereby ORDERS:

(i) That the Discovery Cut-Off is extended from January 7, 2005 to February 7, 2005;

(ii) That the Joint Trial Memoranda will be filed by March 25, 2005;

(iii) That the case will be placed on the Trial Ready List for May 2005.

(iv) That any dispositive motion shall be filed by March 25, 2004.

(v) Except as specifically modified in this order, the Superseding Scheduling Order dated November 16, 2004 will in all other respects remain in effect.

_____<br>
Hon. Donna F. Martinez<br>
United States Magistrate Judge

PAUL, HASTINGS, JANOFSKY & WALKER, LLP

By: _____
Douglas C. Conroy (ct11555)
Thomas P. Friedman (ct24947)
Attorneys for Defendant
1055 Washington Boulevard
Stamford, CT 06901-2217
(203) 961-7400
(203) 359-3031 (fax)
Email:   douglasconroy@paulhastings.com
         thomasfriedman@paulhastings.com

BEGOS & HORGAN, LLP

By: _____
Patrick W. Begos (ct19090)
Christopher G. Brown (ct18216)
Attorneys for Plaintiff
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990
(203) 222-4833 (fax)
Email:   pwb@begoshorgan.com
         cgb@begoshorgan.com