```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

JULIE DILLON RIPLEY MILLER,    :
                               :
    Plaintiff,                 :
                               :
    v.                         :    CASE NO. 3:03CV1016(RNC)
                               :
MERRILL LYNCH CREDIT CORP.,    :
                               :
    Defendant.                 :
```

<u>SUPERSEDING SCHEDULING ORDER</u>

The parties' joint motion to amend the deadlines in this matter (doc. #113) is GRANTED as follows:

**Discovery Deadline**: All discovery, including all discovery relating to expert witnesses, will be completed (not propounded) by **February 7, 2005.**

**Motions to Compel**: Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed within 30 days after the due date of the response. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel.

**Mandatory Settlement Conference**: A settlement conference will be held with the undersigned on **February 3, 2005.** Any party wishing to have a settlement conference before then is encouraged to file a motion that reflects the views of the other parties.

**Joint Trial Memorandum**: A joint trial memorandum in the form described in the attached addendum will be filed on or before **March 25, 2005.** Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.

**Trial Ready List**: The case will be placed on the trial ready list for **May 2005.**

**Dispositive Motions**: Dispositive motions must be filed by **March 25, 2005.** If a summary judgment motion is filed, the joint

trial memorandum will be due 30 days after a ruling on the motion.

**Joint Status Reports of Counsel**: A joint status report of counsel will be submitted on or before **March 1, 2005**. The report will address the matters listed in Fed. R. Civ. P. 16(c). Joint status reports of counsel addressing those matters will be submitted every 90 days thereafter until the matter is resolved.

**Extensions of Time**: All dates set forth in this order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that despite due diligence, the party seeking the extension could not comply with this order. Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor. A motion to extend the discovery deadline will not be granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this order.

Counsel will provide their clients with a copy of this order.

SO ORDERED at Hartford, Connecticut this 10th day of January, 2005.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Addendum

Julie Dillon Ripley Miller v. Merrill Lynch Credit Corp.,
Case No.: 3:03CV1016 (RNC)

1. Pursuant to the pretrial schedule that has been established for this case, the case should be ready for trial by **May 2005.** Counsel should inform their clients that the court intends to try the case at that time or as soon thereafter as possible.

2. No deadline set forth in the pretrial schedule will be extended or stayed except by order of the court. **Motions for extension of time pursuant to Fed. R. Civ. P. 6(b) and Local Civil Rule 9(b) will not be granted except for good cause. Any such motion must be filed in writing at least five days before the deadline in question.** Counsel should not assume that the filing of a motion to dismiss will serve to extend the time for completing discovery. The filing of a substantive motion will not constitute good cause sufficient to warrant an extension of time for completing discovery except in unusual circumstances.

3. On or before **March 25, 2005,** the parties will jointly prepare and file for approval by the Court a joint trial memorandum. **Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.** The memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure), and must be certified that it is a joint product of consultation between the lawyers trying the case, with the following modifications:

   a. **Witnesses**: Set forth the name and address of each witness to be called at trial. Provide a brief summary of the anticipated testimony of each witness and an estimate of the

probable duration of his or her testimony (e.g. less than one hour, two to three hours, one full day).  For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely.  If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the joint memorandum so that it can be addressed prior to trial.

       b.  **Exhibits**:  The parties will prepare the list of exhibits required by the Standing Order.  The list must specifically identify each exhibit by providing a brief description of the exhibit.  The exhibits will be listed in numerical order starting with Plaintiff's Exhibit 1 and Defendant's Exhibit 1.  If a party has an objection with regard to a designated exhibit, the objection must be stated in this section of the joint memorandum or it will be waived.  Each party will prepare an original set of exhibits, plus a duplicate copy for the Court and every other party, marked with exhibit tags provided by the Clerk.  The duplicate sets of exhibits must be submitted to the Court not later than the day before the final pretrial conference.  Counsel will retain the original set of exhibits for use at trial.

       c.  **Jury Instructions**:  In jury cases, the parties will meet and confer for the purpose of preparing and filing agreed upon jury instructions.  The proposed instructions will be submitted as an attachment to the joint trial memorandum.  The proposed instructions should encompass all applicable rules of law.  Citations to case law or authority should be provided in footnotes.  If the parties cannot agree as to the appropriateness of a particular instruction, the objecting party must state the basis for the objection and set forth an alternative instruction.  Counsel are requested to submit the proposed instructions on disc to facilitate preparation of a final document by the Court.

       d.  **Anticipated Evidentiary Problems**:  The parties will attach motions in limine with memoranda of law concerning any

anticipated evidentiary problems.

  e. **Verdict Form**: In jury cases the parties will submit as an exhibit to the joint trial memorandum a proposed verdict form suitable for submission to a jury. The form may require the jury to return a special verdict with special findings as permitted by Rule 49(a) or a general verdict with or without written interrogatories as permitted by Rule 49(b). If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for the objection and provide an alternative proposal.