UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD

------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,                :
                                           :   Case No. 3:03CV1016 (RNC)(DFM)
         Plaintiff,                        :
                                           :
         – against –                       :   January 10, 2005
                                           :
MERRILL LYNCH CREDIT CORPORATION,          :
                                           :
         Defendant.                        :
------------------------------------------------------------x

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND ITS COUNTERCLAIMS**

Plaintiff, Julie Dillon Ripley Miller, by her attorneys, Begos & Horgan, LLP, submits this brief in opposition to defendant's motion for leave to file an Amended Answer to Second Amended Complaint.

**PRELIMINARY STATEMENT**

MLCC's motion is more than a year late. Shortly after defendant, Merrill Lynch Credit Corp. ("MLCC"), removed this action to this Court, the Court imposed a deadline of October 21, 2003 for MLCC to move to amend the answer (Order Regarding Case Management Plan, Doc. ID. No. 18). MLCC never sought to extend that deadline, and it does not now provide any reason why it could not have made this motion before that deadline (*see* Point I, *infra*).

More importantly, however, the additional counterclaim that MLCC desires to assert is futile. This proposed counterclaim is moot *unless* the Court first determines that MLCC could not foreclose its purported mortgage or obtain judgment on its purported note due to MLCC's misconduct (as alleged in Ms. Miller's complaint and in her special defenses to MLCC's counterclaims). Thus, MLCC asks leave to claim that, if the note and mortgage were rendered unenforceable by MLCC's

misconduct, *equity* nonetheless permits it a recovery from Ms. Miller. The doctrine of equitable subrogation is intended to protect *innocent* parties, not to allow recovery by a guilty party. Because of the conditional nature of MLCC's proposed counterclaim, it is futile in this action, and the amendment should not be allowed (*see* Point II, *infra*).

## ARGUMENT

### I. MLCC'S MOTION IS UNTIMELY

MLCC argues that motions for leave to amend should be freely granted, and that such motions have been granted even years after an action was filed. However, MLCC does not cite a single case for the proposition that a Court should grant such a motion that was not filed for more than a year after a Court-imposed deadline. MLCC does not claim that its motion was prompted by new facts that it only recently learned, or new allegations recently made by Ms. Miller. Nor could it be, because there are no such new facts or allegations.

Instead, it appears that the only reason MLCC gives for the delay is that it only recently retained new co-counsel (MLCC Motion, ¶ 2). That co-counsel (Cohen & Wolf), is the *third* law firm to appear in this action for MLCC, having been preceded by two large, national law firms – Paul, Hastings, Janofsky & Walker, and Bryan Cave. The implicit assertion in MLCC's motion – that neither Paul Hastings nor Bryan Cave were able to determine that a claim for equitable subrogation might be warranted – should not be countenanced.

Ms. Miller is already faced with litigating this case against a party with virtually unlimited resources, who is able to add and change counsel whenever the mood strikes it. The Court should

not increase that prejudice by allowing each new counsel to attempt to change the course, focus or scope of the action.[1]

In sum, the Court should decline to disregard its scheduling order, and deny MLCC's motion as untimely.

## II.  AN EQUITABLE SUBROGATION CLAIM WOULD BE FUTILE

Equitable subrogation is, first and foremost, an *equitable* doctrine: "The object of [equitable] subrogation is the prevention of injustice." *Westchester Fire Ins. Co. v. Allstate Ins. Co.*, 236 Conn. 362, 371, 672 A.2d 939 (1996) (Internal quotes omitted).

MLCC already has pending a counterclaim to foreclose its purported mortgage and to recover on the alleged note secured by that mortgage if foreclosure is denied. Those claims seek to recover an alleged debt in excess of $8 million. Ms. Miller has asserted defenses to those claims, alleging, *inter alia*, that the mortgage transaction was predatory and unconscionable, and that MLCC with unclean hands, in: (a) making a mortgage loan with the knowledge that Ms. Miller could not make the payments; (b) affirmatively withholding from Ms. Miller any information about the proposed loan (based on a direction from a Merrill Lynch broker who was entitled to a commission if the loan closed); and (c) allowing that same broker to insist that the loan close while Ms. Miller was out of the country, using a power of attorney that was altered by the broker after Ms. Miller signed it.[2]

---

[1] For example, when Bryan Cave first appeared in this action in March 2004 ( Doc. ID No. 67) – almost a year after this action was commenced – it introduced the new tactic of moving for a pre-judgment remedy against Ms. Miller (Doc. ID. No. 68). Now Cohen & Wolf appears two years into the action, and seeks to add a new claim.

[2] The evidence developed to date demonstrates that MLCC violated not only its own underwriting guidelines in approving this loan, but also ignored industry standard underwriting practices. MLCC had its underwriter calculate fictitious income (in a manner contrary to its own underwriting guidelines); even that fictitious income was insufficient to make the payments required under the loan.

3

The proposed equitable subrogation counterclaim, by its terms, seeks to allow MLCC to recover even if the note and mortgage were unenforceable due to MLCC's misconduct. MLCC cannot credibly suggest that it would be entitled to equitable subrogation after it was found guilty of entering into an unconscionable mortgage transaction or acting with unclean hands. The doctrine is inapplicable in those circumstances:

> [Equitable subrogation] is a legal fiction through which one who, **not as a volunteer or in his own wrong and where there are no outstanding and superior equities**, pays the debt of another, is substituted to all the rights and remedies of the other, and the debt is treated in equity as still existing for his benefit [emphasis supplied].

*Rosenblit v. Williams*, 57 Conn. App. 788, 794 (2000).[3]

If MLCC paid off a debt through an unconscionable and predatory loan, it is not eligible for equitable subrogation. As Justice Berdon wrote: "It does not seem too much to say that one who voluntarily extends credit by disregarding a known risk, or risks which could have been discovered by a reasonable effort, should bear the loss when loss occurs." *Cheshire Mort. Service, Inc. v. Montes*, 223 Conn. 80, 122 (*dissenting opinion*); *see also Monetary Funding Group, Inc. v. Pluchino*, 2003 Conn. Super. Lexis 2442 (Sep. 3, 2003).

Moreover, MLCC seeks to be subrogated on the basis of a payment it made to itself. Specifically, the proposed counterclaim alleges that some of the proceeds of the unconscionable 1999 loan were used to pay off a 1997 loan that MLCC had made to Ms. Miller (Proposed Amended Answer to Second Amended Complaint and Counterclaims, ¶¶ 28-31). MLCC does not cite any law suggesting that equitable subrogation can apply in such a circumstance.

---

[3] MLCC, in its motion, quotes only part of this description of equitable subrogation, omitting the part quoted above (*see* Motion, ¶ 1).

4

## CONCLUSION

For the reasons set forth above, MLCC's motion to amend its counterclaims should be denied.

Dated:    Westport, Connecticut
          January 10, 2005

BEGOS & HORGAN, LLP

By: _____
Patrick W. Begos (ct19090)
Attorneys for Plaintiff
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990
(203) 222-4833 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on January 10, 2005 to:

Thomas P. Friedman, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

Jonathan S. Bowman, Esq.
Cohen & Wolf
1115 Broad Street
Bridgeport, CT 06604

_____
Patrick W. Begos