UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>Plaintiff and Counterclaim Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>Defendant and Counterclaimant. | CIVIL ACTION NO.<br>3:03-CV-1016 (RNC)<br><br><br><br><br>January 25, 2005 |

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED
<u>ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS</u>**

Defendant Merrill Lynch Credit Corp. ("MLCC") respectfully submits this reply memorandum in further support of its Motion for Leave to File Amended Answer to Second Amended Complaint and Counterclaims, dated December 30, 2004 (the "Motion to Amend"). Plaintiff Julie Dillon Ripley Miller's ("Miller") opposition brief, dated January 10, 2005 (the "Opposition Brief"), fails to provide a legitimate basis upon which to deny the proposed amendment. Despite Miller's assertions, MLCC has a good faith basis for filing this equitable subrogation claim. Moreover, Miller has not – and cannot – show that she will suffer any prejudice from the addition of this claim. Lastly, this claim is meritorious and MLCC should, at a minimum, be given the opportunity to prove it.

1. **Miller's argument that the amendment is untimely fails to
<u>support the denial of the Motion to Amend.</u>**

Nowhere in the Opposition Brief does Miller assert that the addition of the

equitable subrogation claim causes her prejudice. Instead, Miller merely states that it is untimely, relying upon the Order Regarding Case Management Plan, dated August 4, 2003. See Opposition Brief, at 2. Notably, while Miller objects to the filing of this amendment now, she filed her jury demand many months after the applicable deadline. Indeed, both Miller and MLCC have filed multiple pleadings since October 2003, and have done so as recently as April 2004. Not only has the scheduling changed with respect to the filing of amended pleadings, it has also changed with respect to nearly every other deadline or scheduled date set forth in the initial Case Management Plan, by at least a year. Thus, Miller's reliance upon that Plan now is simply disingenuous.

Importantly, there simply is no prejudice to Miller by allowing this amendment. It does not require any discovery, and it was filed nearly three months prior to the dispositive motion and trial memorandum deadline, five months prior to the placement of this case on the trial ready list, and even prior to this case's settlement conference. Indisputably, there is more than ample time for Miller to attempt to defend against the equitable subrogation claim. Moreover, judicial economy favors including this claim in this litigation, instead of in a separate action.

### 2. The equitable subrogation claim is not futile and MLCC should be given the opportunity to prove it.

In her Opposition Brief, Miller asserts that the proposed equitable subrogation claim is futile. More specifically, she asserts that if the mortgage transaction were found "predatory and unconscionable," which thereby precluded MLCC's success on its foreclosure and breach of note claims, then that would also necessarily preclude its success on the equitable subrogation claim. See Opposition Brief, at 3-4. Such a position, however, is untenable.

2

Even if the mortgage transaction were found unconscionable – which it should not be – the equitable subrogation claim would still be viable. Equitable subrogation is "broad enough to include every instance in which a party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter." (citation omitted) Rosenblit, Trustee v. Williams, 57 Conn. App. 788, 793-94 (2000). It is undisputed that in 1999 MLCC loaned Miller $7.5 million for payment of her debts; that Miller accepted and used that $7.5 million for that purpose; and that Miller has enjoyed benefits from that loan. Regardless of Miller's assertions regarding the legitimacy of the loan documents, Miller used the loan proceeds to pay her debts, and equity demands the repayment of this loan. Equitable subrogation, a unique form of relief, would give the 1999 mortgage debt the same lien position as the 1997 mortgage lien to further protect MLCC's rights with respect to the repayment of its $7.5 million loan.

Miller's final argument against the equitable subrogation claim is also flawed. Miller claims that because the loan was, in part, made to pay debts owed to MLCC itself, equitable subrogation cannot apply. That proposition, which is unsupported by caselaw, misstates applicable law. The central issue under equitable subrogation is whether or not Miller benefited from the loan, through the payment of Miller's existing debts. As the Connecticut Supreme Court stated in Home Owners' Loan Corp. v. Sears, Roebuck & Co., 123 Conn. 232, 238-39 (1937), "[t]his doctrine is not static, but so elastic as to take within its remedy cases of first instance which fairly fall within it and secure its primary object by compelling payment of a debt by him who ought in equity and good conscience to pay it." That part of the $7.5 million loan paid off other debts Miller owed to MLCC does not preclude the claim. In fact, it makes it

3

stronger because the creditor, MLCC, has restructured loans of which it could have demanded payment at the time of the new loan.

As MLCC is entitled to present its case and obtain an adjudication on the merits of each claim based upon applicable law, preclusion at this point of the claim of equitable subrogation, which is based on a broad and elastic doctrine, is premature.

Accordingly, MLCC respectfully submits that its Motion for Leave to File Amended Answer to Second Amended Complaint and Counterclaims should be granted.

Dated: January 25, 2005

        COHEN AND WOLF, P.C.

By: _____
Jonathan S. Bowman, Esq. (ct 08526)
Ari J. Hoffman, Esq. (ct 22516)
1115 Broad Street
Bridgeport, CT 06604
Tel: 203-368-0211
Fax: 203-576-8504
Email:  jbowman@cohenandwolf.com
        ahoffman@cohenandwolf.com

PAUL, HASTINGS, JANOFSKY & WALKER LLP

Douglas C. Conroy (ct11555)
Thomas P. Friedman (ct24947)
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone:  (203) 961-7400
Facsimile:   (203) 359-3031
Email:  douglasconroy@paulhastings.com
        thomasfriedman@paulhastings.com

Counsel for Defendant and Counterclaimant
MERRILL LYNCH CREDIT CORPORATION

4

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of January, 2005, a copy of the foregoing REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS was delivered via facsimile and U.S. first class mail to:

    Patrick W. Begos, Esq.
    BEGOS & HORGAN, LLP
    327 Riverside Avenue
    Westport, CT 06880

                                      Ari J. Hoffman