UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,                :
                                           :   Case No. 03-CV-1016 (RNC)(DFM)
              Plaintiff,                   :
                                           :
       against                             :   February 10, 2005
                                           :
MERRILL LYNCH CREDIT CORPORATION,          :
                                           :
              Defendant.                   :
-------------------------------------------------------------------x

## JOINT MOTION TO AMEND PRE-TRIAL SCHEDULE

Whereas, the parties to this action diligently have conducted discovery in good faith, and had sought to complete discovery by the original deadline of March 15, 2004, since extended to January 7, 2005, including approximately twenty depositions since the inception of this action;

Whereas, the parties have filed seven previous motions to amend the pre-trial schedule. The first two motions sought extensions only of certain intermediate pre-trial deadlines, without extending the discovery cut-off date. The third motion, filed December 11, 2003 sought an extension of the discovery cut-off to either February 13, 2004 (as requested by defendant) or thirty days after the Court ruled on Plaintiff's December 3, 2003 motion to compel (as requested by plaintiff). By order dated December 22, 2003, the Court extended the discovery cutoff to March 15, 2004. By further order dated March 25, 2004, the Court extended the discovery cutoff to April 30, 2004 based, in part, on the fact that certain discovery motions argued before this Court on January 20, 2004 remained sub judice before this Court. By further order dated May 12, 2004, the Court extended the

1

discovery cutoff to June 30, 2004, based, in part, on the fact that the discovery motions argued on January 20, 2004 remained sub judice before this Court.

By Orders dated September 29, 2004 and November 10, 2004, the Court ruled on the three motions to compel made by the parties, and ordered additional production by both parties. By Superseding Scheduling Order dated November 16, 2004, the Court ordered: All discovery, including all discovery relating to expert witnesses, will be completed (not propounded), by January 7, 2005. By further order dated, January 3, 2005, the Court extended the discovery cut-off to February 7, 2005.

Both parties have made production pursuant to the Court's rulings on the motions to compel (though, as set forth below, MLCC has not completed production), the parties have scheduled outstanding and/or uncompleted depositions, and are working to complete those depositions before February 7, 2005. It is apparent, however, that not all discovery can be completed by that date, despite the parties' due diligence. Specifically:

    a.    Counsel for MLCC has advised that, due to the magnitude of the search and backlog of e-mail requests, it will be unable to produce by February 7, 2005 the e-mails it was directed to produce in the Court's November 10, 2004 order. Plaintiff may require additional discovery upon review of those emails.

    b.    Following supplemental production of documents by MLCC and Plaintiff's completion of the deposition of third-party Jay K. Falini, Plaintiff offered two supplemental expert reports. Plaintiff supplemented her loan expert's report on January 27, 2005 and her handwriting expert's report on January 28, 2005. Defendant reserves the right to have its experts supplement or amend their reports to address the issues in these supplemental reports, and to depose each of Plaintiff's experts as necessary. To the extent that MLCC supplements its expert reports, Plaintiff reserves the right to depose MLCC's experts.

    c.    At a recent deposition of Kevin Huben, a non-party witness, MLCC's counsel asserted an attorney-client privilege objection to various questions. Plaintiff's counsel disputed the validity of that objection and MLCC's counsel, without waiving

any other objections, withdrew the attorney-client objection on December 30, 2004. Plaintiff will need additional time to resume and complete Mr. Huben's deposition.

Accordingly, the parties respectfully request that the Court extend the discovery cut-off date to February 28, 2005, without impacting any other pre-trial dates, pursuant to Fed. R. Civ. Proc. 6(b) and Local Civil Rule 9(b).

After reviewing the Joint Motion, and finding good cause, the Court hereby ORDERS:

(i) That the Discovery Cut-Off is extended from February 7, 2005 to February 28, 2005;

(ii) Except as specifically modified in this order, the Superseding Scheduling Order dated January 3, 2005 will in all other respects remain in effect.

_____
Hon. Donna F. Martinez
United States Magistrate Judge

PAUL, HASTINGS, JANOFSKY & WALKER, LLP

By: _____
Douglas C. Conroy (ct11555)
Thomas P. Friedman (ct24947)
Attorneys for Defendant
1055 Washington Boulevard
Stamford, CT 06901-2217
(203) 961-7400
(203) 359-3031 (fax)
Email:  douglasconroy@paulhastings.com
        thomasfriedman@paulhastings.com

BEGOS & HORGAN, LLP

By: _____
Patrick W. Begos (ct 19090)
Christopher G. Brown (ct18216)
Attorneys for Plaintiff
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990
(203) 222-4833 (fax)
Email:   pwb@begoshorgan.com
         cgb@begoshorgan.com

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of February, 2005, a copy of the foregoing Joint Motion to Amend Pre-Trial Schedule was delivered via U.P.S. overnight mail to:

> Patrick W. Begos, Esq.
> BEGOS & HORGAN, LLP
> 327 Riverside Avenue
> Westport, CT 06880

> Jonathan S. Bowman, Esq.
> Cohen and Wolf
> 1115 Broad Street
> Bridgeport, CT 06604

_____
Thomas P. Friedman

STM/290408.1