# BH BEGOS & HORGAN, LLP

ATTORNEYS AT LAW

PATRICK W. BEGOS *
CHRISTOPHER G. BROWN *
MICHAEL F. HORGAN, JR. *
BRIAN G. KANNER †

* ADMITTED IN NY AND CT
† ADMITTED IN NY AND ME

327 RIVERSIDE AVENUE
WESTPORT, CONNECTICUT 06880
TEL (203) 226-9990
FAX (203) 222-4833
WWW.BEGOSHORGAN.COM

7 PONDFIELD ROAD
P.O. BOX 369
BRONXVILLE, NEW YORK 10708-0369
TEL: (914) 961-4441
FAX: (914) 961-4442

December 15, 2004

**BY TELECOPIER AND OVERNIGHT MAIL**

Hon. Donna F. Martinez
United States District Court
450 Main Street
Hartford, CT 06103

Re:     Miller v. Merrill Lynch Credit Corp.
        3:03-CV-1016 (RNC)(DFM)

Dear Judge Martinez:

This firm represents plaintiff, Julie Miller, in this action. I write pursuant to the Court's Superseding Scheduling Order dated November 16, 2004, in order to request a prefiling conference for plaintiff's summary judgment motion.

I have conferred with Thomas Friedman, counsel for MLCC, regarding Ms. Miller's proposed motion, in a good faith effort to clarify the issues and reduce the area of controversy. Our discussions were unsuccessful. Among other things, I suggested that Ms. Miller would be willing to forego seeking summary judgment if MLCC were willing to do the same, but Mr. Friedman declined.

We intend to seek summary judgment on two primary aspects of this case.

First, we will move for summary judgment on Ms. Miller's conversion claim, arising out of MLCC's freezing and sale of almost $5 million in plaintiff's securities. As the pledge agreement under which MLCC purported to act was executed by Ms. Miller's then-accountant, MLCC's rights turn on the validity and scope of the power of attorney under which that accountant purported to act. MLCC has the burden of establishing the existence, and scope of the accountant's agency. The evidence demonstrates that: the power of attorney was substantially modified by a broker working for MLCC's affiliate, Merrill Lynch, Pierce, Fenner & Smith, **after** it had been signed and authenticated, thereby invalidating it; and, even if it were valid, all of the versions of the power of attorney (i.e., as signed by Ms. Miller and as changed by the broker) make clear that the accountant's authority did not include pledging Ms. Miller's securities.

Second, we will move for summary judgment on several of Ms. Miller's defenses to MLCC's foreclosure counterclaim. One such defense is that the accountant had no authority to execute the

*[Marginal handwritten note:]* The clerk will docket this letter and send copies of this endorsement to counsel of record. Counsel may file the proposed motion on or before March 25, 2005 without a prefiling conference. SO ORDERED. /s/ 2/12/


BEGOS & HORGAN, LLP

Hon Donna F. Martinez
December 15, 2004
Page 2

mortgage on which MLCC's counterclaim is based, due to the invalidity of the power of attorney, as discussed above.

Two additional defenses raise claims of unconscionability and unclean hands. Briefly, the evidence demonstrates that MLCC approved a $7,500,000 loan to Ms. Miller despite knowing (and not disclosing to Ms. Miller) that: the house on which it was taking a mortgage was worth only $3,800,000; and Ms. Miller did not have sufficient income to make the required monthly payments on that loan. Indeed, MLCC's own underwriting documents demonstrate that the loan-to-value ratio for the loan was almost 200% (where 75% or so is the norm), and the obligations-to-income ratio was greater than 100% (where a ratio below 40% is required by virtually every reputable bank). The transaction was also procedurally unconscionable due to the events surrounding the closing, and MLCC's decision not to communicate any information about the loan to Ms. Miller. Under guidelines jointly issued by various federal agencies (including the FDIC and the Federal Reserve), MLCC's loan was predatory; and, under clear Connecticut precedent, the transaction was unconscionable.

Respectfully submitted,

Patrick W. Begos

PWB:mtf

cc:   Thomas P. Friedman, Esq. (by telecopier)