03CV1016(RNC)

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard · Stamford, CT 06901
telephone 203 961 7400 · facsimile 203 359 3031 · www.paulhastings.com

The clerk will docket this letter and send copies of this endorsement to counsel of record. Counsel may file the proposed motion on or before March 25, 2005 without a prefiling conference. SO ORDERED.

/s/ Donna F. Martinez, U.S.M.J.
2/12/05

(203) 961-7498
thomasfriedman@paulhastings.com

December 15, 2004

11413.00021

**VIA FACSIMILE AND UPS OVERNIGHT**

Hon. Donna F. Martinez
United States Magistrate Judge
450 Main Street
Hartford, CT 06103

Re:  Julie Dillon Ripley Miller v. Merrill Lynch Credit Corporation ("MLCC")
     No 3:03-CV-1016 (RNC) (DFM)
     Pre-Filing Conference re Summary Judgment Motion

Your Honor:

Pursuant to the Court's scheduling order, we have conferred with opposing counsel concerning the above-referenced subject. We have not succeeded in resolving any differences with respect to the parties anticipated summary judgment motions.

Therefore, this will constitute our renewed request to the Court for a pre-filing conference concerning Defendant's summary judgment motion which will encompass MLCC's affirmative claims of foreclosure and a claim under the Note as well as its defenses to the various claims made by plaintiff of knowledge, ratification, estoppel or waiver, contractual bar, and statue of limitations as to certain of the claims made

At issue in this litigation is the validity of a $7,500,000 mortgage loan by Defendant to Plaintiff closed on or about December 7, 1999 pursuant to a power of attorney. The loan transaction included a pledge of securities. Plaintiff claims that the power of attorney ("POA") was defective in various respects, while not disputing the loan was in fact made.

MLCC will prove that the POA was valid, and alternatively that Plaintiff otherwise ratified or is barred by the principles of waiver and estoppel from asserting the invalidity of the transaction. There are also statute of limitations issues. Plaintiff's defenses are similarly subject to summary judgment.

Further, Plaintiff has defaulted on her note and mortgage securing MLCC's interest by her failure to pay property taxes on the property at issue and her failure to pay her mortgage payments when due. Plaintiff also failed to cure these defaults upon proper notice. MLCC is therefore entitled to summary judgment for foreclosure as well.

Paul Hastings
ATTORNEYS

Hon. Donna F. Martinez
United States Magistrate Judge
December 15, 2004
Page 2

The parties conducted a pre-filing conference with Your Honor previously, and have enclosed the prior letter requesting said conference, but we are resubmitting this letter to ensure MLCC's right to file Summary Judgment.

Very truly yours,

*[signature]*

Thomas P. Friedman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:   Patrick W. Begos, Esq. (Counsel for Plaintiff; via facsimile)
      Douglas C. Conroy, Esq.

STM/263841.3