UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,                  :
                                             :  Case No.03-CV-1016 (RNC)(DFM)
             Plaintiff,                      :
                                             :
         against                             :  March 22, 2005
                                             :
MERRILL LYNCH CREDIT CORPORATION,            :
                                             :
             Defendant.                      :
-----------------------------------------------------------------------x

**JOINT MOTION TO AMEND PRE-TRIAL SCHEDULE**

Whereas, the parties to this action diligently have conducted discovery in good faith, completed numerous depositions and had sought to complete discovery by the prior discovery cut-off date ;

Whereas, the Court issued an Order, dated November 11, 2004, requiring that a search be undertaken by Merrill Lynch Credit Corporation ("MLCC") for electronic messages related to Plaintiff;

Whereas, the parties have filed eight previous motions to amend the pre-trial schedule and each such motion was granted on the grounds that certain discovery motions remained sub judice or that the discovery could not reasonably be completed within the allotted time-frame;

Whereas MLCC represents that extraordinary circumstances compel an additional extension for MLCC to comply in full with the Court's order to provide all electronic mail relating to Plaintiff. Specifically, as set forth in the Affidavit of David Boyhan, attached hereto, MLCC and its parent Merrill Lynch & Co. have searched in good faith for the electronic mail

1

ordered to be produced by the Court and have recently located another 140-170 back-up tapes that may contain relevant e-mail, and MLCC expects that reviewing these tapes for responsive email may take as much as six weeks;

Whereas, the parties agree that the Court should extend the period for MLCC to produce the relevant electronic mail by eight weeks from the date of the filing of this Motion to permit for the extraction and review of this material going back to 1997, provided that MLCC promptly produce all responsive, non-privileged email it has located to date, promptly produce, on a rolling basis, responsive, non-privileged email that it locates, and produce, on a rolling basis, a log of responsive email withheld on the ground of privilege;

Whereas, the parties agree that Plaintiff has reserved the right to review any further relevant electronic mail to determine if further discovery is necessary and therefore the date for dispositive motions should similarly be extended by eight weeks to May 20, 2005;

Whereas, the parties agree, consistent with the scheduling contemplated originally by earlier scheduling orders, that it would be premature to file the Pre-Trial Memorandum before dispositive motions are ruled upon since disposition of those motions will impact the contents of that Memorandum;

Accordingly, the parties respectfully request that the Court amend the Pre-Trial Schedule, pursuant to Fed. R. Civ. Proc. 6(b) and Local Civil Rule 9(b).

2

After reviewing the Joint Motion, and finding good cause, the Court hereby ORDERS:

(i) That the date for Defendant to complete all production of electronic mail is extended to May 13, 2005, and MLCC shall use its best efforts to complete such production as quickly as possible, and no later than the aforesaid date;

(ii) That MLCC promptly produce all responsive, non-privileged email it has located to date; promptly produce, on a rolling basis, responsive, non-privileged email that it locates hereafter; and promptly produce, on a rolling basis, a log of responsive email withheld on the ground of privilege;

(iii) That the date for filing dispositive motions is extended until May 20, 2005;

(iii) That the date for filing the Pre-Trial Memorandum is extended four weeks following the Court's order(s) on the parties' dispositive motions;

(iv) That the matter be set as trial ready four weeks after the filing of the Pre-Trial Memorandum.

                                                                              Hon. Donna F. Martinez
United States Magistrate Judge

| | |
|---|---|
| BEGOS & HORGAN LLP | PAUL, HASTINGS, JANOFSKY & WALKER, LLP |
| By: *Patrick W. Begos/mjf* <br> Patrick W. Begos (ct 19090) <br> Christopher G. Brown (ct18216) <br> Counsel for Plaintiff <br> 327 Riverside Avenue <br> Westport, CT 06880 <br> (203) 226-9990 <br> (203) 222-4833 (fax) <br> Email: pwb@begoshorgan.com <br>         cgb@begoshorgan.com | By: *Thomas P. Fried* <br> Douglas C. Conroy (ct11555) <br> Thomas P. Friedman (ct24947) <br> Counsel for Defendant <br> 1055 Washington Boulevard <br> Stamford, CT 06901-2217 <br> (203) 961-7400 <br> (203) 359-3031 (fax) <br> Email: douglasconroy@paulhastings.com <br>         thomasfriedman@paulhastings.com |

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of March, 2005, a copy of the foregoing Joint Motion to Amend Pre-Trial Schedule was delivered via U.P.S. overnight mail to:

