UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　Case No.03-CV-1016 (RNC)(DFM)
　　　　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　－ against －　　　　　　　　:　April 4, 2005
　　　　　　　　　　　　　　　　　　　　　:
MERRILL LYNCH CREDIT CORPORATION,　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　:
---------------------------------------------------------------x

### PLAINTIFF'S REPLY TO COUNTERCLAIMS

Plaintiff, Julie Dillon Ripley Miller, by her attorneys, Begos & Horgan, LLP, for her reply to Defendant's Counterclaims ("Counterclaims") answers as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Counterclaim.

2. Admits the allegations of paragraph 2 of the Counterclaim.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 4 of the Counterclaim.

4. Denies each allegation set forth in paragraphs 5, 6 and 7 of the Counterclaim, and begs leave to refer to the originals of the referenced documents for their true terms. Plaintiff specifically denies that any attorney-in-fact had authority to execute the identified documents.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Counterclaim.

6. Denies each allegation set forth in paragraphs 9, 10, 11, 12, 13, 14, 15 and 16 of the Counterclaim, and begs leave to refer to the originals of the referenced documents for their true terms.

7. Denies each allegation set forth in paragraph 17 of the Counterclaim.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Counterclaim.

### FIRST COUNTERCLAIM

9. Answering paragraph 19 of the Counterclaim, repeats each allegation set forth above.

10. Denies each allegation set forth in paragraphs 20, 21 and 22 of the Counterclaim.

### SECOND COUNTERCLAIM

11. Answering paragraph 23 of the Counterclaim, repeats each allegation set forth above.

12. Denies each allegation set forth in paragraphs 24, 25 and 26 of the Counterclaim.

### THIRD COUNTERCLAIM

13. Answering paragraph 27 of the Counterclaim, repeats each allegation set forth above.

14. Denies each allegation set forth in paragraphs 28, 29, 30, and the second paragraph numbered "30" of the Counterclaim, and begs leave to refer to the originals of the referenced documents for their true terms.

15. Denies each allegation set forth in paragraph 31 of the Counterclaim.

### FIRST DEFENSE

The Note and Mortgage were fraudulently procured, and are otherwise unenforceable, for the reasons set forth in plaintiff's complaint in this action.

### SECOND DEFENSE

Plaintiff's alleged attorney-in-fact did not have authority to enter into the Note and Mortgage or any other documents that he purportedly signed.

### THIRD DEFENSE

To the extent the Note and/or Mortgage are enforceable, any default was caused by Defendant's improper and unlawful acts, including improperly converting plaintiff's assets.

### FOURTH DEFENSE

The Counterclaims are barred by defendant's unclean hands and/or failure to act in good faith.

### FIFTH DEFENSE

The Counterclaims are barred, in whole or in part, by plaintiff's rights of setoff and recoupment.

### SIXTH DEFENSE

The Note and Mortgage were, and are, unconscionable, and are therefore unenforceable.

### SEVENTH DEFENSE

The Second Counterclaim is barred by C.G.S.A. § 49-1.

### EIGHTH DEFENSE

MLCC's attorneys' fees are outrageous and unreasonable.

### NINTH DEFENSE

Given MLCC's misconduct, as alleged in the Amended Complaint, equitable subrogation is not warranted to prevent injustice if the Note and Mortgage are found to be unenforceable.

### TENTH DEFENSE

The balance of the equities compels denial of equitable subrogation.

WHEREFORE, plaintiff respectfully demands judgment awarding the relief requested in the Second Amended Complaint, dismissing the Counterclaims, and awarding such other relief as the Court deems fair.

PLAINTIFF

By: _____
Patrick W. Begos (ct19090)
BEGOS & HORGAN, LLP
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990
(203) 222-4833 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on April 4, 2005, to:

Douglas C. Conroy, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

_____
Patrick W. Begos

4