UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>Plaintiff and Counterclaim Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>Defendant and Counterclaimant. | NO. 3:03 CV 1016 (RNC)<br><br><br><br><br>May 20, 2005 |

### AFFIDAVIT OF DOUGLAS C. CONROY

STATE OF CONNECTICUT)
                    )   ss: Stamford
COUNTY OF FAIRFIELD )

Douglas C. Conroy, being first duly sworn, deposes and states:

1. I am a member of Paul, Hastings, Janofsky & Walker LLP, 1055 Washington Boulevard, Stamford, Connecticut, 06901, and a member of the bar of this Court.

2. I make this Affidavit in my capacity as counsel of record for Merrill Lynch Credit Corporation ("MLCC"), defendant and counterclaimant in the above-entitled action.

3. In support of MLCC's motion for summary judgment, the purpose of this Affidavit is to place before the Court true and correct copies of certain documents produced in discovery as well as relevant portions of deposition testimony.

Deposition of Plaintiff Julie Dillon Ripley Miller

4. The deposition of Plaintiff Julie Dillon Ripley Miller ("Miller") was taken on three separate occasions at my firm's office in Stamford, Connecticut: October 20, 2003, October

21, 2003, and January 5, 2005. Attached hereto as **Exhibit A** are the following pages from Miller's deposition transcript: 106, 110-111, 115-116, 129, 152-153, 264, 266-267, 274, 292-293, 296-297, 299-300, 306-307, 335-336, 467.

Deposition of Thomas J. Cullen

5. The deposition of Thomas J. Cullen was taken on February 7, 2005 at my firm's office in Stamford, Connecticut. Mr. Cullen had served as Miller's attorney in connection with the closing of the 1997 MLCC loan and Miller's purchase of the property at 21 Point Road in Norwalk. Attached hereto as **Exhibit B** are the following pages from the deposition transcript of Mr. Cullen: 10-15, 23.

The 1997 Loan from MLCC to Miller

6. Attached hereto as **Exhibit C** is a true and correct copy of Miller's 1997 MLCC Loan Application. This document was Exhibit 6 to Miller's deposition and had been in Miller's possession as it was produced by Miller's counsel. Miller admitted she signed this document. (Miller Deposition at 110).

7. Attached hereto as **Exhibit D** is a true and correct copy of a letter dated October 3, 1997 from MLCC to Miller approving the 1997 Loan Application. This document was Exhibit 6 to Cullen's deposition and had been retained in Cullen's file. A copy was separately produced in this action by Miller's counsel (JDRM 312 – JDRM 315).

8. Attached hereto as **Exhibit E** is a true and correct copy of the 1997 Note. This document was Exhibit 3 to Cullen's deposition and had been retained in Cullen's file. Cullen testified that he personally viewed Miller sign the Note. (Cullen Deposition at 13).

9. Attached hereto as **Exhibit F** is a true and correct copy of the 1997 Mortgage. This document was Exhibit 2 to Cullen's deposition and had been retained in Cullen's file. Cullen testified that he signed the mortgage as a witness and that he personally viewed Miller sign the document as well. (Cullen Deposition at 12-13).

10. Attached hereto as **Exhibit G** is a true and correct copy of the 1997 Pledge Agreement. This document was Exhibit 8 to Miller's deposition and Miller admitted she signed the document. (Miller Deposition at 129).

The 1999 Loan from MLCC to Miller

11. Attached hereto as **Exhibit H** is a true and correct copy of Miller's 1999 MLCC Loan Application. This document was Exhibit 37 to Miller's deposition. Miller admitted she signed the document. (Miller Deposition at 264).

12. Attached hereto as **Exhibit I** is a true and correct copy of a Mortgage 100 Supplement to Miller's 1999 MLCC Loan Application. This document was Exhibit 38 to Miller's deposition. Miller admitted she signed the document. (Miller Deposition at 266-267).

13. Attached hereto as **Exhibit J** is a true and correct copy of a Power of Attorney dated December 2, 1999 executed by Miller in favor of her accountant, Barry Newman, which was recorded in the land records of the City of Norwalk and returned to Miller. This document was Exhibit 44 to Miller's deposition. Miller testified that she signed the document in the lower right-hand corner. (Miller Deposition at 296-297).

Other Documents

14. Attached hereto as **Exhibit K** is a true and correct copy of a December 16, 2002

3

letter from Miller to Pinnacle Financial. This document was Exhibit 49 to Miller's deposition and had been in Miller's possession as it was produced by Miller's counsel. Miller testified she sent the letter and that she had checked the letter for accuracy before doing so. (Miller Deposition at 335-336).

15. Attached hereto as **Exhibit L** is a true and correct copy of Plaintiff's Interrogatory Responses dated September 12, 2003.

16. Attached hereto as **Exhibit M** is a true and correct copy of an Affidavit signed by Miller on April 23, 2003 which was submitted in connection with Plaintiff's Application for Prejudgment Remedy. This document was Exhibit 45 to Miller's deposition.

Deposition of Michael Grohman

17. The deposition of Michael Grohman was taken on March 3, 2004 at my firm's office in Stamford, Connecticut. Michael Grohman, a partner at the Duane Morris law firm who, in that capacity, represented the plaintiff Julie Miller in her capacity as a beneficiary of certain estates and trusts.

18. Attached collectively hereto as **Exhibit N** are true and correct copies of pages 5-8 and pages 58-62 of Mr. Grohman's deposition transcript. As reflected by Mr. Grohman's testimony at pages 58-62, a series of documents marked, for purposes of his deposition, as Exhibits 28-57, were transmitted to Duane Morris by Mr. Eric Vaughn-Flam, an attorney also used by Miller, and not reviewed by Duane Morris prior to their copying for purposes of production at the deposition. Those documents were contained in a folder with the designation "Merrill Lynch."

19. Attached hereto as **Exhibit O** is a copy of Exhibit 28 to Mr. Grohman's

4

deposition, consisting of an October 25, 1999 letter to plaintiff Miller and a Truth-In-Lending (TILA) Disclosure form, marked by Duane Morris for production as DM 391-407, including two copies of a TILA form (DM 393 and 407) making reference to "a security interest in a securities account and securities deposited therein."

20. Attached respectively hereto as **Exhibits P** and **Q** are true and correct copies of respectively Exhibits 41 and 46 to Mr. Grohman's deposition, also identified as coming from the files of Eric Vaughn-Flam. As reflected in those documents, Exhibit P hereto is a "Borrower's Copy" of an Open-End Mortgage on 21 Point Road, Norwalk, Connecticut dated December 7, 1999. Exhibit Q is a "Borrower's Copy" of the Pledge Agreement required as a condition of the loan, also dated as of December 7, 1999.

21. Attached hereto as **Exhibits R** and **S** are examples of other documents produced by Duane Morris for purposes of Mr. Grohman's deposition and identified by him as coming from the files forwarded by Mr. Vaughn-Flam. Exhibit R hereto (Exhibit 35 to the deposition) is a copy of a Closing Statement with attachments relating to the December 1999 closing, consisting of an appraisal of 21 Point Road. Exhibit S hereto (Exhibit 45 to the deposition) is a copy of the Account Control Agreement between Miller, MLCC and MLPF&S, reciting and describing the operation of a security interest in favor of MLCC in MLPF&S Account 881-32513.

_____
DOUGLAS C. CONROY

Subscribed and sworn to
before me this 20th day of
May 2005.

_____
Notary Public
My Commission Expires: 3-31-2006

PATRICIA A. CEGLIO
NOTARY PUBLIC
My Commission Expires March 31, 20 06