UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,                : 
                                           : Case No.03-CV-1016 (RNC)(DFM)
           Plaintiff,                      :
                                           :
       – against –                         : June 24, 2005
                                           :
MERRILL LYNCH CREDIT CORPORATION,          :
                                           :
           Defendant.                      :
---------------------------------------------------------------x

## DECLARATION OF RALPH L. DePANFILIS

RALPH L. DePANFILIS, declares the following to be true under penalty of perjury:

1.    I have been retained by counsel for plaintiff, Julie Miller, to provide analyses and conclusions regarding the damages incurred by Ms. Miller in connection with the sale of her securities by Merrill Lynch Credit Corp. ("MLCC") in February 2003. A true copy of my report, dated November 25, 2003, is annexed hereto as Exhibit A. My background, experience and qualifications are set forth in my *curriculum vitae*, which is annexed to my report.

2.    As more fully explained in my report, and based on the information and analyses summarized in the report, I concluded that Ms. Miller's damages included losses attributable to: (a) commissions deducted from the sale proceeds by Merrill Lynch, Pierce, Fenner & Smith ("MLPFS"); (b) capital gains tax liabilities; and (c) lost opportunity cost (as of November 17, 2003) attributable to converting securities into cash.

3.    I calculated lost opportunity cost by two alternate measures – applying a statutory rate of 10% per annum; and determining the loss of equity and earnings attributable to the liquidation.

4. Based on my calculations, Ms. Miller's damages, as of November 17, 2003, from MLCC's sale of her securities, ranged from $1,533,287.27 to $1,741,810.32, depending on which measure of lost opportunity cost was used.

Dated:    Norwalk, Connecticut
             June 22, 2005

                                                    RALPH L. DePANFILIS



**R. L. DePanfilis & Company, LLC**

CERTIFIED PUBLIC ACCOUNTANTS & MANAGEMENT CONSULTANTS

November 25, 2003

Patrick W. Begos, Esq.
Begos & Horgan, LLP
327 Riverside Avenue
Westport, CT 06880

**Re: Miller v. MLCC**

Dear Patrick:

We are pleased to provide you with our written report, as outlined in our engagement letter to you dated November 18, 2003, in which we have been engaged to provide our independent conclusions and opinion concerning the monetary damages incurred by Ms. Julie D. Miller in connection with the sale of securities in account #5AX-12860, by Merrill Lynch Credit Corp. ("MLCC").

You have requested that our calculation of the monetary damages include our determinations of:

1. The commissions deducted by Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MLPF&S") from the February 2003 securities sales proceeds
2. The capital gains liability arising from such sale
3. Lost opportunity cost calculated under two methods:
   a. By applying interest at the statutory rate of 10% per annum on the February 2003 gross sale proceeds
   b. By computing the value of Ms. Miller's securities as of 11/17/2003 had they not been liquidated

The following will summarize our conclusions and findings with regard to each computation noted above:

Calculation #1:

Total commissions deducted by MLPF&S from the February 2003 securities liquidation transaction are $23,667.43.

This conclusion was reached by reviewing pages 6 and 7 of Ms. Miller's February 2003 monthly CMA statement for account #5AX-12860. The commissions represent the difference between the sum of the number of shares sold per stock times the order price per share per stock subtracted by the total "credit" amount shown for each security sale transaction so reported.

Calculation #2:

Total capital gain arising from the conversion and sale of Ms. Miller's securities in February 2003 is $4,603,696.55. Federal income taxes are $920,739.31 and State of Connecticut income taxes are $230,184.83 for a combined tax liability of $1,150,924.14.

The capital gain represents the sum of: (a) the $3,369,951.63 realized gain reported by MLPF&S on page 5 of Ms. Miller's February 2003 monthly CMA statement for account #5AX-12860; and (b) $1,233,744.92, which is the net sale proceeds derived from the sale of DuPont and ExxonMobil shares. A zero cost basis (IRC Section §1012) has been assigned to the DuPont and ExxonMobil securities since Ms. Miller's and MLPF&S's records are insufficient to substantiate proof of a basis other than zero. However, pursuant to the "*Cohan Rule*" commonly invoked in Federal income tax cases, it should be noted that the Courts have permitted the use of approximations of cost basis where a taxpayer has made a good faith effort to provide the necessary documentation and the Court is satisfied that records available are inadequate. Although a Court may ultimately permit an approximation of value, no amount has been contemplated or considered in our calculation of capital gain since in our opinion there is no degree of certainty with regard to the range(s) of value for such approximation. (See Footnote 1)

