UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,

        Plaintiff,

    – against –

MERRILL LYNCH CREDIT CORPORATION,

        Defendant.
------------------------------------------------------------x

Case No. 03-CV-1016 (RNC)(DFM)

June 24, 2005

## DECLARATION OF MARC J. SEIFER, Ph.D.

MARC J. SEIFER, Ph.D. declares the following to be true under penalty of perjury:

1. I have been retained by counsel for plaintiff, Julie Miller, to provide a handwriting analysis of a certain power of attorney. True copies of my report, dated November 29, 2003, and my supplemental report, dated January 25, 2005, are annexed hereto as Exhibits A and B, respectively. My background, experience and qualifications are set forth in my *curriculum vitae*, which is annexed to the end of my original report, Exhibit A.

2. Annexed hereto are copies of the following documents that I analyzed in my reports:

Exhibit C: Copy of power of attorney faxed from Jay Falini to Kevin Huben on December 2, 1999 at 11:11, identified as "D-1" in my report.

Exhibit D: Copy of power of attorney faxed from Jay Falini to Kevin Huben on December 2, 1999 at 12:10, identified as "D-2" in my report.

Exhibit E: Copy of "original" power of attorney, as recorded, no. 02515, identified as "D-3" in my report.

3. As more fully explained in my reports, and based on the information and analyses summarized in those reports, I reached the following conclusions, based on a reasonable degree of scientific certainty, regarding these documents:

    A. Exhibits C, D and E are three different renditions of the same document.

B.   Julie Miller did not write the "questioned" writing (more fully identified in my report), on the 12:10 fax (Exhibit D) and the recorded power of attorney (Exhibit E).

C.   After my initial report was completed, Jay Falini admitted, at his deposition, that he is the author of the questioned writing on the 12:10 fax (Exhibit D). Based on that admission, and the additional analysis summarized in my supplemental report, I have concluded that Jay Falini also is the author of the questioned writing on the "original" power of attorney (Exhibit E).

Dated:   Kingston, Rhode Island
June 24, 2005

_____
MARC J. SEIFER

2