UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>　　　　Plaintiff and Counterclaim<br>　　　　Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>　　　　Defendant and Counterclaimant. | NO. 3:03-CV-1016 (RNC)(DFM)<br><br><br><br><br><br>JULY 1, 2005 |

### LOCAL RULE 56(a)2 STATEMENT OF DEFENDANT
### MERRILL LYNCH CREDIT CORPORATION

Pursuant to Local Rule 56(a)2, Defendant and Counterclaimant Merrill Lynch Credit Corporation ("MLCC") submits the following response to the Local Rule 56(a)(1) Statement of Plaintiff and Counterclaim Defendant Julie Dillon Ripley Miller ("Miller" or "Plaintiff") filed in support of Miller's Motion for Summary Judgment, without waiver of its objections to the failure to establish proper evidentiary foundations for that Statement.

### RESPONSES

1.　Admitted that Falini was Miller's stockbroker and was succeeded by other Merrill Lynch Pierce Fenner & Smith stockbrokers.

2.　Denied. (Stewart Aff. at ¶ 13).

3.　Admitted that the loan was to be evidenced by the documents referenced as well as other documents executed by Miller or her attorney-in-fact.

4. Admitted that the pledge was to be effected and governed by the Pledge Agreement, as well as other documents executed by her attorney-in-fact or by Miller, including, but not limited to, a Pledge Collateral Account Control Agreement.

5. Denied. (Stewart Aff. at ¶ 5, Ex. D).

6. Denied. (Stewart Aff. at ¶ 5, Ex. D).

7. Admitted.

8. Admitted.

9. Admitted, except notes that the Pledge Agreement was signed by Miller's attorney-in-fact.

10. Denied. (Conroy Aff., Exs. G, H, and I; Stewart Aff. at ¶¶ 4-5, Ex. D).

11. Admitted.

12. Denied as stated with respect to "originally executed." Admitted that the Power of Attorney was witnessed and acknowledged.

13. Denied based on Miller's judicial admissions and deposition testimony confirming those admissions. (See Conroy Aff., Ex. A at 297, 299-300, Ex. J, Ex. L, and Ex. M; Supp. Conroy Aff, Ex. A at 298).

14. Denied to the extent the statement purports to be limited to boxes A and D based on Miller's judicial admissions and deposition testimony confirming those admissions. (See Conroy Aff., Ex. A at 297, 299-300, Ex. J, Ex. L, and Ex. M; Supp. Conroy Aff, Ex. A at 298).

15. Denied based on Miller's judicial admissions and deposition testimony confirming those admissions. (See Conroy Aff., Ex. A at 297, 299-300, Ex. J, Ex. L, and Ex. M; Supp. Conroy Aff, Ex. A at 298).

16. Admitted he received a copy of the Power of Attorney, otherwise denied, given the use of the phrase "originally executed," based on Miller's judicial admissions and deposition testimony confirming those admissions. (See Conroy Aff., Ex. A at 297, 299-300, Ex. J, Ex. L, and Ex. M; Supp. Conroy Aff, Ex. A at 298).

17. Admitted.

18. Admitted Mr. Rosenblum so testified, but otherwise denied because excerpts do not provide entire context of the testimony. (Supp. Conroy Aff., Ex. B at 15-18).

19. Admitted Mr. Rosenblum so testified, but otherwise denied because excerpts do not provide entire context of the testimony. (Supp. Conroy Aff., Ex. B at 17).

20. Admitted that a copy of the Power of Attorney was sent to Kevin Huben, closing agent for the loan, and otherwise denied. (Conroy Aff., Ex. A at 297-299-300, Ex. J, Ex. L, and Ex. M; Supp. Conroy Aff, Ex. A at 298).

21. Admitted that Mr. Huben testified he was an attorney at his deposition held on November 18, 2004.

22. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied. Plaintiff's use of quotation marks suggests that it is a direct quote by Huben, when in fact the quoted excerpt is merely Falini's own statement at the deposition.

23. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied. Plaintiff's use of quotation marks suggests that it is a direct quote by Huben, when in fact the quoted excerpt is merely Falini's own statement at the deposition.

24. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied.

25. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied.

26. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied.

27. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied. Plaintiff's use of quotation marks suggests that is direct quote by Huben, when in fact the quoted excerpt is merely Falini's own statement at the deposition.

28. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied.

29. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied. Plaintiff's use of quotation marks suggests that Plaintiff identifies a direct quote by Falini, when in fact the quoted excerpt is merely Falini's narrative statement at the deposition.

30. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied.

31. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied.

32. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied. Falini further testified he discussed these changes on a copy of the Power of Attorney with Miller. (Supp. Conroy Aff., Ex. C at 253-256).

33. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied. Falini further testified he discussed these changes on a copy of the Power of Attorney with Miller. (Supp. Conroy Aff., Ex. C at 253-256).

34. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied. Falini further testified he discussed these changes on a copy of the Power of Attorney with Miller. (Supp. Conroy Aff., Ex. C at 253-256).

35. Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied.

36. Denied as stated in that statement suggests that Rosenblum received at least two faxes from Falini when in fact, in the excerpts attached by Plaintiff, Rosenblum testified he could not recall the sender of either facsimile.

37. Admitted that Rosenblum testified at his deposition that the second copy of the power of attorney he received was sufficient for the closing.

38. Admitted that Newman signed the documents in question as well as other documents necessary for the closing, but denies Plaintiff's use of the pejorative term "purportedly."

39. Admitted that Newman so testified at his deposition, but any further implication from that testimony is denied based on Miller's judicial admissions and deposition testimony confirming those admissions regarding Newman's role. (See Conroy Aff., Ex. A at 293; Ex. M at ¶ 6).

40. Admitted that Newman so testified at his deposition, but any further implication from that testimony is denied.

41.     Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied. In fact, as witnessed by Plaintiff's moving papers, Huben testified that the original Power of Attorney was at the closing on December 7, 1999. (See Exhibit F to Plaintiff's 56(a)1 Statement at 33-36).

42.     Admitted that Falini so testified at his deposition, but any further implication from that testimony is denied

43.     Admitted that the Power of Attorney from the closing was filed in the Norwalk Land Records on December 20, 1999.

44.     Admitted that the Power of Attorney from closing bears the notation Recorded As Received.

45.     Denied. (Conroy Aff., Ex. A at 297-299-300, Ex. J, Ex. L, and Ex. M; Supp. Conroy Aff, Ex. A at 298).

46.     Admitted that Plaintiff so testified at her deposition, but any further implication from that testimony is denied.

47.     Denied based on Miller's judicial admissions and deposition testimony confirming those admissions, and further MLCC objects to the fact that the document to which Plaintiff purportedly refers in her affidavit (Ex. N to Pl. 56(a)1 Statement) is not attached. (See Conroy Aff., Ex. A at 297, 299-300, Ex. J, Ex. L, and Ex. M; Supp. Conroy Aff, Ex. A at 298).

**DISPUTED ISSUES OF MATERIAL FACT**

MLCC contends that there are no genuine issues of material fact which need to be tried. As explained more thoroughly in MLCC's Memorandum of Law in Support of Summary Judgment and in MLCC's Memorandum of Law in Opposition to Plaintiff Miller's Motion for Summary Judgment, MLCC submits that it is entitled to judgment as a matter of law.

Dated: July 1, 2005

                                         PAUL, HASTINGS, JANOFSKY & WALKER LLP

                                         By: _____
                                         Douglas C. Conroy (ct 11555)
                                         Matthew R. Paul (ct 21036)
                                         1055 Washington Boulevard
                                         Stamford, CT  06901-2217
                                         Telephone:  (203) 961-7400
                                         Facsimile:  (203) 359-3031
                                         Email:  douglasconroy@paulhastings.com
                                                           matthewpaul@paulhastings.com

                                         COHEN AND WOLF
                                         Jonathan S. Bowman (ct 08526)
                                         Ari Hoffman (ct 22516)
                                         1115 Broad Street
                                         Bridgeport, CT  06604
                                         Tel: 203-368-0211
                                         Fax: 203-576-8504
                                         Email: jbowman@cohenandwolf.com
                                                           ahoffman@cohenandwolf.com

                                         Counsel for Defendant and Counterclaimant
                                         MERRILL LYNCH CREDIT CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that on this July 1, 2005, a copy of the foregoing Defendant's Local Rule 56(a)2 Statement was delivered via first class United States mail to:

>Patrick W. Begos, Esq.
>Christopher Brown, Esq.
>BEGOS & HORGAN, LLP
>327 Riverside Avenue
>Westport, CT 06880
>
>Jonathan S. Bowman, Esq.
>Ari Hoffman, Esq.
>COHEN AND WOLF
>1115 Broad Street
>Bridgeport, CT 06604

_____
Douglas C. Conroy

STM/297216.1