UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>    Defendant and Counterclaimant. | NO. 3:03-CV-1016 (WWE)<br><br><br><br><br>DECEMBER 20, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION BY MERRILL LYNCH CREDIT CORPORATION

Pursuant to Rule 7(c) of the Local Rules of Civil Procedure, Merrill Lynch Credit Corporation ("MLCC") hereby submits this memorandum of law in support of its motion for reconsideration of certain aspects of the Court's "Ruling on Pending Motions" filed December 6, 2005. First, the Court should have found that Plaintiff's conversion claim was time-barred based on Plaintiff's own theory of the case. Second, the Court's ruling should be modified to confirm that summary judgment was granted in favor of MLCC on Plaintiff's claim of respondeat superior.

### I. PLAINTIFF'S CONVERSION CLAIM IS TIME-BARRED GIVEN HER RELIANCE ON THE POWER OF ATTORNEY AS THE SOURCE OF HER CLAIM

On page 15 of the Ruling, the Court found that Plaintiff's conversion claim was not time-barred as "the alleged unauthorized ownership over the securities did not occur until 2003." However, given that Plaintiff's conversion claim arises directly from the allegedly defective Power of Attorney executed in 1999, the conversion claim must be time-barred.

Under Connecticut law, "there are two general classes of conversion: (1) that in which possession of the allegedly converted goods is wrongful from the outset; and (2) that in which the conversion arises subsequent to an initial rightful possession." Maroun v. Tarro, 35 Conn. App. 391, 396, app. denied 231 Conn. 926 (1994) (internal quotations omitted). Here, in order to try to defeat MLCC's statute of limitations argument, Plaintiff has attempted to construe her conversion claim as being in the second category when the record is clear that Plaintiff has alleged the first category.

Throughout her summary judgment briefing, Plaintiff claims that the Power of Attorney was void from its inception and thus MLCC's creation of the pledge account in 1999 was never authorized. (See, e.g., Pl. Brief in Support at 2: "void *ab initio*"). Indeed, Plaintiff's conversion count in her Second Amended Complaint relies exclusively on her allegation that the pledge account was not authorized because the Power of Attorney was defective.[1] In other words, Plaintiff has alleged no claim for conversion separate and apart from the Power of Attorney issue.[2] Accordingly, under Plaintiff's conversion theory, MLCC's possession of the pledge account was wrongful from the outset. Therefore, a "conversion" occurred at that time. Any subsequent acts concerning that account are immaterial and inconsequential for statute of limitations purposes. See Sterniak v. Mullins, 2003 Conn. Super. LEXIS 2812, *4-*5 (Sept. 18, 2003) (granting defendants' motion for summary judgment noting that "where the conduct was allegedly wrong from the first,"

---

[1] Paragraph 17 of Count I states: "Newman was not authorized to enter into the Pledge Agreement for Plaintiff. Therefore, MLCC was not authorized to assume and exercise the right of ownership over the Account to the exclusion of Plaintiff." (See Second Amended Complaint attached as Ex. E to the Sec. Supp. Conroy Aff.).

the statute of limitations on conversion "commences to run at once"). Since the Court has evidently determined that the conversion was of the second type, with the claim running from the time MLCC liquidated the assets in the pledge account, then MLCC's possession must have been lawful at the outset. Therefore, Plaintiff cannot argue that the Power of Attorney was void. Plaintiff cannot have it both ways. Either the Power of Attorney was void and her conversion claim is time-barred, or the Power of Attorney was valid and she has no claim for conversion.

## II. SUMMARY JUDGMENT SHOULD ENTER FOR MLCC ON PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR

As with certain other counts, Plaintiff provided no opposition to MLCC's argument against Plaintiff's respondeat superior count. (See Pl. Brief in Opposition). In addition, Plaintiff's respondeat superior count referred only to counts of the Second Amended Complaint which the Court has dismissed in the Ruling. (See Count IX of the Second Amended Complaint, referring to Counts II et seq.). Accordingly, MLCC should be granted summary judgment in its favor on the respondeat superior count consistent with the Court's decision on pages 14 through 17 of the Ruling concerning Counts II through VIII of Plaintiff's Second Amended Complaint.

---

(...continued)

[2] As the Court noted in its Ruling on page 10, "[s]pecifically, she argues that summary judgment should enter in her favor [on the conversion claim] because the imperfect execution of the power of attorney in favor of Newman renders the 1999 loan agreement a nullity."

PAUL, HASTINGS, JANOFSKY &
WALKER LLP

By: *Douglas C. Conroy* (signature)
Douglas C. Conroy (ct 11555)
Matthew R. Paul (ct 21036)
1055 Washington Boulevard
Stamford, CT 06901-2217
Telephone: (203) 961-7400
Facsimile: (203) 359-3031
Email: douglasconroy@paulhastings.com
       matthewpaul@paulhastings.com

COHEN AND WOLF
Jonathan S. Bowman (ct 08526)
Ari Hoffman (ct 22516)
1115 Broad Street
Bridgeport, CT 06604
Tel: 203-368-0211
Fax: 203-576-8504
Email: jbowman@cohenandwolf.com
       ahoffman@cohenandwolf.com

Counsel for Defendant and Counterclaimant

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of December 2005, a copy of the foregoing was delivered via first class United States mail to:

Patrick W. Begos, Esq.
Christopher Brown, Esq.
BEGOS & HORGAN, LLP
327 Riverside Avenue
Westport, CT 06880

Jonathan S. Bowman, Esq.
Ari Hoffman, Esq.
COHEN AND WOLF
1115 Broad Street
Bridgeport, CT 06604

_____
Douglas C. Conroy

LEGAL_US_E # 70320124.1