UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT

------------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,                :
                                           :  Case No. 3:03CV1016 (WWE)
        Plaintiff,                         :
                                           :
  – against –                              :  January 9, 2006
                                           :
MERRILL LYNCH CREDIT CORPORATION,          :
                                           :
        Defendant.                         :
------------------------------------------------------------------x

### PLAINTIFF'S BRIEF IN OPPOSITION TO
### DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff, Julie Dillon Ripley Miller, by her attorneys, Begos & Horgan, LLP, submits this brief in opposition to defendant's motion for reconsideration of the December 6, 2005 Ruling on Pending Motions (the "Ruling").[1]

### LEGAL STANDARD

Motions for reconsideration "are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A district court abuses "its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2461 (1990); *Nikon, Inc. v. Ikon Corp.*, 987 F.2d 91, 94 (2d Cir. 1993) ("[a]buse of discretion can be found if the district court relied upon a clearly erroneous finding of fact or incorrectly applied the law").

As this Court recently observed:

---

[1] Plaintiff does not dispute that portion of defendant's motion which argues that the Ruling effectively disposed of plaintiff's *respondeat superior* claim. The Third Amended Complaint, recently served and filed at the Court's instruction, does not include the claim.

> The standard for granting a motion for reconsideration is strict. . . . The function of a motion for reconsideration is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence...." . . . Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."

*Fernandez v. Pacquette*, 2005 WL 2738955 (D.Conn. Oct. 24, 2005) (quoting *LoSacco v. City of Middletown*, 822 F.Supp. 870, 876-77 (D.Conn.1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994)); *Schrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## ARGUMENT

### THE COURT PROPERLY CONCLUDED THAT PLAINTIFF'S CONVERSION CLAIM IS TIMELY

In the Ruling, this Court found: (i) a conversion occurs when a nonowner exercises the right of ownership to the exclusion of the owner; (ii) defendant did not exclude plaintiff from her rights to her securities until the 2003 liquidation; and, therefore, (iii) defendant converted plaintiff's securities in 2003. (Ruling at 15). Defendant's motion must fail because defendant does not point to any authority or facts that are inconsistent with these findings. (Def. Br. 1-3).

Regarding finding (i), defendant does not offer any authority contradicting the well-established common law that "[c]onversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, *to the exclusion of the owner's rights.*" *Falker v. Samperi,* 190 Conn. 412, 419, 461 A.2d 681, 685 (1983) (internal quotes omitted); *Macomber v. Travelers Property and Casualty Corp.*, 261 Conn. 620, 649, 804 A.2d 180, 198 (2002) (same); *Aetna Life and Casualty Company v. Union Trust Co.*, 230 Conn. 779, 790, 646 A.2d 799, 804 (1994) (same); *Devitt v. Manulik,* 176 Conn. 657, 660, 410 A.2d 465, 467 (1979) (same).

As for finding (ii), defendant does not identify any "overlooked" facts suggesting that defendant excluded plaintiff from ownership rights prior to the 2003 liquidation. As this Court correctly observed, "[p]rior to that time [the 2003 liquidation], plaintiff asserts that she was permitted to withdraw cash or securities from the account or to buy or sell securities in the account so long as the value of the securities did not fall below a certain level." (Ruling at 15). Defendant did not previously, and does not now, dispute that plaintiff engaged in these acts of ownership until the 2003 liquidation.

Having no contrary authority or facts, defendant attacks the Court's conclusion (finding (iii) above) by recasting the argument of its summary judgment papers that it converted the pledge account in 1999 when it claims to have taken an (invalid) security interest, based on the (invalid) Pledge Agreement, which was executed pursuant to the (invalid) Power of Attorney. (Def. Br. 2-3). To begin with, "[C.G.S. § 52-577] is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." *S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.*, 32 Conn.App. 786, 790, 631 A.2d 340, 343 (1993). "Conversion occurs when one assumes and exercises the right of ownership over property belonging to another, without authorization and to the exclusion of the owner's rights." *Plikus v. Plikus*, 26 Conn.App. 174, 180, 599 A.2d 392, 395 (1991). As noted, no conversion "occurred" on the date defendant took its invalid pledge interest because plaintiff was not excluded from the account at that time.

In this regard, defendant seems to argue that the conversion occurred when it "possessed" the pledge account. (Def. Br. 1-2). Plaintiff does not concede that defendant possessed the account (it was held at MLPFS in plaintiff's name for the benefit of defendant) but, even if it did, mere

3

possession, even if unauthorized, is not conversion. It is patent that a conversion cause of action does not accrue for statue of limitations purposes upon mere possession because mere possession is not "an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights." *Falker*, 190 Conn. at 419. In other words, a conversion cause of action does not accrue upon possession if possession is unaccompanied by an exercise of ownership to the exclusion of the rightful owner. By conceding that plaintiff exercised some ownership rights over the pledge account until the 2003 liquidation, defendant has effectively conceded that it did not exercise ownership of the pledge account to the exclusion of plaintiff until it caused the 2003 liquidation.

Further, the Second Amended Complaint (and recently-filed Third Amended Complaint) flatly rebut defendant's absurd contention that its argument is actually "Plaintiff's own theory of the case." (Def. Br. 1). Indeed, plaintiff has consistently maintained that defendant converted the account in 2003 when it caused the liquidation: "In or about February 2003, pursuant to a right it claimed by virtue of the Pledge Agreement, MLCC had the Account, which at the time had a value of approximately $5,000,000, liquidated and the proceeds frozen *to the exclusion of Plaintiff*." (Second Amended Complaint ¶14; Third Amended Complaint ¶ 14 [emphasis added]). Thus, this Court correctly observed that plaintiff's claim is "that *conversion occurred* upon the 2003 liquidation of the pledge account *when MLCC excluded plaintiff from her right to the securities*." (Ruling at 15 [emphasis added]).

In any event, this Court considered, and rejected, the argument defendant makes on this motion:

4

> Defendant argues that the plaintiff's claim of conversion is time barred by the relevant three-year statute of limitations for intentional torts, Connecticut General Statutes section 52-57, since the basis of the conversion is the execution of the 1999 loan agreement pursuant to the allegedly defective Altered Power of Attorney. Plaintiff counters that conversion occurred upon the 2003 liquidation of the pledge account when MLCC excluded plaintiff from her right to the securities. . . . For purposes of ruling on this motion, *the Court finds that the alleged unauthorized ownership over the securities did not occur until 2003*. Accordingly, the Court finds that the conversion claim is not time-barred.

(Ruling at 15 [emphasis added]).

## CONCLUSION

For the reasons set forth above, MLCC's motion for reconsideration should be denied.

Dated:    Westport, Connecticut
          January 9, 2006

                                                BEGOS & HORGAN, LLP

                                                By: /s/ Christopher G. Brown
                                                Christopher G. Brown (ct18216)
                                                Attorneys for Plaintiff
                                                327 Riverside Avenue
                                                Westport, CT 06880
                                                (203) 226-9990
                                                (203) 222-4833 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on January 9, 2006 to:

Douglas C. Conroy, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

Jonathan S. Bowman, Esq.
Cohen & Wolf
1115 Broad Street
Bridgeport, CT 06604

Christopher G. Brown