UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>Plaintiff and Counterclaim Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>Defendant and Counterclaimant. | NO. 3:03-CV-1016 (WWE)<br><br><br><br><br>JANUARY 24, 2006 |

### REPLY BRIEF OF MERRILL LYNCH CREDIT CORPORATION IN SUPPORT OF MOTION FOR RECONSIDERATION

Merrill Lynch Credit Corporation ("MLCC") respectfully submits this reply brief in further support of its Motion for Reconsideration filed December 20, 2005. In short, Plaintiff's Opposition Brief continues to disregard the fundamental inconsistencies underlying her argument that her conversion claim is timely.

To start, Plaintiff attempts to dodge the fact that Connecticut courts have delineated two types of conversion. See, e.g., Maroun v. Tarro, 35 Conn. App. 391, 396, app. denied 231 Conn. 926 (1994) ("there are two general classes of conversion: (1) that in which possession of the allegedly converted goods is wrongful from the outset; and (2) that in which the conversion arises subsequent to an initial rightful possession"). In her Opposition Brief, Plaintiff argues for a new unrecognized third category of conversion whereby MLCC's possession of the converted property (the Pledge Account) was wrongful from the outset but yet, notwithstanding that fact, the actual

conversion occurred at a subsequent date. (Opp. Br. at 3-4). Plaintiff has provided no support for this assertion.

Plaintiff's statement that "no conversion 'occurred' on the date defendant took its invalid pledge interest because plaintiff was not excluded from the account at that time" (Opp. Br. at 3) reveals that Plaintiff entirely misunderstands the actual nature of the Pledge Agreement. The Pledge Agreement, from its inception, expressly required that the pledge account have an aggregate market value at all times of not less than $5,678,750. See Pledge Agreement at Paragraphs 5 through 7. (A copy of the Pledge Agreement is attached as Exhibit D to the Affidavit of Tara Stewart dated May 19, 2005 (Docket Index # 136)). Indeed, the pledged securities were a significant component of the collateral held by MLCC to secure this sizable $7,500,000 loan. Thus, effective at the time the pledge account was created in 1999, Plaintiff was explicitly excluded from accessing $5,678,750 of her funds, at a minimum. In effect, assets in that amount were frozen and held in MLCC's exclusive possession as soon as they were pledged. Under the terms of the Pledge Agreement, Plaintiff's access was only to excess funds over and above MLCC's security interest, if any. See Pledge Agreement at Paragraph 5. Consequently, Plaintiff's emphasis on cases containing language that conversion involves an exercise of the right of ownership over goods "to the exclusion of the owner's rights" (Opp. Br. at 2-3) is misguided as, in this case, MLCC did possess the pledged securities to the exclusion of Plaintiff's rights.

In light of the immediate adverse financial consequences resulting from the execution of the Pledge Agreement in 1999, Plaintiff's reliance on MLCC's liquidation of the pledge assets in 2003 as the date of conversion is absurd. The Connecticut Supreme Court has stated that "[t]he essence of the wrong is that the property rights of the plaintiff have been dealt with

- 3 -

in a manner adverse to him, inconsistent with his rights of dominion and to his harm." Falker v. Samperi, 190 Conn. 412, 419-420 (1983). As described above, even if Miller had demanded the return of the pledged securities in 1999, she would have been refused as MLCC would have maintained exclusive possession of at least $5,678,750 as collateral for the loan, as provided for in the Pledge Agreement. Accordingly, when the Pledge Agreement was executed in 1999, millions of dollars of Plaintiff's securities were placed in MLCC's exclusive possession pending repayment of the loan. At that time, assuming *arguendo* that MLCC did anything improper, the property rights of Plaintiff were dealt with in a manner adverse to her, inconsistent with her right of dominion, and to her harm.

Therefore, under either recognized theory of conversion, Plaintiff's claim is time-barred under the applicable statute of limitations.

PAUL, HASTINGS, JANOFSKY &
WALKER LLP


By: *Douglas C. Conroy*
Douglas C. Conroy (ct 11555)
Matthew R. Paul (ct 21036)
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone:  (203) 961-7400
Facsimile:  (203) 359-3031
Email:  douglasconroy@paulhastings.com
          matthewpaul@paulhastings.com

COHEN AND WOLF
Jonathan S. Bowman (ct 08526)
Ari Hoffman (ct 22516)
1115 Broad Street
Bridgeport, CT  06604
Tel: 203-368-0211
Fax: 203-576-8504
Email: jbowman@cohenandwolf.com
          ahoffman@cohenandwolf.com

Counsel for Defendant and Counterclaimant
MERRILL LYNCH CREDIT CORPORATION

- 5 -

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of January 2006, a copy of the foregoing was delivered via first class United States mail to:

Patrick W. Begos, Esq.
Christopher Brown, Esq.
BEGOS & HORGAN, LLP
327 Riverside Avenue
Westport, CT 06880

Jonathan S. Bowman, Esq.
Ari Hoffman, Esq.
COHEN AND WOLF
1115 Broad Street
Bridgeport, CT 06604

_____
Douglas C. Conroy

LEGAL_US_E # 70383901.2