UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>- against -<br><br>MERRILL LYNCH CREDIT CORPORATION,<br><br>    Defendant and Counterclaimant. | NO. 3:03-CV-1016 (WWE)<br><br><br><br><br><br>OCTOBER 10, 2006 |

### DEFENDANT'S MOTION TO PERMIT PROPERTY INSPECTION BY EXPERT APPRAISER

Merrill Lynch Credit Corporation ("MLCC") respectfully moves for an order directing Plaintiff to provide Defendant's expert real estate appraiser with access to the interior and exterior of her residence.

In support of this motion, MLCC represents as follows:

1. The trial of this case is scheduled to commence on January 5, 2007.

2. This case involves the circumstances surrounding the acquisition, financing, and construction of Plaintiff's residence at 21 Point Road in Norwalk, Connecticut (the "Property").

3. MLCC has counterclaimed for strict foreclosure of the Property, in addition to other counterclaims. Accordingly, the Court will need to determine the current value of the Property at trial.

4. During the discovery phase of this case, MLCC engaged real estate appraiser Michael B. Gold, MAI. Mr. Gold prepared a complete appraisal report in which he provided an

**ORAL ARGUMENT NOT REQUESTED**

opinion of value for the Property as of October 29, 2003. Counsel for Plaintiff subsequently deposed Mr. Gold in December 2003 and December 2004.

5.  Given the passage of time since this initial report and deposition, combined with the Court's need for a current opinion of value at trial, Mr. Gold will need to update his appraisal to reflect current market conditions. As is customary and standard in professional appraisal practice, Mr. Gold has requested that he be permitted to inspect the exterior and interior of the Property in order to properly render a current opinion of value. The physical inspection is necessary to determine the current condition and usage of the Property, as well as to ascertain what changes have been made to the Property between October 2003 and October 2006 which might affect its market value.

6.  Counsel for MLCC asked counsel for Plaintiff whether Plaintiff would permit Mr. Gold to have access to the Property for purposes of this inspection. Counsel for Plaintiff has responded that Plaintiff will not permit any inspection of her home, also asserting that the discovery cutoff date expired. While this objection might be proper had this case been tried several years ago, it is manifestly improper given the passage of time since MLCC properly provided a then-current appraisal and access to Mr. Gold for his opinion of value as of October 29, 2003. Fluctuations in real estate values and possible changes in market value since that time require that this information be more current.[1] Consequently, MLCC has been forced to bring this issue before the Court. See generally Ocwen Federal Bank, FSB v. Charles, 95 Conn. App. 315 (2006) (valuing property when

---

[1] MLCC has offered to make Mr. Gold available for deposition on his updated appraisal on a timely basis in advance of trial.

rendering judgment of strict foreclosure); Connecticut Superior Court Form JD-CV-77, Foreclosure Worksheet (requiring appraisal report dated within 90 days of the date of judgment).

WHEREFORE, for the foregoing reasons, MLCC moves the Court for an order directing Plaintiff to provide Defendant's expert real estate appraiser with reasonable and timely access to the interior and exterior of her residence, and, if deemed necessary, modifying the discovery cutoff date so as to allow completion of the new appraisal. In the alternative, in the event the requested access for the physical inspection is not granted, MLCC moves for an order (i) barring Plaintiff from asserting that lack of current information on the Property prevents Mr. Gold from testifying as to its current valuation at trial, and (ii) barring Plaintiff from challenging Mr. Gold's current valuation by cross-examining Mr. Gold about the current condition, usage, or configuration of the Property.

PAUL, HASTINGS, JANOFSKY &
WALKER LLP

By: /s/
Douglas C. Conroy (ct 11555)
Matthew R. Paul (ct 21036)
1055 Washington Boulevard
Stamford, CT  06901-2217
Telephone:  (203) 961-7400
Facsimile:  (203) 359-3031
Email:  douglasconroy@paulhastings.com
         matthewpaul@paulhastings.com

COHEN AND WOLF
Jonathan S. Bowman (ct 08526)
Ari Hoffman (ct 22516)
1115 Broad Street
Bridgeport, CT  06604
Tel: 203-368-0211
Fax: 203-576-8504
Email: jbowman@cohenandwolf.com
        ahoffman@cohenandwolf.com

Counsel for Defendant and Counterclaimant
MERRILL LYNCH CREDIT CORPORATION

## **CERTIFICATE OF SERVICE**

This is to certify that on this 10th day of October 2006, a copy of the foregoing was delivered via first class United States mail to:

>Patrick W. Begos, Esq.
>Christopher Brown, Esq.
>BEGOS & HORGAN, LLP
>327 Riverside Avenue
>Westport, CT 06880
>
>Jonathan S. Bowman, Esq.
>Ari Hoffman, Esq.
>COHEN AND WOLF
>1115 Broad Street
>Bridgeport, CT 06604

*/s/ Matthew R. Paul*
Matthew R. Paul

LEGAL_US_E # 72106090.1