UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT

------------------------------------------------------------x
JULIE DILLON RIPLEY MILLER,           :
                                                : Case No. 3:03CV1016 (WWE) (DFM)
           Plaintiff,          :
                                                :
       – against –          : October 31, 2006
                                                :
MERRILL LYNCH CREDIT CORPORATION,     :
           Defendant.          :
------------------------------------------------------------x

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL DATE**

Plaintiff, Julie Dillon Ripley Miller, by her attorneys, Begos & Horgan, LLP, responds as follows to the motion by defendant, Merrill Lynch Credit Corp. ("MLCC") to continue the trial date:

1. Plaintiff joins in MLCC's request to continue the trial date from January 3, 2007 to April 2007, or to such later date as the Court specifies.

2. It is now apparent that the hearings in the NYSE arbitration titled *Miller v. Merrill Lynch Pierce, Fenner & Smith* will not be concluded until December 2006, at the earliest, due to various factors beyond any party's control. Our last hearing date was October 10, 2006. The next hearing dates are scheduled for December 8, 11, 12 and 13. Though the parties and the arbitrators all desire to conclude the hearing before the end of the year, it is possible that it will continue into 2007. Even if all evidence were submitted before the end of the year, the arbitrators have thirty days thereafter to render an award.

3. Plaintiff wishes to avoid the prejudice that might occur if both matters are tried simultaneously. MLCC asserts that plaintiff's recovery in the arbitration could affect her recovery in this action, just as MLPFS has argued in the arbitration that plaintiff's potential recovery in this

action should be taken into account by the arbitrators. It would be unfair and prejudicial to plaintiff for the trials of both actions to go forward, essentially simultaneously, with the defendant in each action contending that the defendant in the other should be held responsible for any loss. Plaintiff respectfully submits that, by allowing the arbitration to conclude before the trial of this action begins, much of that prejudice can be avoided.[1]

4. The existence of two separate actions is solely the result of the way that MLCC's and MLPFS's corporate parent, Merrill Lynch & Co., has chosen to organize its affairs. Thus, for example, Merrill Lynch & Co. chose to operate its lending business through MLCC, even though MLCC lends largely to MLPFS customers. Similarly, MLPFS has insisted that its customers agree to arbitrate all disputes, while MLCC has no such provision.

5. Because plaintiff consents to the relief MLCC seeks on this motion, we will not endeavor to address the statements in MLCC's motion with which she disagrees. However, her silence should not be considered a concession of the accuracy of any statement.

---

[1] The potentially complex question whether, and the extent to which, an award in the arbitration would reduce damages in this action is nearly impossible to address in the abstract. For example, plaintiff claims, *inter alia*, securities fraud and breach of fiduciary duty against MLPFS, but not against MLCC. Depending on the claims on which the arbitrators award damages, and the manner in which they calculate the damage attributable to the particular claim, it is possible that all, some or none of the award in the arbitration might reduce a judgment in this action. Certainly, if the arbitrators awarded plaintiff a sum that fully compensated her for all of the losses caused by MLPFS and MLCC, her claim in this action would become moot upon MLPFS' satisfaction of that award.

2

6.  For the reasons set forth above, plaintiff joins in MLCC's motion to adjourn the trial of this action, and requests that the Court adjourn that trial from January 3, 2007 to April 2007, or such later date as the Court finds convenient.

Dated:  Westport, Connecticut
October 31, 2006

BEGOS & HORGAN, LLP

By: _____
/Patrick W. Begos (ct19090)
Attorneys for Plaintiff
327 Riverside Avenue
Westport, CT 06880
(203) 226-9990
(203) 222-4833 (fax)
pwb@begoshorgan.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on October 31, 2006 to:

Douglas C. Conroy, Esq.
Paul, Hastings, Janofsky & Walker, LLP
1055 Washington Boulevard
Stamford, CT 06901-2217

Jonathan S. Bowman, Esq.
Cohen & Wolf
1115 Broad Street
Bridgeport, CT 06604

_____
Patrick W. Begos

3