FILED

2007 OCT 15 P 3: 48

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE DILLON RIPLEY MILLER, <br><br> Plaintiff, <br><br> - against - <br><br> MERRILL LYNCH CREDIT CORPORATION, <br><br> Defendant. | NO. 3:03-CV-1016 (WWE) <br><br><br><br><br> August 22, 2007 |

## STIPULATION AND ORDER OF DISMISSAL

**WHEREAS**, Plaintiff Julie Dillon Ripley Miller commenced this action against Defendant Merrill Lynch Credit Corporation ("MLCC") on or about April 24, 2003 by filing a summons and complaint in the Superior Court of Connecticut, Judicial District of Stamford (the "Action"); and

**WHEREAS**, MLCC removed the Action to this Court on or about June 6, 2003 by filing a Notice of Removal; and

**WHEREAS**, Plaintiff has asserted certain claims and MLCC has asserted certain counterclaims in the Action in connection with, among other things, (1) a $7.5 million Adjustable Rate Note, dated December 7, 1999 (the "Note"), (2) a Mortgage, dated December 7, 1999 (the "Mortgage"), encumbering certain real property owned by Plaintiff known as and located at 21 Point Road, Norwalk, Connecticut (the "Premises") (which Mortgage is recorded in the Norwalk Land Records in Volume 3836 at page 232), and (3) a brokerage account numbered 5AX-12860 for "MS JULIE D.R. MILLER F/B/O MLCC AND/OR ASSIGNS (the "Pledge Account") maintained by Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("MLPFS"); and

**WHEREAS**, pursuant to a Stipulation and Consent Order to Resolve Plaintiff's Motion for Prejudgment Remedy, so ordered March 24, 2004, (1) the funds in the Pledge Account were to be retained as then invested and could not be withdrawn or transferred pending further order of the Court, a final judgment disposing of the claims in the Action or written agreement of the parties and (2) MLCC posted a surety bond in the amount of $1,600,000 (the "Bond"); and

**WHEREAS**, pursuant to a Stipulation and Order to Resolve Defendant's Motion for Prejudgment Remedy, so ordered on May 21, 2004 (the "May 21, 2004 Stipulation and Order"), Plaintiff granted MLCC (1) a lien on the Premises to the extent of $8,680,233.57 as security for amounts allegedly owed to MLCC under the Note and Mortgage (the "Lien") and (2) a security interest in the funds in the Pledge Account (the "Security Interest"); and

**WHEREAS**, the May 21, 2004 Stipulation and Order was recorded in the Norwalk Land Records (in Volume 5452 at page 1) to evidence and perfect the Lien; and

**WHEREAS**, the parties do not believe a UCC-1 Financing Statement (the "UCC-1 Financing Statement") was ever filed to perfect the Security Interest; and

**WHEREAS**, by Assignment of Mortgage, recorded in the Norwalk Land Records on September 5, 2006 (Volume 6307 at page 175), MLCC assigned to Merrill Lynch Bank USA ("MLBUSA") all of its rights, title and interest in the Mortgage and Note, as modified[1]; and

**WHEREAS**, the parties have entered into a Stipulation of Settlement and Release resolving all disputes between them.

---

[1] MLCC and MLBUSA shall be collectively referred to sometimes hereinafter as the "Merrill Lynch Entities"

NOW, **THEREFORE**, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, attorneys for all parties, as follows:

1. The Action, inclusive of claims asserted by Plaintiff and counterclaims asserted by MLCC, is dismissed with prejudice against all parties without interest, costs and disbursements to any party as against the other, except as may be set forth in the Stipulation of Settlement and Release. Additionally, the Bond, Lien and Security Interest are hereby released, discharged and vacated.

2. Immediately upon entry of this Stipulation and Order of Dismissal, MLBUSA shall own the funds in the Pledge Account and MLPFS shall be free to transfer all of the funds in the Pledge Account as directed by MLBUSA.

3. Immediately upon entry of this Stipulation and Order of Dismissal, the Merrill Lynch Entities shall be free to take all steps necessary to effectuate the release of the Bond.

4. Immediately upon entry of this Stipulation and Order of Dismissal, Plaintiff's attorneys, Begos Horgan & Brown LLP ("BHB"), shall be free to release from escrow (a) the duly signed, witnessed and acknowledged instrument assigning the Note and Mortgage; and (b) the duly signed, witnessed and acknowledged instrument discharging and releasing the Lien, which instruments were delivered to BHB to be held in escrow at the time the Agreement was executed, and, within five business days of any such filing, BHB shall send a stamped copy of such filed instrument to Krebsbach & Snyder, P.C., attorneys for the Merrill Lynch Entities, attn: Barry S. Gold, Esq.

5. The parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary to give

full force to the basic terms and intent of this Stipulation and Order of Dismissal and which are not inconsistent with its terms.

Dated: ~~August~~ __, 2007
       September 17

By: /s/ Patrick W. Begos

BEGOS HORGAN & BROWN LLP
Attorneys for Plaintiff

Patrick W. Begos, Esq. (ct 19090)
Christopher G. Brown, Esq. (ct 18216)
327 Riverside Avenue
Westport, CT 06880
203-226-9990
203-222-4833 (fax)
E-Mail: pwb@begoshorgan.com

KREBSBACH & SNYDER, P.C.
Attorneys for the Merrill Lynch Entities

By: /s/ Barry S. Gold

Theodore A. Krebsbach, Esq. (ct04917)
Barry S. Gold, Esq. (phv01650)
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
212-825-9811
212-825-9828 (fax)
E-Mail: tkrebsbach@krebsbach.com
        bgold@krebsbach.com

COHEN AND WOLF
Attorneys for the Merrill Lynch Entities
Jonathan S. Bowman (ct 08526)
Ari Hoffman (ct 22516)
1115 Broad Street
Bridgeport, CT 06604
203-368-0211
203-576-8504 (fax)
E-Mail: jbowman@cohenandwolf.com
        ahoffman@cohenandwolf.com

SO ORDERED:

_WARREN W. EGINTON_
Senior United States District Judge

October 15, 2007