>Patrick W. Begos, Esq.
>BEGOS & HORGAN, LLP
>327 Riverside Avenue
>Westport, CT 06880


>Jonathan S. Bowman, Esq.
>Cohen and Wolf
>1115 Broad Street
>Bridgeport, CT 06604

_____
Thomas P. Friedman

STM/292838.2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>Plaintiff and Counterclaim Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>Defendant and Counterclaimant. | NO. 3:03-CV-1016 (RNC)(DFM)<br><br><br><br>March 17, 2005 |

**AFFIDAVIT OF DAVID BOYHAN
IN SUPPORT OF STIPULATION TO AMEND PRE-TRIAL SCHEDULE**

I, DAVID BOYHAN, hereby certify as follows:

1. I am the Director of Email Discovery of Merrill Lynch & Co. I submit this affidavit in support of the parties' Stipulation to Amend the Pre-Trial Schedule. Specifically, this affidavit is intended to outline the steps taken by Merrill Lynch & Co. ("Merrill Lynch") to comply with the Court's order to produce electronic mail related to Plaintiff Julie Miller.

2. On or about November 18, 2004, I received a request from counsel at Merrill Lynch Credit Corporation ("MLCC") to locate all electronic mail from the period June 1997 to the "present" for the following twenty-four former and current employees of MLCC, who, I am informed, are the individuals who had involvement with Plaintiff Julie Miller during the relevant time period: Robert J. Smith, Michael A. Johnston, Donald J. McEnerney, Tara Stewart, Andrew M. Jones, Harvey Rosenblum, Heather McKeown, Albert J. Dimoush, Jennifer Crowe, James Avery, Robert Leroux, Bernice Davis, Rebeka Land, Maureen Foster, Ronschelle Laidler, Shirley Hawk, Cindy Miller, Ayanna Mitchell, Cathy Strickland, Teresa Sheppard, Joseph Kevin Rupinta, Shelley Paulk, Peggy Hott, Candy Drury and Robert Williams.

3.  I am informed that all relevant electronic mail to or from Jay K. Falini has already been retrieved, reviewed and produced to Plaintiff. I am also informed that relevant electronic mail that was on the personal computer systems of employees at MLCC was forwarded to Paul Hastings and produced in this action many months ago.

4.  Within days of receiving the aforementioned request, I verified the employee identification numbers, dates of employment and location(s) for each employee listed in paragraph 2 above. Notably, Merrill Lynch's various systems only permit retrieval of electronic mail by employee. I am not aware of any manner to retrieve potentially relevant electronic mail for all employees using a particular search term or terms. At my instruction, the technology team that I coordinate with began retrieving archived back-up tapes for the employees listed as well as electronic mail in Merrill Lynch's automated central archival system, entitled the Compliance Archival & Retrieval System ("CARS").

5.  I also placed a request for retrieval of electronic mail from Merrill Lynch's Message Management System ("MMS") system. This system only captures electronic mail sent to or from the Internet. It does not capture email sent or received internally to Merrill Lynch. Retrieval from this system can be time-consuming, but we expect to receive a complete production from this source within three to four weeks from the date of this affidavit.

6.  As a result of the efforts described above, we located approximately 99 back-up tapes. Iron Mountain, an outside vendor, burned the electronic mail from those tapes onto cd-roms. We also burned the potentially relevant electronic mail located on the CARS system onto cd-roms. Our group then sent those cd-roms to MLCC, who forwarded them to Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings"), or sent them directly to Paul Hastings, for review. As of early March, we had gathered approximately fifteen cd-roms containing *potentially*

relevant electronic mail. We forwarded an additional eleven cd-roms to Paul, Hastings for review very recently.

7.  As a result of Merrill Lynch's effort to assure that all sources had been exhausted, I contacted employees in the technology group at MLCC directly. This technology group was successful in locating approximately 140 to 170 additional back-up tapes that may contain potentially relevant electronic mail. These tapes were recently sent to Iron Mountain for electronic mail extraction, but they are in a format that is older than that in common use today. We expect that our vendor, Iron Mountain, will be able to extract the electronic mail from these tapes within four to five weeks.

8.  In short, based on my own actions and representations made to me by other Merrill Lynch employees, Merrill Lynch has conducted a diligent search for electronic mail and I submit this affidavit in an effort to assure that we have the time necessary to produce all potentially relevant electronic mail to Plaintiff in this action.

DATED: March 17, 2005.

David Boyhan

STM/292698.1 11413.00021

3