In making our calculation of 2003 Federal and State income tax liabilities arising from the sale of Ms. Miller's securities, a 20% Federal rate (since sales were prior to May 6, 2003) and a 5% State of Connecticut rate has been applied to the $4,603,696.55 capital gain. Our calculations do not include the tax effect of other 2003 sources of joint taxable income and other qualifying tax deductions that may otherwise be attributable to Ms. Miller and her spouse since comprehensive information about 2003 is not yet available to Ms. Miller. Any amounts so included, could either increase or decrease the respective liabilities and may also create alternative minimum tax liabilities which have also not been considered in the Federal or State liabilities noted above. Once Ms. Miller's complete 2003 tax information is available, we reserve the right to make any appropriate changes to these calculations.

Calculation #3a:

The lost opportunity cost applied at a statutory rate of 10% per annum on the proceeds from the sale is $358,696.10 thru November 17, 2003.

In making this calculation, the statutory cost is 10% of $4,726,500.90 (the gross proceeds). The gross proceeds are the sum of the number of shares sold per stock times the order price per share per stock as listed on pages 6 and 7 of Ms. Miller's February 2003 monthly CMA statement for account #5AX-12860.

*R. L. DePanfilis & Company, LLC*

Calculation #3b:

As of November 17, 2003, Ms. Miller's securities portfolio would have been valued at $5,211,558.06.

In making this calculation, it has been assumed that on November 17, 2003 Ms. Miller was in possession of the same securities and in the same quantity as those liquidated by MLPF&S in February 2003. It has also been assumed that MLPF&S would have valued each security on November 17, 2003 using the closing price of each security as listed by the New York Stock Exchange at the time trading ceased for that day. Our source to determine the closing prices for each security on November 17, 2003 was the Internet investment charting and research site www.BigCharts.com. Therefore, the aforementioned value is a product of multiplying the total quantity on hand of each security by the security's closing price so listed as of November 17, 2003. (See Footnote 2)

Under this calculation, Ms. Miller incurred a total loss in equity from date of liquidation to November 17, 2003 of $485,057.16. This amount represents the difference between $5,211,558.06 and $4,726,500.90.

Additionally, Ms. Miller incurred an estimated earnings loss of $82,161.99 from the date of liquidation to November 17, 2003. This amount represents the estimated annual income of $108,264 on the portfolio as reported by Merrill Lynch on page 6 of Ms. Miller's January 31, 2003 monthly statement for account #5AX-12860, divided by 365 days and then, multiplied by 277 days (2/14/2003 to 11/17/2003).

Opinion:

In combining each of the preceding calculations, in our opinion, the monetary damages incurred by Ms. Miller in connection with the conversion and liquidation of her securities in February 2003 by MLPF&S are as follows:

|  | Stock Value Method | Interest Method |
|---|---|---|
| By Commissions Paid | $ 23,667.43 | $ 23,667.43 |
| By Federal Income Tax Incurred | 920,739.31 | 920,739.31 |
| By State Income Tax Incurred | 230,184.43 | 230,184.43 |
| Lost Opportunity Cost: | | |
|    By 10% | - | 358,696.10 |
|    By Market Approach: | | |
|       Equity Loss | 485,057.16 | - |
|       Earnings Loss | 82,161.99 | - |
| Total Monetary Damages Incurred | $1,741,810.32 | $1,533,287.27 |

<u>If and when any additional documents or information become available for review, we reserve the right to update our report and calculations.</u>

In addressing all other requirements of the Court, attached please find a statement of qualifications.

The stated compensation charged in the rendering of this report and work is $300 per hour.

Very truly yours,

Ralph L. DePanfilis, CPA

*R. L. DePanfilis & Company, LLC*

Principal Assumptions:

1. Due to the significant Capital Gain incurred by the taxpayers in 2003, it is assumed that the taxpayers' marginal Federal income tax rate is 20%. Income for Connecticut state income tax purposes is 5%.
2. There is insufficient Alternative Minimum Tax (AMT) preference items available at this time and thus, there is no 2003 AMT tax included in our calculations. When such data for 2003 becomes available we reserve the right to recalculate. AMT may materially increase the federal and state calculations.
3. Merrill Lynch would have valued the securities on 11/17/2003 using a closing price for each security at the time trading ceased on the NYSE for the day.
4. At the time the securities were liquidated by Merrill Lynch, total commissions and fees for each transaction represent the difference between the sum of the number of shares sold times the order price per share and the total "credit" amount shown for each security transaction as reported by Merrill Lynch on pages 6 & 7 of the February 2003 CMA account statement.
5. For purposes of this analysis, a zero cost basis has been assigned to the DuPont & Exxon securities since the taxpayers' records are insufficient to substantiate proof of an exact amount. Under the Cohan rule, however, the Courts have permitted the use of approximations of cost basis where a taxpayer has made a good faith effort to provide the necessary documentation and the Court is satisfied that available records are inadequate. Although an approximation of value may be permitted for this analysis by a court, no amount has been contemplated or considered in the above analysis since there is no certainty with regard to the range(s) of value for such approximation. (See Footnote 1)

Outside Sources Used:

1. For 11/17/2003 securities prices – www.Bigcharts.com
2. IRC Section 1012 and related explanations and annotations regarding establishing cost basis in the absence of proof of exact amounts.
3. For 2003 Federal marginal and capital gains income tax rates – www.IRS.gov
4. For 2003 Connecticut marginal income tax rate - www.drs.state.ct.us

Documents Reviewed:

1. Taxpayers month end 12/31/2002, 1/31/2003 and 2/28/2003 Merrill Lynch CMA account statements for account #5AX-12860
2. 2000 and 2001 U.S. Federal Income Tax Returns, Form 1040, of Mr. And Mrs. Miller.

*R. L. DePanfilis & Company, LLC*

Footnotes:

1. It is our understanding that the Dupont and ExxonMobil securities basis value was sometime in the 1950's. We attempted to retrieve stock values back to the 1950s but were limited to values only as far back as January of 1970 per the Bigcharts.com website. The per share value of these securities in 1970 were $1.94 for ExxonMobil and $5.95 for Dupont. If we were to use these per share values as the basis in our capital gains calculations the federal tax would be reduced by $21,786.98 and the state tax reduced by $5,446.75.

2. MLPF&S' website – www.merrilllynch.com - uses Bigcharts.com to generate its stock charts.

*R. L. DePanfilis & Company, LLC*



Ralph L. DePanfilis, CPA

- Connecticut Certified Public Accountant since 1979

- Worked for the National Public Accounting Firm now known as Ernst & Young from 1975 to 1979

- LLC member in the Certified Public Accounting firm of R. L. DePanfilis & Company, LLC

- Past Member of the Board of Governors of the Connecticut Society of Certified Public Accountants

- Past Committee Chairperson of Legislation Committee of the Connecticut Society of Certified Public Accountants

- Served on numerous committees of the Connecticut Society of Certified Public Accountants

- Member of the Private Companies Practice Section of the American Institute of Certified Public Accountants

- Member of the American Institute of Certified Public Accountants Tax Division

- Have 25 years of tax experience in serving individuals and small business.

*R. L. DePanfilis & Company, LLC*

Miller v. MLCC
Analysis of Merrill Lynch Securities transactions

R. L. DePanfilis & Company, LLC

| Exchange | Symbol | Name of Security | Number of Shares | Sales Price Per Share | Gross Sales Proceeds | Commissions & Fees (1) | Net Sales Proceeds | Cost Basis | Gain (Loss) |
|---|---|---|---|---|---|---|---|---|---|
| NYSE | AOL | AOL Time Warner Inc. | 1,500 | 10.280 | 15,420.00 | 355.86 | 15,064.14 | 17,683.00 | (2,618.86) |
| NYSE | KO | Coca Cola Com | 570 | 39.820 | 22,697.40 | 104.00 | 22,593.40 | 570.01 | 22,023.39 |
| NYSE | KO | Coca Cola Com | 14,032 | 39.820 | 558,754.24 | 2,560.06 | 556,194.18 | 14,032.00 | 542,162.18 |
| NYSE | KO | Coca Cola Com | 4,250 | 39.820 | 169,235.00 | 775.39 | 168,459.61 | 4,250.00 | 164,209.61 |
| NYSE | KO | Coca Cola Com | 1,750 | 39.820 | 69,685.00 | 319.28 | 69,365.72 | 1,750.00 | 67,615.72 |
| NYSE | KO | Coca Cola Com | 5,398 | 39.820 | 214,948.36 | 984.83 | 213,963.53 | 5,398.00 | 208,565.53 |
|   |   |   | 26,000 |   |   |   | 1,030,576.44 |   |   |
| NYSE | KO | Coca Cola Com | 4,280 | 39.850 | 170,558.00 | 779.89 | 169,778.11 | 4,280.00 | 165,498.11 |
| NYSE | DD | Du Pont E I De Nemours | 4,942 | 36.450 | 180,135.90 | 1,367.75 | 178,768.15 |   | 178,768.15 |
| NYSE | DD | Du Pont E I De Nemours | 4,400 | 36.430 | 160,292.00 | 1,212.96 | 159,079.04 |   | 159,079.04 |
| NYSE | XOM | Exxon Mobil Corp Com | 4,156 | 32.750 | 136,109.00 | 714.43 | 135,394.57 | - (2) | 135,394.57 |
| NYSE | XOM | Exxon Mobil Corp Com | 9,000 | 32.750 | 294,750.00 | 1,547.11 | 293,202.89 | - (2) | 293,202.89 |
| NYSE | XOM | Exxon Mobil Corp Com | 14,344 | 32.750 | 469,766.00 | 2,465.73 | 467,300.27 | - (2) | 467,300.27 |
|   |   |   | 27,500 |   |   |   | 895,897.73 |   |   |
| NYSE | JNJ | Johnson and Johnson Com | 3,910 | 49.150 | 192,176.50 | 764.00 | 191,412.50 | 1,955.00 | 189,457.50 |
| NYSE | JNJ | Johnson and Johnson Com | 8,000 | 49.150 | 393,200.00 | 1,563.16 | 391,636.84 | 4,000.00 | 387,636.84 |
| NYSE | JNJ | Johnson and Johnson Com | 6,190 | 49.150 | 304,238.50 | 1,209.49 | 303,029.01 | 3,094.99 | 299,934.02 |
|   |   |   | 18,100 |   |   |   | 886,078.35 |   |   |
| NYSE | JNJ | Johnson and Johnson Com | 9,200 | 49.350 | 454,020.00 | 1,794.97 | 452,225.03 | 4,600.00 | 447,625.03 |
| NYSE | JNJ | Johnson and Johnson Com | 8,700 | 49.200 | 428,040.00 | 1,697.34 | 426,342.66 | 4,350.01 | 421,992.65 |
| NYSE | VOD | Vodafone Grp PLC Spn Adr | 2,500 | 18.580 | 46,450.00 | 663.50 | 45,786.50 | 17,432.00 | 28,354.50 |
| NYSE | WY | Weyerhaeuser Co | 1,100 | 49.550 | 54,505.00 | 340.77 | 54,164.23 | 1,923.68 | 52,240.55 |
| NYSE | WY | Weyerhaeuser Co | 400 | 49.550 | 19,820.00 | 123.92 | 19,696.08 | 699.52 | 18,996.56 |
| NYSE | WY | Weyerhaeuser Co | 7,000 | 49.550 | 346,850.00 | 2,168.45 | 344,681.55 | 12,244.12 | 332,437.43 |
|   |   |   | 8,500 |   |   |   | 418,541.86 |   |   |
| NYSE | WY | Weyerhaeuser Co | 500 | 49.700 | 24,850.00 | 154.54 | 24,695.46 | 874.59 | 23,820.87 |

*R.L. DePanfilis & Company, LLC*

Miller v. MLCC
Analysis of Merrill Lynch Securities transactions

| Exchange | Symbol | Name of Security | Number of Shares | Sales Price Per Share | Gross Sales Proceeds | Commissions & Fees (1) | Net Sales Proceeds | Cost Basis | Gain (Loss) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | 4,726,500.90 | 23,667.43 | 4,702,833.47 | 99,136.92 | 4,603,696.55 |
| | | | | | (1) | | | | (2) |

**(1) Calculation #1**
Total Commissions deducted by ML        $ 23,667.43

**(2) Calculation #2**
Total Capital Gain arising from ML liquidation        $ 4,603,696.55

Federal Tax on Capital Gain        $ 920,739.31    @20%
State of Connecticut Tax on Capital Gain        $ 230,184.83    @5%
**Combined Tax Liability**        **$ 1,150,924.14**

**(3a) Calculation #3a**
Lost time value of money / opportunity cost

Gross Sale Proceeds        $ 4,726,500.90
Amount per annum        X 10%
                        $ 472,650.09

YTD 2003 Cost :
(2/14/03 thru 11/17/03) = 277 days        $ 358,696.10    ($472,650.09 / 365 days X 277 days)

*R. L. DePanfilis & Company, LLC*

Re: Miller v. MLCC
Analysis of Merrill Lynch Securities transactions

| Exchange | Symbol | Name of Security | Number of Shares | 11/17/03 Closing Price Per Share | 11/17/03 Gross Value |
|---|---|---|---|---|---|
| NYSE | AOL | AOL Time Warner Inc. | 1,500 | 15.640 | 23,460.00 |
| NYSE | KO | Coca Cola Com | 570 | 46.680 | 26,607.60 |
| NYSE | KO | Coca Cola Com | 14,032 | 46.680 | 655,013.76 |
| NYSE | KO | Coca Cola Com | 4,250 | 46.680 | 198,390.00 |
| NYSE | KO | Coca Cola Com | 1,750 | 46.680 | 81,690.00 |
| NYSE | KO | Coca Cola Com | 5,398 | 46.680 | 251,978.64 |
|  |  |  | 26,000 |  |  |
| NYSE | KO | Coca Cola.Com | 4,280 | 46.680 | 199,790.40 |
| NYSE | DD | Du Pont E I De Nemours | 4,942 | 39.730 | 196,345.66 |
| NYSE | DD | Du Pont E I De Nemours | 4,400 | 39.730 | 174,812.00 |
| NYSE | XOM | Exxon Mobil Corp Com | 4,156 | 35.600 | 147,953.60 |
| NYSE | XOM | Exxon Mobil Corp Com | 9,000 | 35.600 | 320,400.00 |
| NYSE | XOM | Exxon Mobil Corp Com | 14,344 | 35.600 | 510,646.40 |
|  |  |  | 27,500 |  |  |
| NYSE | JNJ | Johnson and Johnson Com | 3,910 | 51.670 | 202,029.70 |
| NYSE | JNJ | Johnson and Johnson Com | 8,000 | 51.670 | 413,360.00 |
| NYSE | JNJ | Johnson and Johnson Com | 6,190 | 51.670 | 319,837.30 |
|  |  |  | 18,100 |  |  |
| NYSE | JNJ | Johnson and Johnson Com | 9,200 | 51.670 | 475,364.00 |
| NYSE | JNJ | Johnson and Johnson Com | 8,700 | 51.670 | 449,529.00 |
| NYSE | VOD | Vodafone Grp PLC Spn Adr | 2,500 | 21.440 | 53,600.00 |
| NYSE | WY | Weyerhaeuser Co | 1,100 | 56.750 | 62,425.00 |
| NYSE | WY | Weyerhaeuser Co | 400 | 56.750 | 22,700.00 |
| NYSE | WY | Weyerhaeuser Co | 7,000 | 56.750 | 397,250.00 |
|  |  |  | 8,500 |  |  |
| NYSE | WY | Weyerhaeuser Co | 500 | 56.750 | 28,375.00 |

*R. L. DePanfilis & Company, LLC*

Re: Miller v. MLCC
Analysis of Merrill Lynch Securities transactions

| Exchange | Symbol | Name of Security | Number of Shares | 11/17/03 Closing Price Per Share | 11/17/03 Gross Value |
|---|---|---|---|---|---|
| | | | | | 5,211,558.06 (3b) |

**(3b) Calculation #3b**

| | |
|---|---|
| Value on 11/17/03 | 5,211,558.06 |
| Gross Liquidation Value - 2/13/03 | 4,726,500.90 |
| **Gross loss in portfolio value** | **$ (485,057.16)** |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served via Federal Express overnight delivery, on June 24, 2005on:

Douglas C. Conroy, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

Jonathan S. Bowman, Esq.
Cohen & Wolf
1115 Broad Street
Bridgeport, CT 06604

_____
Patrick W. Begos